FILED
IN THE UNITED STATES DISTRICT COURT'S OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2005 AUG 22 P 5: 52

DALE T. VAUGHAN, BARBARA J.
VAUGHAN, and BARBARA J. VAUGHAN
PPA DEREK T. VAUGHAN

    Plaintiffs,

v.                                                                              Case No. 05-30190-KPN

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MINING AND CONSTRUCTION EQUIPMENT,
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE COMPANY, LIEBHERR
CONSTRUCTION EQUIPMENT COMPANY,
LIEBHERR MINING EQUIPMENT COMPANY,
LIEBHERR CRANES, INC., and GARBOSE METAL CO.,

    Defendants.

---

ANSWER AND SPECIAL AND AFFIRMATIVE DEFENSES

WITH CLAIM FOR JURY TRIAL

---

The defendants LIEBHERR-AMERICA, INC., LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, LIEBHERR CRANES, INC., by and through their undersigned attorneys, state the following in answer to plaintiffs' complaint:

ANSWER

1

1. Upon information and belief, these defendants admit the allegations of par. 1 of the complaint.
2. Upon information and belief, these defendants admit the allegations of par. 2 of the complaint.
3. Upon information and belief, these defendants admit the allegations of par. 3 of the complaint.
4. With respect to par. 4 of the complaint, and upon information and belief, these defendants admit the address of the headquarters of LIEBHERR-INTERNATIONAL AG, but deny that LIEBHERR-INTERNATIONAL AG (not appearing here) is a manufacturing company or that it does business in Massachusetts.
5. With respect to par. 5 of the complaint, these defendants admit that LIEBHERR-AMERICA, INC. is incorporated under the laws of Virginia and has its principal place of business in Virginia, and admit that it is remotely affiliated with Liebherr-International AG, but denies the balance of the allegations.
6. With respect to par. 6 of the complaint, these defendants admit that LIEBHERR MINING & CONSTRICTION EQUIPMENT, INC. is incorporated under the laws of Virginia and has its principal place of business in Newport News, Virginia, and further states that it was formed in January 2003, but denies the balance of the allegations.
7. These defendants deny the allegations of par. 7. LIEBHERR CRANE CORPORATION was merged into Liebherr-America, Inc. in approximately 1985.
8. These defendants deny the allegations of par. 8. LIEBHERR CRAWLER CRANE COMPANY is not a corporation or company; it was a trade name used by Liebherr-America, Inc. prior to January 2003, but such use has since been discontinued.

9. These defendants deny the allegations of par. 9. LIEBHERR CONSTRUCTION EQUIPMENT COMPANY is a trade name of an unincorporated division of Liebherr Mining & Construction Equipment, Inc. Prior to January 2003, it was a trade name of an unincorporated division of Liebherr-America, Inc.

10. These defendants deny the allegations of par. 10. LIEBHERR MINING EQUIPMENT COMPANY is a trade name of an unincorporated division of Liebherr Mining & Construction Equipment, Inc. Prior to January 2003, it was a trade name of an unincorporated division of Liebherr-America, Inc.

11. With respect to par. 11 of the complaint, these defendants admit that LIEBHERR CRANES, INC. is incorporated under the laws of Virginia with its principle place of business in Newport News, Virginia, and further states that it was formed in March 2004, but denies the balance of the allegations.

12. With respect to par. 12 of the complaint, the first sentence is too non-specific and confusing to answer intelligently; as such, it is denied generally by these defendants. The second sentence does not state an issue of fact, and so no answer is made thereto.

13. Upon information and belief, these defendants admit the allegations of par. 13.

14. These defendants deny the allegations of par. 14. LIEBHERR-AMERICA, INC., on the other hand, states only that it does not contest the in personam jurisdiction of this Court. Upon information and belief, LIEBHERR-INTERNATIONAL AG (not appearing here) is not subject to this Court's in personam jurisdiction.

15. With respect to the allegations of par. 15 of the complaint, these defendants deny that they manufacture cranes or material handlers. Upon information and belief, LIEBHERR-INTERNATIONAL AG (not

3

appearing here) also does not manufacture cranes or material handlers. These defendants admit that material handlers, such as the subject machine, may be used in handling scrap metal.

16. With respect to the allegations of par. 16, these defendants deny that they designed, manufactured, assembled, marketed, advertised, promoted, drafted product literature, labeled or distributed the material handler that is the subject of this suit; excepting LIEBHERR-AMERICA, INC., who admits only that it distributed the subject material handler, but denies that it designed, manufactured, assembled, marketed, advertised, promoted, drafted product literature, or labeled the same. Upon information and belief, LIEBHERR-INTERNATIONAL AG (not appearing here) also did not design, manufacture, assemble, market, advertise, promote, draft product literature, label or distribute the material handler that is the subject of this suit. Finally, these defendants deny that the subject material handler is defective and thus denies that it caused plaintiffs' injuries and damages.

17. Upon information and belief, these defendants admit the allegations of par. 17, adding only that the "crane" referred to herein is in fact a "material handler."

18. Upon information and belief, these defendants admit the allegations of par. 18 of the complaint.

19. With respect to the allegations of par. 19, these defendants admit that the material handler could be used to handle scrap metal, but they deny that they manufactured the material handler.

20. Upon information and belief, these defendants admit the allegations of par. 20 of the complaint.

21. Upon information and belief, these defendants admit the allegations of par. 21 of the complaint.

22. Upon information and belief, these defendants deny the allegations of par. 22 of the complaint; although Garbose may have been experienced in the operation of the material handler, it had no experience in the design or manufacture of such products.

23. Upon information and belief, these defendants admit the allegations of par. 23 of the complaint.

24. With respect to the allegations of par. 24, these defendants admit only to the following, based on information and belief, and deny every other allegation set forth in the paragraph: At the time of his accident, Dale Vaughan was operating the subject material handler at his place of employment, the metal scrap yard at wTe Recycling, Inc. in Greenfield, Massachusetts. His job at the time involved picking pieces of scrap from a pile of scrap metal using a grapple at the end of the material handler's boom and then loading the pieces into the chute of a metal shredder. During this process, one of the metal pieces from the pile (a part of an old lawn mower) was somehow caused to be propelled towards the material handler's cab and though the cab's open door, whereupon it struck Mr. Vaughan, who was sitting inside. Prior to the accident, the cab door had apparently been temporarily opened.

25. With respect to the allegations of par. 25, these defendants have insufficient information to either admit or deny the same, after having undertaken a reasonable inquiry.

26. These defendants deny the allegations of par. 26.
27. These defendants deny the allegations of par. 27.
28. These defendants deny the allegations of par. 28.
29. These defendants deny the allegations of par. 29.
30. These defendants deny the allegations of par. 30.
31. These defendants deny the allegations of par. 31.
32. These defendants deny the allegations of par. 32.

33. These defendants deny the allegations of par. 33.
34. These defendants deny the allegations of par. 34.
35. These defendants deny the allegations of par. 35.
36. These defendants deny the allegations of par. 36.
37. These defendants deny the allegations of par. 37.
38. These defendants deny the allegations of par. 38.
39. These defendants deny the allegations of par. 39.
40. These defendants deny the allegations of par. 40.
41. These defendants deny the allegations of par. 41.
42. These defendants deny the allegations of par. 42.
43. These defendants deny the allegations of par. 43.

WHEREFORE, these defendants request the court to dismiss plaintiffs' complaint with prejudice, and to assess costs against the plaintiffs, and to grant such other relief as the court deems appropriate.

## JURY TRIAL DEMAND

These defendants demand trial by jury on the plaintiffs' complaint.

## SPECIAL AND AFFIRMATIVE DEFENSES

For their special and affirmative defenses to plaintiffs' complaint, these defendants state as follows:

1. Plaintiffs' complaint fails to state a cause of action against these defendants.

2. Plaintiffs' complaint fails to state a cause of action against Garbose Metal Co.; its joinder is, thus, fraudulent, as having been made for the purpose of frustrating jurisdiction under 28 U.S.C. § 1441 (1).

3. Defendants LIEBHERR MININING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, and LIEBHERR CRANES, INC. are not subject to the in personam jurisdiction of this Court.

4. The negligence of the defendants, if any, was not the proximate cause of the plaintiffs' injuries and damages.

5. The negligence of the plaintiff Dale Vaughan exceeded any negligence attributable to the defendants, and thus plaintiffs are barred from recovery under the doctrine of comparative negligence as set forth in M.G.L. Ch. 231 § 85.

6. The injuries and damages alleged were caused in whole or in part by the negligence of the plaintiff Dale Vaughan, and any recovery awarded to plaintiffs must be reduced in accordance with M.G.L. Ch. 231 § 85.

7. The plaintiffs are barred from recovery in that they have not commenced action upon their claim within the applicable statue of limitations.

8. The plaintiffs breached the duty to preserve evidence for examination and testing by the defendants and the defendants' ability to prosecute or defend has been prejudiced as a result, and therefore evidence of the alleged defect should be excluded or adverse inferences drawn against the plaintiffs or the case should be dismissed.

9. The defendants say that the plaintiffs failed to give timely notice of any breach, which failure has prejudiced the defendants' ability to defend against the allegations, and the plaintiffs are therefore barred from bringing this action.

10. The plaintiffs have failed to join parties that must be joined for just adjudication and in whose absence complete relief among the parties cannot be afforded.

11. The damages or injuries as alleged in the plaintiffs' complaint were not caused by any person or entity over whom these defendants exercised control or for whom the defendants were responsible.

12. The condition described in the plaintiffs' complaint was plain, open and obvious and called for no warning from the defendants.

13. And further answering, the defendants say that they have performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and that therefore the plaintiffs are barred from recovery

14. And further answering, the defendants say that they deny liability for any implied warranty of merchantability, since all goods sold by the defendants were fit for the ordinary purposes for which such goods are used.

15. And further answering, the defendants say that the plaintiffs are barred from any recovery because the plaintiffs' injuries and/or damages were caused by an unforeseeable misuse of the product.

16. And further answering, the defendants say that if the plaintiffs can prove that the product was defective and dangerous as alleged, then plaintiff Dale Vaughan unreasonably proceeded to use a product which he knew to be defective and dangerous, and that conduct was a cause of plaintiffs' injuries and/or damages, and they are therefore barred from recovery.

17. And further answering, the defendants say that all goods sold were such that would pass without objection in the trade under the contract description, and therefore the plaintiffs are barred from recovery

18. And further answering, the defendants say that it has conformed to all promises or affirmations of fact made on the product label, if any, and that therefore the plaintiffs are barred from recovery.

19. And further answering, the defendants say that they provided the plaintiffs with adequate warnings regarding the product and its usage, and that therefore the plaintiffs are barred from recovery

20. And further answering, the defendants state that they had no duty to warn about risks which were not reasonably foreseeable at the time of the sale and which could not have been discovered by way of reasonable testing prior to marketing the product.

21. And further answering, these defendants say that they are not liable based upon an unforeseeable alteration of the product.

22. And further answering, the defendants say that their product conformed to the state-of-the art for design, warning and manufacture of similar products.

23. And further answering, the defendants say that the products, if any, of the defendants were in conformity with the state-of the-art at the relevant times involved.

WHEREFORE, these defendants request the court to dismiss plaintiffs' complaint with prejudice, and to assess costs against the plaintiffs, and to grant such other relief as the court deems appropriate.

By: /s/ John F. Dalsey
John F. Dalsey, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
(413) 736-6971

and

Joseph N. Stella, Esq.
Jeffrey W. Gunn, Esq.
MORRIS & STELLA
200 W. Adams, Suite 1200
Chicago, IL 60606
(312) 782-2345

Attorneys for Defendants,
LIEBHERR-AMERICA, INC.,
LIEBHERR MININING AND
CONSTRUCTION EQUIPMENT, INC.,
LIEBHERR CRANE CORP.,

                                          LIEBHERR CRAWLER CRANE
COMPANY, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, and LIEBHERR CRANES, INC.

DATED: August 22, 2005