Commonwealth of Massachusetts
**FRANKLIN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

*CA 05-30190-VPN* (handwritten)

## FRCV2005-00058
## Vaughan et al v Liebherr-Inertnational AG et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 06/10/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/25/2005 | **Session** | A - Civil A - CtRm 1 | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 09/08/2005 | **Answer** | 11/07/2005 | **Rule12/19/20** | 11/07/2005 |
| **Rule 15** | 11/07/2005 | **Discovery** | 04/06/2006 | **Rule 56** | 05/06/2006 |
| **Final PTC** | 06/05/2006 | **Disposition** | 08/04/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Dale T Vaughan
289 Ashfield Road
Buckland, MA 01338
Active 06/10/2005

**Private Counsel 549222**
John J Stobierski
Stobierski & Stobierski
377 Main Street
Greenfield, MA 01301
Phone: 413-774-2867
Fax: 413-774-6551
Active 06/10/2005 Notify

**Plaintiff**
Barbara J Vaughan
Active 06/10/2005

*** See Attorney Information Above ***

**Plaintiff**
Barbara J Vaughan PPA
289 Ashfield Road
Buckland, MA 01338
Active 06/10/2005

*** See Attorney Information Above ***

**Plaintiff**
Derek T Vaughan (minor)
289 Ashfield Road
Buckland, MA 01338
Active 06/10/2005

*** See Attorney Information Above ***

FRANKLIN SUPERIOR COURT
Case Summary
Civil Docket

## FRCV2005-00058
### Vaughan et al v Liebherr-Inertnational AG et al

| | |
|---|---|
| **Defendant**<br>Liebherr-Inertnational AG<br>Service pending 06/10/2005 | **Private Counsel 542171**<br>John F Dalsey<br>Dalsey Ferrara & Albano<br>73 State Street<br>Suite 101<br>Springfield, MA 01103-2069<br>Phone: 413-736-6971<br>Fax: 413-746-9224<br>Active 08/25/2005 Notify |
| **Defendant**<br>Liebherr-American Inc<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Liebherr Mining and Construction Equipment Inc<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Liebherr Crane Corp<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Liebherr Crawler Crane Company<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Liebherr Construction Equipment Company<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |

MAS-20041213

scottshi

Case 3:05-cv-30190-MAP Commonwealth of Massachusetts 06/26/2005 Page 3 of 20

08/25/2005

(2:'8 PM

FRANKLIN SUPERIOR COURT
Case Summary
Civil Docket

## FRCV2005-00058
## Vaughan et al v Liebherr-Inertnational AG et al

| | |
|---|---|
| **Defendant**<br>Liebherr Mining Equipment Company<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Liebherr Cranes Inc<br>Served: 08/16/2005<br>Served (answr pending) 08/16/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Garbose Metal Co<br>Served: 08/03/2005<br>Served (answr pending) 08/03/2005 | |

ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/10/2005 | 1.0 | COMPLAINT WITH DEMAND FOR JURY TRIAL & civil action cover sheet filed |
| 06/10/2005 | | Origin 1, Type B04, Track F. |
| 08/09/2005 | 2.0 | SERVICE RETURNED (summons): service made on S. Bernard Garbose as agent for defendant Garbose Metal Co. on 8/3/2005 in hand. |
| 08/09/2005 | 3.0 | SERVICE RETURNED: Garbose Metal Co (Defendant) by delivering in hand to S. Bernard Garbose, Agent for Garbose Metal Co. at 204 Main Street, Worcester, MA (8/03/05) |
| 08/16/2005 | 4.0 | SERVICE RETURNED: Liebherr-American Inc (Defendant) by serving in hand to Sandy Burns, Human Resource Manager at Liebherr-America,m Inc. 4100 Chestnut Avenue NN, VA (8/05/05) |
| 08/16/2005 | 5.0 | SERVICE RETURNED: Liebherr Mining and Construction Equipment Inc (Defendant) by serving in hand to Sandy Burns at Liebherr Mining & Construction Equipment, 4100 Chestnut Avenue NN, VA (8/05/05) |
| 08/16/2005 | 6.0 | SERVICE RETURNED: Liebherr Crane Corp (Defendant) by serving in hand to Sandy Burns, Human Resources Manager at Liebherr Crane Corp, 4100 Chestnut Avenue NN, VA (8/5/05) |
| 08/16/2005 | 7.0 | SERVICE RETURNED: Liebherr Crawler Crane Company (Defendant) by delivering to its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas by delivering in hand to Margaret Leak, designated agent. |
| 08/16/2005 | 8.0 | SERVICE RETURNED: Liebherr Construction Equipment Company |

Commonwealth of Massachusetts
FRANKLIN SUPERIOR COURT
Case Summary
Civil Docket

## FRCV2005-00058
## Vaughan et al v Liebherr-Inertnational AG et al

| Date | Paper | Text |
|------|-------|------|
| | 8.0 | (Defendant) by delivering in hand To Sandy Burns (Liebherr Construction Equipment Co.) at 4100 Chestnut Avenue NN, VA (8/05/05) |
| 08/16/2005 | 9.0 | SERVICE RETURNED:  Liebherr Mining Equipment Company (Defendant) by serving in hand to Sandy Burns (Liebherr Mining Equipment Co.) at 4100 Chestnut Avenue NN, VA (8/05/05) |
| 08/16/2005 | 10.0 | SERVICE RETURNED:  Liebherr Cranes Inc (Defendant) by serving in hand to Sandy Burns (Liebherr Cranes) at 4100 Chestnut Avenue NN, VA (8/05/05) |
| 08/25/2005 | 11.0 | Defendants' filing of certified copy from U.S. District Court for the District of Massachusetts re: NOTICE OF REMOVAL |
| 08/25/2005 | | Case REMOVED this date to US District Court of Massachusetts. Certified copies sent to U.S. District Court for the District of Mass. |

EVENTS

A TRUE COPY ATTEST

*Doris G. Doyle*

CLERK

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Franklin | Docket Number: 05-058 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan ppa Derek T. Vaughan | Liebherr International, et al |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| John J. Stobierski, Stobierski & Stobierski   (413) 774-2867<br>377 Main Street, Greenfield, MA  01301<br><br>Board of Bar Overseers Number    549222 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

*(handwritten stamp: FRANKLIN SUPERIOR COURT 2005 JUN 10 PM 12:37)*

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Tort-Other Negligence Personal Injury | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:  Estimated per Industrial Accident Board Rates
1. Total hospital expenses..................................................................................$ 76,888.74
2. Total Doctor expenses...................................................................................$ 33,897.37
3. Total chiropractic expenses...........................................................................$ 0.00
4. Total physical therapy expenses.....................................................................$ 1,460.77
5. Total other expenses......radiology, ambulance, Home Care...............................$ 48,201.06
      **Subtotal** $ **160,447.94**

B.    Documented lost wages and compensation to date.........estimated.............................$ 158,042.24
C.    Documented property damages to date.....................................................................$ 0.00
D.    Reasonable anticipated future medical and hospital expenses.....................................$ unknown
E.    Reasonable anticipated lost wages....................estimated.........................................$ 1,124,822.40
F.    Other documented items of damages (describe):
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe):    $ 0.00
      While operating a crane at place of employment, a metal wheel struck through employee's safety helmet into his skull and brain, causing frontal lobe brain contusions,  subdural hematoma and permanent brain damage.

      **TOTAL**    **$1,443,012.58**

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST

**TOTAL** $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:
None

CLERK

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

| Signature of Attorney of Record | DATE:    June 10, 2005 |
|---|---|

A.O.S.C. 2003

PSC (800) 518-8726 – c.g.f.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

FRANKLIN, SS

CIVIL ACTION NO. 05-058

DALE T. VAUGHAN,  )
BARBARA J. VAUGHAN,  )
and BARBARA J. VAUGHAN PPA  )
DEREK T. VAUGHAN  )
     Plaintiffs  )
       )
v.  )
       )
LIEBHERR-INTERNATIONAL AG,  )
LIEBHERR-AMERICA, INC., LIEBHERR  )
MINING AND CONSTRUCTION EQUIPMENT, INC.,  )
LIEBHERR CRANE CORP., LIEBHERRR CRAWLER  )
CRANE COMPANY, LIEBHERR CONSTRUCTION  )
EQUIPMENT COMPANY, LIEBHERR MINING  )
EQUIPMENT COMPANY, LIEBHERR CRANES, INC.  )
AND GARBOSE METAL CO.  )
     Defendants  )

2005 JUN 10  PM 12: 37
FRANKLIN SUPERIOR COURT FILED

## COMPLAINT - JURY TRIAL DEMANDED

### PARTIES:

1.    The Plaintiff, Dale T. Vaughan, is a resident and citizen of the Commonwealth of Massachusetts, residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

2.    The Plaintiff, Barbara J. Vaughan, is the wife of Plaintiff Dale T. Vaughan, and resides at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

3.    The Plaintiff, Derek T. Vaughan is the minor son of the plaintiffs Dale T. Vaughan and Barbara J. Vaughan and is a real person residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts and will be represented in this action by his mother Barbara J. Vaughan.

4.    The Defendant, Liebherr-International AG, at all material times was a manufacturing company with a headquarters at 19 Rue de I'Industrie Postfach 272 CH-1630,

Bulle/FR, Switzerland and offices worldwide. Defendant Leibherr-International AG has at all material times done business in Massachusetts.

5.    Defendant, Liebherr-America. Inc. is the American corporation affiliated with Leibherr-International AG. Liebherr-America is incorporated in the Commonwealth of Virginia, and has offices at 4100 Chestnut Ave., P.O. Box Drawer O., Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

6.    Defendant, Liebherr Mining & Construction Equipment, Inc., is an American corporation affiliated with Leibherr-International AG.  Liebherr Mining & Construction Equipment, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

7.    Defendant, Liebherr Crane Corporation., is an American corporation affiliated with Leibherr-International AG.  Liebherr Crane Corporation is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News Virgina, and has, at all times relevant hereto, done business in Massachusetts.

8.    Defendant, Liebherr Crawler Crane Company is an American company affiliated with Leibherr-International AG.  Liebherr Crawler Crane Company is situated in the State of Texas and has offices at 8515 Market Street, P.O. Box 15355, Houston, Texas, and has, at all times relevant hereto, done business in Massachusetts.

9.    Defendant, Liebherr Construction Equipment Company, is an American company affiliated with Leibherr-International AG.  Liebherr Construction Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

10.    Defendant, Liebherr Mining Equipment Company is an American company

affiliated with Leibherr-International AG. Liebherr Mining Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

11.    Defendant, Liebherr Cranes, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Cranes, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

12.    Leibherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherrr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, Liebherr Cranes, Inc. are all Corporations which are either holding companies, corporate subsidiaries or affiliates of a multinational conglomerate corporation that designs, manufactures, sells, advertises, inspects and/or services Liebherr cranes. All corporate entities identified in paragraphs four through six shall be collectively and individually hereinafter referred to and identified as defendant "Liebherr."

13.    The Defendant Garbose Metal Company is or was a Massachusetts Domestic Profit Corporation with a principal office at 155 Mill Street, Gardner, Massachusetts.

## PERSONAL JURISDICTION

14.    This Court has personal jurisdiction over the Defendant, Liebherr, pursuant to the Massachusetts Long Arm Statute, M.G.L. ch. 223A, §3(a), (b), (c), and (d), as the Defendant has:

a)    Transacted business in the Commonwealth of Massachusetts;
b)    Contracted to supply services or things in the Commonwealth of Massachusetts;
c)    Caused tortious injury by an act or omission in the Commonwealth; and
d)    Caused tortious injury in the Commonwealth by an act or omission outside the Commonwealth at a time when it derived substantial revenue from goods used in the Commonwealth.

## FACTUAL ALLEGATIONS:

15.    Liebherr is a manufacturer of cranes which it sells throughout the world. These cranes are intended for use by waste recycling industries such as WTE, the plaintiff's employer.

16.    At all times mentioned herein, the Defendant, Liebherr, was engaged in the design, manufacture, assembly, marketing, advertising, sale, promotion, drafting of product literature and labeling, and distribution of the Liebherr crane whose defect resulted in the injury to the Plaintiff Dale T. Vaughan.

17.    On June 13, 2002, the Plaintiff, Dale T. Vaughan, was operating a Liebherr crane, 1989 Model R932EW, at WTE Recycling, his place of employment.

18.    The crane was equipped with a Liebherr hydraulic grapple.

19.    The crane was manufactured by the Defendant Liebherr, and was specifically intended by the defendant for the purpose for which it was being used.

20.    The Liebherr crane had been purchased used in April of 1998 by plaintiff's employer, WTE, from defendant Garbose, for a price of $60,000.00.

21.    Garbose operated a waste handling facility and had used the Liebherr crane in the conduct of its business. Garbose knew or had reason to know that the crane that it was selling to WTE was to be used in a scrap handling facility.

22.    Garbose was experienced and knowledgeable with respect to the Liebherr crane, and WTE relied upon Garbose's experience and skill with the crane.

23.    The Liebherr crane equipped with a grappler was used at WTE Recycling to pick up scrap metals.

24.    While the Plaintiff, Dale T. Vaughan was operating the crane in the manner intended by the manufacturer, Defendant Liebherr, he was severely injured when a wheel was propelled through the open door of the cab of the crane, penetrating through his hard hat into his skull.

25.    The plaintiff suffered severe and traumatic brain injury as a result of the incident.

26.    The crane that the Plaintiff was using was in a defective and dangerous condition and was unreasonably dangerous and defective in design.   Said defective and dangerous condition proximately caused Plaintiff's injuries while the Liebherr crane was used for its ordinary, intended, and foreseeable purpose and in an ordinary, intended, and foreseeable manner. The injuries suffered by Plaintiff were the direct and proximate result of the defective and unreasonably dangerous product, and also of the defendant Liebherr's acts and omissions.

27.    As a result of the above, the Plaintiff, Dale T. Vaughan, was caused to sustain serious personal injuries which are permanent in nature.

28.    As a further result of the above, the Plaintiff has suffered a great loss and depreciation in his earnings and earning capacity, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29.    As further result of the above, the Plaintiff suffered substantial bills for surgeries, hospitalizations, and medical attention as a result of the injuries he suffered, and he will incur substantial additional expenses for an indefinite time in the future, all to his great detriment and loss.

30.    As a further result of said actions of the Defendant, the Plaintiff has suffered great physical pain and mental anguish and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNTS

Each count set forth below specifically incorporates by reference herein Paragraphs 1 through 30 above, previously set forth against the Defendants.

### COUNT I
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.    This is an action for breach of the implied warranty of merchantability against the

Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to its crane, that it was merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

**COUNT II**
**DALE T. VAUGHAN V. LIEBHERR**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

32.     This is an action for breach of implied warranty of fitness for a particular purpose against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted, with respect to the crane, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant breached this implied warranty of fitness for a particular purpose because the crane was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said implied warranties imposed by law.

**COUNT III**
**DALE T. VAUGHAN V. LIEBHERR**
**BREACH OF EXPRESS WARRANTY**

33.     This is an action for breach of express warranty of fitness for a particular purpose, resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale Vaughan. Defendant expressly warranted to the plaintiff and to the general public that its product was safe, merchantable and fit for its intended purposes and uses.

34.     Defendant breached its warranties because said product was unsafe, not of

merchantable quality and unfit for its intended uses and purposes.

35.     Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said express warranties.

## COUNT IV
## DALE T. VAUGHAN V. LIEBHERR
## NEGLIGENCE

36.     This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The injuries sustained by the Plaintiff were the direct and proximate cause of the carelessness and negligence of the Defendant, including but not limited to the following;

a.     Defendant was negligent with respect to its research and development, design, testing, manufacture, assembly, inspection, drafting and communication of product literature (including labeling, warnings, and instructions for use), marketing, promotion, advertising, sale, and/or distribution of said crane.

b.     Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through labeling, product literature, and other communications which reasonable care required under the circumstances.

c.     Defendant negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade when in the exercise of reasonable care it ought to have foreseen said product would come into contact with persons such as the plaintiff who were ignorant of its dangerous and defective nature and condition, and negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## DALE T. VAUGHAN V. GARBOSE

37.     This is an action for breach of the implied warranty of merchantability against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was

merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS
## DALE T. VAUGHAN V. GARBOSE

38.    This is an action for breach of the implied warranty of fitness against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VII
## NEGLIGENCE
## DALE T. VAUGHAN V. GARBOSE

39.    This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Garbose, by the Plaintiff, Dale Vaughan. The injuries sustained by the Plaintiff were the direct and proximate cause of the carelessness and negligence of the Defendant, including but not limited to the following;

a.    Defendant was negligent with respect to its sale of said crane;

b.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through provision of the appropriate documents including the safety and use manual and printed warnings that accompanied the crane upon its sale to Grabhose by the manufacturer.

## COUNT VIII
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. LIEBHERR

40.    As a direct and proximate result of the Defendant, Liebherr's negligence and

breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and

society, aid and assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate her,

plus interest and costs of this suit.

## COUNT IX
## LOSS OF CONSORTIUM
## DEREK T. VAUGHAN V. LIEBHERR

41.    Due to the negligence and breaches of warranties of the Defendant, Liebherr,

Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father,

Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend,

Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant,

Liebherr, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

## COUNT X
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. GARBOSE

42.    As a direct and proximate result of the Defendant, Garbose's negligence and

breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and

society, aid and assistance of her husband, Plaintiff, Dale T. Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, Garbose, in an amount fair and reasonable to compensate her,

plus interest and costs of this suit.

## COUNT XI
## LOSS OF CONSORTIUM
## DEREK T. VAUGHAN V. GARBOSE

43.     Due to the negligence and breaches of warranties of the Defendant, Garbose,

Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father,

Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his parent and next friend,

Barbara J. Vaughan , demands judgment for the loss of consortium against the Defendant,

Garbose, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

WHEREFORE, the Plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J.

Vaughan,  ppa Derek T. Vaughan, request that this Court award judgment against the defendants,

Liebherr and Garbose; that damages be established and plaintiff be awarded same, along with

costs  and interest as well as such other relief as the Court deems proper and just.


### JURY DEMAND

Plaintiffs hereby demand a trial by Jury.


Respectfully Submitted,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys,


John J. Stobierski, Esq.
BBO#549227
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA  01301
(413)774-2867
Dated:  June 10, 2005

A TRUE COPY ATTEST

Doris M. Doyle
CLERK

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No.  05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan,
Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler
Defendant(s)
Crane Company, Liebherr Construction Equipment Company,
Liebherr Mining Equipment Company, Liebherr Cranes, Inc.
and Garbose Metal Co.

### SUMMONS

Tort - Motor Vehicle Tort - Contract - Equitable Relief - Other

To the above-named Defendant:    Garbose Metal Co.

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and also* fil. he original in the Clerk's Office.

You are hereby summoned and required to serve upon  John J. Stobierski,
plaintiff's attorney, whose address is   377 Main St., Greenfield, MA 01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                          day
of                          , in the year of our Lord

*Doris G. Doyle*          Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST

*Doris G. Doyle*

CLERK

(3.

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. , Plaintiff(s)
vs.                    Vaughan

Liebherr-International AG, Liebherr-America, Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler , Defendant(s)
Liebherr Construction Equipment Company, Liebherr Mining
Equipment Company, Liebherr Cranes, Inc., and Garbose Metal
Co.

### SUMMONS

Tort - ~~Motor Vehicle Tort~~ ~~Contract~~ ~~Equitable Relief~~ ~~Other~~

To the above-named Defendant:     Liebherr-America, Inc.

You are hereby summoned and required to serve upon John J. Stobierski
plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                    day
of                    , in the year of our Lord

*Doris D. Doyle*                    Clerk

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

FRANKLIN SUPERIOR COURT

(4)




# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE

Dale Vaughan, Et Als _____ , Plaintiff

Liebherr And Grabose _____ , Defendant

| PERSONAL SERVICE |
|---|

I certify that I received the foregoing Summons, Complaint, Jury Demand and Tracking Order on the 29th day of July, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr America) _____

| Location of Service: | Date: | Time: |
|---|---|---|
| 4100 Chestnut Avenue NN,VA 23607 | 8/5/2005 | |

By: *Willam R Murln*
   Deputy W. MacBrohn
   City of Newport News, Va.

| NOT FOUND SERVICE |
|---|

Received this summons this _____ day of _____, 2005, I certify that the following person within names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
   Deputy
   City of Newport News, Va.

| NOTARY SERVICE |
|---|

Sworn before me this 10th day of August, 2005.

My Commission Expires: *August 31, 2007*

*Sindy S. Barnette*
Notary Public

A TRUE COPY ATTEST

*Doris V. Doyle*
CLERK

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No.   05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan, Plaintiff(s)

Liebherr-International AG, Liebherr-America, Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler Crane Company,
Liebherr Construction Equipment Company, Liebherr Mining Defendant(s)
Equipment Company, Liebherr Cranes, Inc., and Garbose Metal Co.

### SUMMONS
Tort - Motor Vehicle Tort x Contract x Equitable Relief x Other x

To the above-named Defendant:    Liebherr Mining and Construction Equipment, Inc.

You are hereby summoned and required to serve upon  John J. Stobierski
plaintiff's attorney, whose address is  377 Main Street, Greenfield, MA 01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                       day
of                          , in the year of our Lord

Doris B. Doyle                    Clerk

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a
   separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the
complaint, but if you claim to have a defense, either you or your attorney must serve a
copy of your written answer within 20 days as specified herein *and* also file the original
in the Clerk's Office.

(5)




# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE

Dale Vaughan, Et Als _____, Plaintiff

Liebherr And Grabose _____, Defendant

| PERSONAL SERVICE |
|---|

I certify that I received the foregoing Summons, Complaint, Jury Demand and Tracking Order on the 29th day of July, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr Mining & Construction Equipment)

| Location of Service: | Date: | Time: |
|---|---|---|
| 4100 Chestnut Avenue NN,VA 23607 | 8/5/2005 | |

By: *Willin R Menh*
Deputy W. MacBrohn
City of Newport News, Va.

| NOT FOUND SERVICE |
|---|

Received this summons this _____ day of _____, 2005, I certify that the following person with no names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
Deputy
City of Newport News, Va.

| NOTARY SERVICE |
|---|

Sworn before me this 10th day of August, 2005.

My Commission Expires: August 31, 2007

*Cindy S. Bussette*
Notary Public

Embossed Hereon is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires August 31, 2007

A TRUE COPY ATTEST
*Doris M. Doyle*
CLERK

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America , Inc.,
Liebherr Mining and Construction Equipment, Inc., Liebherr
Crane Corp., Liebherr Crawler Crane Company Defendant(s)
Liebherr Construction Equipment Company, Liebherr Mining
Equipment Company, Libherr Cranes Inc., and Garbose Metal Co.

### SUMMONS
Tort - Motor Vehicle Tort x Contract x Equitable Relief x Other x

To the above-named Defendant:    Liebherr Crane Corp.

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

You are hereby summoned and required to serve upon John J. Stobierski plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301 an answer to the complaint which is herewith serve upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                day
of                    , in the year of our Lord                    .

*Doris B. Doyle*                    Clerk

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(6)



# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE



Dale Vaughan, Et Als _____ , Plaintiff

Liebherr And Grabose _____ , Defendant

| PERSONAL SERVICE |
|---|

I certify that I received the foregoing <u>Summons, Complaint, Jury Demand and Tracking Order</u> on the <u>29th</u> day of <u>July</u>, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr Crane Corp)

| Location of Service: | Date: | Time: |
|---|---|---|
| 4100 Chestnut Avenue NN,VA 23607 | 8/5/2005 | |

By: *Willw R Murhl*
 Deputy W. MacBrohn
 City of Newport News, Va.

| NOT FOUND SERVICE |
|---|

Received this summons this _____ day of _____, 2005, I certify that the following person within names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
 Deputy
 City of Newport News, Va.

| NOTARY SERVICE |
|---|

Sworn before me this <u>10th</u> day of <u>August</u>, 2005.

My Commission Expires: *August 31, 2007*

*Kindy S. Burnette*
Notary Public

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires August 31, 2007
KINDY S. BURNETTE

A TRUE COPY ATTEST
*Doris J. Doyle*
CLERK

*(1)*

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No.   FRCV2005-00058

Dale T. Vaughan, Barbara J. Vaughan and Barbara
J. Vaughan ppa Derek T. Vaughan ............, Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc., Liebherr
Mining and Construction Equipment, Inc., Liebherr Crane Corp.,
Liebherr Crawler Crane Company, Liebherr ..........., Defendant(s)
Construction Equipment Company, Liebherr Mining Equipment Company,
Liebherr Cranes, Inc. and Garbose Metal Co.

### SUMMONS

Tort - Motor Vehicle Tort x Contract x Equitable Relief x Other x x

To the above-named Defendant:   Liebherr Crawler Crane Company

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

You are hereby summoned and required to serve upon   John J. Stobierski     ,
plaintiff's attorney, whose address is   377 Main Street, Greenfield, MA  01301 ,
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness,  Barbara  J.  Rouse,   Esquire at Greenfield, the                     day
of                      , in the year of our Lord

*Doris D. Doyle*    Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a
separate summons is used for each defendant, each should be addressed to the particular defendant.

Pd 60.00

*(1)*

Cause No.: FRCV20050005          {}          COMMONMEALTH OF MA
                                 {}          SUPERIOR COURT
Plaintiff:                       {}          FRANKLIN,MA
DALE T. VAUGHAN,                 {}
ETAL

Defendant:
LIEBHERR-INTERNATIONAL AG,
ETAL

### Officer's Return

Came to hand August 05, 2005 at 2:12 P.M. and executed in Travis County, Texas, on August 09, 2005 at 1:15 P.M. by delivering to LIEBHERR CRAWLER CRANE COMPANY by delivering to its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701, by delivering to MARGARET LEAK, designated agent for service, a true copy of the SUMMONS together with an accompanying copy of the Plaintiff's petition.

FEE: $ 60 Paid

                                        Bruce Elfant,
                                   Travis County Constable
                                    Travis County, Texas

                           by: _____
                                 Glenn Copeland, Deputy

A TRUE COPY ATTEST

*Doris N. Doyle*

CLERK

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek
T. Vaughan, Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc., Liebherr
Mining and Construction Equipment, Inc., Liebherr Crane Corp.,
Liebherr Crawler Crane Company, Liebherr Construction Defendant(s)
Equipment Company, Liebherr Mining Equipment Company, Liebherr
Cranes, Inc. and Garbose Metal Co.

## SUMMONS

Tort - Motor Vehicle Tort - Contract - Equitable Relief - Other

To the above-named Defendant:   Liebherr Construction Equipment Company

You are hereby summoned and required to serve upon   John J. Stobierski
plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA  01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                         day
of                         , in the year of our Lord

Doris G. Doyle                         Clerk

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.




# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE

Dale Vaughan, Et Als _____, Plaintiff

Liebherr And Grabose _____, Defendant

| PERSONAL SERVICE |
|---|

I certify that I received the foregoing Summons, Complaint, Jury Demand and Tracking Order on the 29th day of July, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr Construction Equipment Co)
Location of Service:      Date:      Time:
4100 Chestnut Avenue NN,VA 23607      8/5/2005      _____

By: _Willan R Mnll_
    Deputy W. MacBrohn
    City of Newport News, Va.

| NOT FOUND SERVICE |
|---|

Received this summons this _____ day of _____, 2005, I certify that the following person within names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
    Deputy
    City of Newport News, Va.

| NOTARY SERVICE |
|---|

Sworn before me this 10th day of August, 2005.

My Commission Expires: _August 31, 2007_

_Lindy S. Barrette_
Notary Public

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires August 31, 2007
LINDY S. BARRETTE

A TRUE COPY ATTEST
_Doris G. Doyle_
CLERK

ARISO    FORM    147

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan          , Plaintiff(s)
vs.
Liebherr-International AG, Liebherr-America Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler Crane          , Defendant(s)
Company, Liebherr Construction Equipment Company, Liebherr
Mining Equipment Company, Liebherr Cranes, Inc. and Garbose Metal Co.

### SUMMONS
Tort - ~~Motor Vehicle Tort~~ ~~Contract~~ ~~Equitable Relief~~ ~~Other~~

To the above-named Defendant:       Liebherr Mining Equipment Company

You are hereby summoned and required to serve upon  John J. Stobierski
plaintiff's attorney, whose address is  377 Main Street, Greenfield, MA 01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                     day
of                            , in the year of our Lord

Doris B. Doyle          Clerk

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(9)




# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE

Dale Vaughan, Et Als _____, Plaintiff

Liebherr And Grabose _____, Defendant

| PERSONAL SERVICE |
|---|

I certify that I received the foregoing <u>Summons, Complaint, Jury Demand and Tracking Order</u> on the <u>29th</u> day of <u>July</u>, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr Mining Equipment Co)

Location of Service:          Date:          Time:
4100 Chestnut Avenue NN,VA 23607    8/5/2005

By: _William R Marshal_
Deputy W. MacBrohn
City of Newport News, Va.

| NOT FOUND SERVICE |
|---|

Received this summons this _____ day of _____, 2005, I certify that the following person within names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
Deputy
City of Newport News, Va.

| NOTARY SERVICE |
|---|

Sworn before me this <u>10th</u> day of <u>August</u>, 2005.

Embossed Hereon is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires August 31,2007
LINDY S. PIGGETT

My Commission Expires: _August 31, 2007_

_Lindy S. Burnette_
Notary Public

COPY ATTEST
_Doyle_
CLERK

ARISO    FORM    147

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan

Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc., Liebherr
Mining and Construction Equipment, Inc., Liebherr Crane Corp.,
Liebherr Crawler Crane Company, Liebherr
Construction Equipment Company, Liebherr Mining Equipment
Company, Liebherr Cranes, Inc. and Garbose Metal Co.

Defendant(s)

## SUMMONS

Tort - Motor Vehicle Tort - Contract - Equitable Relief - Other

To the above-named Defendant:    Liebherr Cranes, Inc.

You are hereby summoned and required to serve upon  John J. Stobierski
plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                        day
of                         , in the year of our Lord

*Doris G. Doyle*                    Clerk

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a
   separate summons is used for each defendant, each should be addressed to the particular defendant.

(10)




# CITY OF NEWPORT NEWS
## *Office of the Sheriff*
### AFFIDAVIT OF SERVICE

Dale Vaughan, Et Als _____, Plaintiff

Liebherr And Grabose _____, Defendant

---

### PERSONAL SERVICE

I certify that I received the foregoing Summons, Complaint, Jury Demand and Tracking Order on the 29th day of July, 2005, and that I delivered a copy of the above papers to the following named defendant personally in the City of Newport News, Virginia at the address, time and date set forth opposite Defendant's name to wit:

Defendant:
Sandy Burns (Liebherr Cranes)
_____

| Location of Service: 4100 Chestnut Avenue NN,VA 23607 | Date: 8/5/2005 | Time: |

By: _Willie K Murkel_
  Deputy W. MacBrohn
  City of Newport News, Va.

---

### NOT FOUND SERVICE

Received this summons this _____ day of _____, 2005, I certify that the following person within names NOT FOUND in the City of Newport News, Virginia:
Reason: _____

Dated this _____ day of _____, 2005.

By: _____
  Deputy
  City of Newport News, Va.

---

### NOTARY SERVICE

Sworn before me this 10th day of August, 2005.

My Commission Expires: August 31, 2007

_Lindy S. Bissette_
Notary Public

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires August 31, 2007
LINDY S. BISSETTE

A TRUE COPY ATTEST
_Doris J. Doyle_
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J.
VAUGHAN, and BARBARA J. VAUGHAN
PPA DEREK T. VAUGHAN

    Plaintiffs,

    v.

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION EQUIPMENT,
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, LIEBHERR CRANES,
INC., and GARBOSE METAL CO.,

    Defendants.

Case No. 05-30190-MP

I hereby certify on 8/23/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 8/23/05
☑ original filed in my office on 8/23/05
    Sarah A. Thornton
    Clerk, U.S. District Court
    District of Massachusetts
By: _____
Deputy Clerk

---

NOTICE OF REMOVAL TO FEDERAL COURT

---

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, the defendants LIEBHERR-AMERICA,

INC., LIEBHERR MININING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR

CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR

CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT

COMPANY, and LIEBHERR CRANES, INC., by and through their undersigned attorneys,

petition to remove the above-referenced case from the Superior Court Department for Franklin

County in the Commonwealth of Massachusetts (Civil Action No. 05-058) to this Court, on

grounds that (a) a non-diverse defendant, Garbose Metal Co., has been fraudulently joined; (b)

that after excluding the fraudulently joined non-diverse defendant, there is complete diversity of

1

citizenship between the plaintiffs and the remaining defendants; (c) that the damages in controversy exceed $75,000, exclusive of costs and interest; (d) that this notice is timely filed; (e) that all diverse defendants that have been served with process (or are appearing herein) join in this notice to remove; and (f) that the diverse defendant that has not been served (and is not appearing herein) has given its written consent to removal; all of which is more fully set forth below:

1. The plaintiffs' complaint sounds in product liability for personal injuries and loss of consortium. The accident on which the complaint is based occurred on June 13, 2002. It was commenced in the Superior Court Department of the Commonwealth of Massachusetts on June 10, 2005. Process was served upon Garbose Metal Co. on August 3, 2005; on Liebherr-America, Inc. on August 5, 2005; and on Liebherr Crawler Crane Co. on August 9, 2005. Copies of all process, pleadings and orders served upon Liebherr-America, Inc. and Liebherr Crawler Crane Co. are attached hereto and marked as Exhibits A (summons), B (civil action cover sheet), C (complaint) and D (court scheduling order).

2. The plaintiffs are residents and citizens of the Commonwealth of Massachusetts. (Complaint, Exhibit C, pars. 1-3.)

3. Garbose Metal Co., one of the defendants, is incorporated in the Commonwealth of Massachusetts, where it has its principal place of business. (Complaint, Exhibit C, par. 13.) Based on the plaintiffs' complaint and on the facts listed below, however, it is impossible for plaintiffs to state a cause of action against Garbose Metal Co. under Massachusetts law; as such, their claim against Garbose Metal Co. constitutes a "fraudulent joinder," which is to be disregarded when determining the existence of

2

diversity jurisdiction. *See Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship."); *Mills v. Allegiance Healthcare Corp.,* 178 F. Supp.2d 1, 4-6 (Mass. 2001) (setting forth a comprehensive review of the law on fraudulent joinder, including the standard for determining such fraud and the procedure for addressing the issue); *Fernandes v. Union Bookbinding Co.,* 400 Mass. 27, 32-36, 507 N.E.2d 728 (1987) (setting forth the elements necessary for establishing the liability of non-merchant sellers of used products in actions sounding in negligence and breach of warranty of fitness for a particular purpose); *Draleau v. Center Capital Corp.*, 49 Mass. App. Ct. 783, 786-87 (2000) ("Only a merchant, as defined, is held to the warranty of merchantability," citing G.L.c. 106, §§ 2-104 (1) and 2-314). The undisputed material facts that demonstrate fraudulent joinder in this case are as follows:

    a.  The subject material handler (incorrectly referred to as "crane" in plaintiff's complaint), identified as R 932 EW, PIN 334-4498, was sold by Liebherr-America, Inc. to Republic Alloy, Inc. of Charolotte, North Carolina, a distributor, in August 1989.

    b.  Republic Alloy sold the material handler to Garbose Metal Co. at around the same time. (Affidavit of S. Bernard Garbose, par. 3, attached.)

    c.  Garbose Metal Co. regularly used the subject material handler in conducting its business, namely, the buying and selling of scrap metal. (Affidavit of S. Bernard Garbose, par. 4, attached.)

    d.  Garbose Metal Co. has never been in the business of designing, manufacturing

3

or selling material handlers or cranes. (Affidavit of S. Bernard Garbose, par. 5, attached.)

e.  In 1998, Garbose Metal Co. transferred the subject material handler to wTe Recycling, Inc., to have it stored in its facilities, with the understanding that wTe Recycling, Inc. would either sell it in Garbose Metal's behalf or purchase the handler itself. After inspecting and testing the handler, wTe Recycling decided to purchase the handler. (Affidavit of S. Bernard Garbose, par. 6-7, attached; see also complaint, Exhibit C, par. 20, attached.)

f.  A purchase order memorialized the sale of the subject material handler by Garbose Metal Co. to wTe Recyling, Inc. (Affidavit of S. Bernard Garbose, par. 9, attached.)

g.  The subject machine's operator manual was provided to wTe Recycling, Inc. in connection with the sale. (Affidavit of S. Bernard Garbose, par. 9, attached.)

h.  The sale was an isolated sale: Garbose Metal Co. had never previously sold to anyone else a material handler manufactured by Liebherr or any other manufacturer. (Affidavit of S. Bernard Garbose, par. 8, attached.)

i.  Because Garbose Metal Co. has never been a designer, manufacturer, or dealer of material handlers or cranes, it did not have the expertise to determine whether the subject material handler had a defect in its design or manufacture at the time it sold the same to wTe Recycling; nor was it aware of any such design or manufacturing defect at that time. (Affidavit of S. Bernard Garbose, par. 10, attached.)

4

j.  At the time of the sale of the material handler, Garbose Metal Co. understood that wTe Recycling was also in the business of buying and selling scrap Metal and that wTe Recycling had regularly used material handlers in conducting its business. Garbose Metal Co. was not aware that wTe Recycling was relying on it to select an appropriate material handler, if indeed wTe Recycling did so. The subject never came up during any conversation surrounding the sale. (Affidavit of S. Bernard Garbose, par. 11, attached.)

k.  Upon information and belief, wTe Recycling has been in the business of buying and selling scrap metal since 1990, at which time it purchased Kramer Industries, a metal scrap yard located in Greenfield, Massachusetts, since 1950. Upon information and belief, wTe Recycling and Kramer Industries had for sometime prior to the accident used material handlers to conduct their business. (Affidavit of S. Bernard Garbose, par. 12, attached; see also documents printed from website of wTe Recycling, Inc. (www.wte.com), attached as Exhibit E.)

l.  Upon information and belief, the subject accident occurred as follows:

   i.  At the time of his accident, Adam Vaughan was operating the subject material handler at his place of employment, the metal scrap yard at wTe Recycling, Inc. in Greenfield, Massachusetts. (See complaint, Exhibit C, par. 24, attached.)

   ii. His job at the time involved picking pieces of scrap from a pile of scrap metal using a grapple at the end of the material handler's boom and then loading the pieces into the chute of a metal shredder. During

5

this process, one of the metal pieces from the pile (a part from an old lawn mower) was somehow caused to be propelled towards the material handler's cab and though the cab's open door, whereupon it struck Mr. Vaughan, who was sitting inside. (See complaint, Exhibit C, par. 24, attached.)

iii. Prior to the accident, the cab door had been temporarily latched so as to remain opened.

m. No defect in the subject material handler has been specified in plaintiffs' complaint. (See complaint, Exhibit C, generally, attached.)

4. The defendant Liebherr-America, Inc., is a corporation formed under the laws of the State of Virginia with its principal place of business in Newport News, Virginia.

5. The defendant Liebherr Crane Corporation was merged into Liebherr-America, Inc. in approximately 1985.

6. The defendant Liebherr Crawler Crane Company is not a corporation or company; it was a trade name used by Liebherr-America, Inc. prior to January 2003, but has since been discontinued.

7. The defendant Liebherr Mining & Construction Equipment, Inc., is a recent corporation, formed in January 2003 under the laws of the State of Virginia with its principal place of business in Newport News, Virginia.

8. The defendant Liebherr Construction Equipment Company is a trade name of an unincorporated division of Liebherr Mining & Construction Equipment, Inc. Prior to January 2003, it was a trade name of an unincorporated division of Liebherr-America, Inc.

6

9.  The defendant Liebherr Mining Equipment Company is a trade name of an unincorporated division of Liebherr Mining & Construction Equipment, Inc. Prior to January 2003, it was a trade name of an unincorporated division of Liebherr-America, Inc.

10. The defendant Liebherr-Cranes, Inc., is a recent corporation, formed in March 2004 under the laws of the State of Virginia with its principal place of business in Newport News, Virginia.

11. Liebherr-International AG is a corporation formed under the laws of Switzerland with its principal place of business in Switzerland. Upon information and belief, plaintiffs have not yet served the co-defendant Liebherr-International AG with legal process. (See letter from Managing Director of Liebherr-International AG, attached.) According to longstanding case law, removal in the absence of the co-defendant's consent is proper if the co-defendant has not yet been served with summons. *See, e.g., P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546, 547-48 (7th Cir. 1968) ("Under a recognized exception to the general rule [the co-defendant] need not have joined in petitioning for removal if it had not been served with the state court summons.") However, in an abundance of caution – *see Schwartz v. FHP International Corp.,* 947 F. Supp. 1354, 1363-64 (Ariz. 1996) (where unserved defendant had notice of lawsuit, one court found that the "unanimity rule" requires a filed written indication from said defendant that demonstrates its consent to federal jurisdiction) – these defendants have obtained a letter from the non-appearing Liebherr-International AG, which contains its consent to federal court jurisdiction. (See letter from Managing Director of Liebherr-International AG, attached.)

7

12. In the Civil Action Cover Sheet filed with the Superior Court, plaintiffs itemized, as required, the special damages claimed in this case. These claimed damages amount to $1,443,012.58. (Civil Cover Sheet, Exhibit B, attached.)

13. Given the above-noted diversity of citizenship between the plaintiffs and the proper defendants and the amount in controversy, subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332.

14. This petition has been filed within 30 days after these defendants received papers from which it was first ascertained that this matter met the requirements for removal.

15. The Superior Court Department for Franklin County in the Commonwealth of Massachusetts has been provided with a copy of this notice to remove.

WHEREFORE, the defendants LIEBHERR-AMERICA, INC., LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, and LIEBHERR CRANES, INC., request that further proceedings in the Superior Court Department for Franklin County in the Commonwealth of Massachusetts, be discontinued and that this suit be removed to this Court.

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11

by: _John F. Dalsey_

John F. Dalsey, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
(413) 736-6971

and

8

Joseph N. Stella, Esq.
Jeffrey W. Gunn, Esq.
MORRIS & STELLA
200 W. Adams, Suite 1200
Chicago, IL 60606
(312) 782-2345

Attorneys for Defendants,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION
EQUIPMENT, INC., LIEBHERR CRANE CORP.,
LIEBHERR CRAWLER CRANE COMPANY,
LIEBHERR CONSTRUCTION EQUIPMENT
COMPANY, LIEBHERR MINING EQUIPMENT
COMPANY, and LIEBHERR CRANES, INC.

DATED: August 19, 2005

9



# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek
T. Vaughan , Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc., Liebherr
Mining and Construction Equipment, Inc., Liebherr Crane Corp.,
Liebherr ~~Crawler Crane Company, Liebherr~~ Construction , Defendant(s)
Equipment Company, Liebherr Mining Equipment Company, Liebherr
Cranes, Inc. and Garbose Metal Co.

## SUMMONS

Tort - ~~Motor Vehicle Tort - Contract - Equitable Relief - Other~~

To the above-named Defendant: Liebherr Construction Equipment Company

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

You are hereby summoned and required to serve upon John J. Stobierski plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301 , an answer to the complaint which is herewith serve upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the _____ day
of _____ , in the year of our Lord



Doris D. Doyle _____ Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on            , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ _____

*N.B.*    TO PROCESS SERVER: —

     PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

+-----------------------------+

+-----------------------------+

**COMMONWEALTH OF MASSACHUSETTS**

Franklin, ss.

**SUPERIOR COURT**
**CIVIL ACTION**
**NO.**

vs.

**SUMMONS**
**(MASS. R. CIV. P. 4)**

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No.   05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan, Plaintiff(s)

Liebherr-International AG, Liebherr-America, Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler Crane Company,
Liebherr Construction Equipment Company, Liebherr Mining
Equipment Company, Liebherr Cranes, Inc., and Garbose Metal Co.
Defendant(s)

## SUMMONS

Tort - ~~Motor Vehicle Tort Contract Equitable Relief Other~~

To the above-named Defendant:   Liebherr Mining and Construction Equipment, Inc.

You are hereby summoned and required to serve upon   John J. Stobierski
plaintiff's attorney, whose address is   377 Main Street, Greenfield, MA 01301   ,
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                        day
of                    , in the year of our Lord

*Doris B. Doyle*                        Clerk

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on                                         , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____        _____

*N.B.*    TO PROCESS SERVER: —

PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE*
*ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

```
┌─────────────────────────────┐
│                             │
│                             │
└─────────────────────────────┘
```

COMMONWEALTH OF MASSACHUSETTS

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

vs.

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. , Plaintiff(s)
vs.          Vaughan

Liebherr-International AG, Liebherr-America, Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler Crane Company,
Liebherr Construction Equipment Company, Liebherr Mining
Equipment Company, Liebherr Cranes, Inc., and Garbose Metal Co.

Defendant(s)

## SUMMONS

Tort - ~~Motor Vehicle Tort~~ ~~Contract~~ ~~Equitable Relief~~ ~~Other~~

To the above-named Defendant:     Liebherr-America, Inc.

You are hereby summoned and required to serve upon John J. Stobierski plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301 an answer to the complaint which is herewith serve upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the          day
of          , in the year of our Lord

Doris B. Doyle          Clerk

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____    _____

N.B.    TO PROCESS SERVER: —
    PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE
ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

```
+---------------------------+
|                           |
+---------------------------+
```

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT
CIVIL ACTION
NO.**

Franklin, ss.

vs.

**SUMMONS
(Mass. R. Civ. P. 4)**

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan ..............., Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America Inc.,
Liebherr Mining and Construction Equipment, Inc.,
Liebherr Crane Corp., Liebherr Crawler Crane ............., Defendant(s)
Company, Liebherr Construction Equipment Company, Liebherr
Mining Equipment Company, Liebherr Cranes, Inc. and Garbose Metal Co.

## SUMMONS

Tort - ~~Motor Vehicle Tort~~ - ~~Contract~~ - ~~Equitable Relief~~ - ~~Other~~

To the above-named Defendant: **Liebherr Mining Equipment Company**

You are hereby summoned and required to serve upon  John J. Stobierski
plaintiff's attorney, whose address is  377 Main Street, Greenfield, MA 01301    ,
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                          day
of                        , in the year of our Lord

*Doris J. Doyle*                    Clerk

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the
complaint, but if you claim to have a defense, either you or your attorney must serve a
copy of your written answer within 20 days as specified herein and also file the original
in the Clerk's Office.

*NOTES:*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a
separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____

N.B.  TO PROCESS SERVER: ─

PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

COMMONWEALTH OF MASSACHUSETTS

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

vs.

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan
Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America, Inc., Liebherr
Mining and Construction Equipment, Inc., Liebherr Crane Corp.,
Liebherr Crawler Crane Company, Liebherr
Construction Equipment Company, Liebherr Mining Equipment
Company, Liebherr Cranes, Inc. and Garbose Metal Co.
Defendant(s)

## SUMMONS
Tort - ~~Motor Vehicle Tort~~ ~~Contract~~ ~~Equitable Relief~~ ~~Other~~

To the above-named Defendant:   Liebherr Cranes, Inc.

You are hereby summoned and required to serve upon   John J. Stobierski
plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA  01301
an answer to the complaint which is herewith serve upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be
taken against you for the relief demanded in the complaint. You are also required to file your
answer to the complaint in the office of the Clerk of this court at Greenfield either before service
upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                          day
of                        , in the year of our Lord

Doris B. Doyle                        Clerk

NOTICE TO DEFENDANT – Your need not appear personally in court to answer the
complaint, but if you claim to have a defense, either you or your attorney must serve a
copy of your written answer within 20 days as specified herein and also file the original
in the Clerk's Office.

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a
separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on                          , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____        _____

*N.B.*    TO PROCESS SERVER: —

PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE
ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

```
┌─────────────────────────────┐
│                             │
│                             │
└─────────────────────────────┘
```

COMMONWEALTH OF MASSACHUSETTS

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

vs.

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts

Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-058

Dale T. Vaughan, Barbara J. Vaughan,
and Barbara J. Vaughan ppa Derek T. Vaughan, Plaintiff(s)

vs.

Liebherr-International AG, Liebherr-America , Inc.,
Liebherr Mining and Construction Equipment, Inc., Liebherr
Crane Corp., Liebherr Crawler Crane Company, Defendant(s)
Liebherr Construction Equipment Company, Liebherr Mining
Equipment Company, Libherr Cranes Inc., and Garbose Metal Co.

## SUMMONS

Tort - ~~Motor Vehicle Tort x Contract x Equitable Relief x Other x~~

To the above-named Defendant: Liebherr Crane Corp.

You are hereby summoned and required to serve upon John J. Stobierski plaintiff's attorney, whose address is 377 Main Street, Greenfield, MA 01301 an answer to the complaint which is herewith serve upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the                        day of                        , in the year of our Lord

*Doris J. Doyle*                        Clerk

NOTICE TO DEFENDANT — Your need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES:**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

     I hereby certify and return that on _____ , _____ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____    _____

*N.B.*    TO PROCESS SERVER: —

    PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE ORIGINAL* AND ON *COPY SERVED ON DEFENDANT.*

COMMONWEALTH OF MASSACHUSETTS
Franklin, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

vs.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Franklin | Docket Number:<br>05-058 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan ppa Derek T. Vaughan | |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| John J. Stobierski, Stobierski & Stobierski  (413) 774-2867<br>377 Main Street, Greenfield, MA  01301 | |
| Board of Bar Overseers Number   549222 | |

### Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial)
☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (F)(X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

*(margin, vertical text:)* 2005 JUN 10  PM 12:37   FRANKLIN SUPERIOR COURT FILED

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Tort-Other Negligence Personal Injury | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:  Estimated per Industrial Accident Board Rates

| | | |
|---|---|---|
| 1. | Total hospital expenses.................................................................. | $    76,838.74 |
| 2. | Total Doctor expenses................................................................... | $    33,897.37 |
| 3. | Total chiropractic expenses............................................................ | $         0.00 |
| 4. | Total physical therapy expenses..................................................... | $     1,160.77 |
| 5. | Total other expenses......radiology, ambulance, Home Care................. | $    48,201.06 |
| | **Subtotal** | $  **160,147.94** |

B.  Documented lost wages and compensation to date.........estimated............................ $   158,042.24
C.  Documented property damages to date............................................................... $         0.00
D.  Reasonable anticipated future medical and hospital expenses................................. $   unknown
E.  Reasonable anticipated lost wages....................estimated.................................... $ 1,124,822.40
F.  Other documented items of damages (describe): $         0.00
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe):
      While operating a crane at place of employment, a metal wheel struck through employee's safety helmet into his skull and brain, causing frontal lobe brain contusions, subdural hematoma and permanent brain damage.

**TOTAL    $1,443,012.58**

### CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

EXHIBIT
B

**TOTAL  $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:
None

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

| Signature of Attorney of Record | DATE:   June 10, 2005 |
|---|---|

A.O.S.C. 2003

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

FRANKLIN, SS

CIVIL ACTION NO. 05-05-8

DALE T. VAUGHAN, )
BARBARA J. VAUGHAN, )
and BARBARA J. VAUGHAN PPA )
DEREK T. VAUGHAN )
    Plaintiffs )
)
)
v. )
)
)
LIEBHERR-INTERNATIONAL AG, )
LIEBHERR-AMERICA, INC., LIEBHERR )
MINING AND CONSTRUCTION EQUIPMENT, INC., )
LIEBHERR CRANE CORP., LIEBHERR CRAWLER )
CRANE COMPANY, LIEBHERR CONSTRUCTION )
EQUIPMENT COMPANY, LIEBHERR-MINING )
EQUIPMENT COMPANY, LIEBHERR CRANES, INC. )
AND GARBOSE METAL CO. )
    Defendants )

**EXHIBIT**

## COMPLAINT - JURY TRIAL DEMANDED

### PARTIES:

1.    The Plaintiff, Dale T. Vaughan, is a resident and citizen of the Commonwealth of Massachusetts, residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

2.    The Plaintiff, Barbara J. Vaughan, is the wife of Plaintiff Dale T. Vaughan, and resides at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

3.    The Plaintiff, Derek T. Vaughan is the minor son of the plaintiffs Dale T. Vaughan and Barbara J. Vaughan and is a real person residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts and will be represented in this action by his mother Barbara J. Vaughan.

4.    The Defendant, Liebherr-International AG, at all material times was a manufacturing company with a headquarters at 19 Rue de I'Industrie Postfach 272 CH-1630,

Bulle/FR, Switzerland and offices worldwide. Defendant Leibherr-International AG has at all material times done business in Massachusetts.

5.    Defendant, Liebherr-America. Inc. is the American corporation affiliated with Leibherr-International AG. Liebherr-America is incorporated in the Commonwealth of Virginia, and has offices at 4100 Chestnut Ave., P.O. Box Drawer O., Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

6.    Defendant, Liebherr Mining & Construction Equipment, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Mining & Construction Equipment, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

7.    Defendant, Liebherr Crane Corporation., is an American corporation affiliated with Leibherr-International AG.    Liebherr Crane Corporation is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News Virgina, and has, at all times relevant hereto, done business in Massachusetts.

8.    Defendant, Liebherr Crawler Crane Company is an American company affiliated with Leibherr-International AG. Liebherr Crawler Crane Company is situated in the State of Texas and has offices at 8515 Market Street, P.O. Box 15355, Houston, Texas, and has, at all times relevant hereto, done business in Massachusetts.

9.    Defendant, Liebherr Construction Equipment Company, is an American company affiliated with Leibherr-International AG.    Liebherr Construction Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

10.    Defendant, Liebherr Mining Equipment Company is an American company

affiliated with Leibherr-International AG. Liebherr Mining Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

11. Defendant, Liebherr Cranes, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Cranes, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

12. Leibherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, Liebherr Cranes, Inc. are all Corporations which are either holding companies, corporate subsidiaries or affiliates of a multinational conglomerate corporation that designs, manufactures, sells, advertises, inspects and/or services Liebherr cranes. All corporate entities identified in paragraphs four through six shall be collectively and individually hereinafter referred to and identified as defendant "Liebherr."

13. The Defendant Garbose Metal Company is or was a Massachusetts Domestic Profit Corporation with a principal office at 155 Mill Street, Gardner, Massachusetts.

## PERSONAL JURISDICTION

14. This Court has personal jurisdiction over the Defendant, Liebherr, pursuant to the Massachusetts Long Arm Statute, M.G.L. ch. 223A, §3(a), (b), (c), and (d), as the Defendant has:

a) Transacted business in the Commonwealth of Massachusetts;
b) Contracted to supply services or things in the Commonwealth of Massachusetts;
c) Caused tortious injury by an act or omission in the Commonwealth; and
d) Caused tortious injury in the Commonwealth by an act or omission outside the Commonwealth at a time when it derived substantial revenue from goods used in the Commonwealth.

## FACTUAL ALLEGATIONS:

15.    Liebherr is a manufacturer of cranes which it sells throughout the world. These cranes are intended for use by waste recycling industries such as WTE, the plaintiff's employer.

16.    At all times mentioned herein, the Defendant, Liebherr, was engaged in the design, manufacture, assembly, marketing, advertising, sale, promotion, drafting of product literature and labeling, and distribution of the Liebherr crane whose defect resulted in the injury to the Plaintiff Dale T. Vaughan.

17.    On June 13, 2002, the Plaintiff, Dale T. Vaughan, was operating a Liebherr crane, 1989 Model R932EW, at WTE Recycling, his place of employment.

18.    The crane was equipped with a Liebherr hydraulic grapple.

19.    The crane was manufactured by the Defendant Liebherr, and was specifically intended by the defendant for the purpose for which it was being used.

20.    The Liebherr crane had been purchased used in April of 1998 by plaintiff's employer, WTE, from defendant Garbose, for a price of $60,000.00.

21.    Garbose operated a waste handling facility and had used the Liebherr crane in the conduct of its business. Garbose knew or had reason to know that the crane that it was selling to WTE was to be used in a scrap handling facility.

22.    Garbose was experienced and knowledgeable with respect to the Liebherr crane, and WTE relied upon Garbose's experience and skill with the crane.

23.    The Liebherr crane equipped with a grappler was used at WTE Recycling to pick up scrap metals.

24.    While the Plaintiff, Dale T. Vaughan was operating the crane in the manner intended by the manufacturer, Defendant Liebherr, he was severely injured when a wheel was propelled through the open door of the cab of the crane, penetrating through his hard hat into his skull.

25.    The plaintiff suffered severe and traumatic brain injury as a result of the incident.

26.    The crane that the Plaintiff was using was in a defective and dangerous condition and was unreasonably dangerous and defective in design. Said defective and dangerous condition proximately caused Plaintiff's injuries while the Liebherr crane was used for its ordinary, intended, and foreseeable purpose and in an ordinary, intended, and foreseeable manner. The injuries suffered by Plaintiff were the direct and proximate result of the defective and unreasonably dangerous product, and also of the defendant Liebherr's acts and omissions.

27.    As a result of the above, the Plaintiff, Dale T. Vaughan, was caused to sustain serious personal injuries which are permanent in nature.

28.    As a further result of the above, the Plaintiff has suffered a great loss and depreciation in his earnings and earning capacity, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29.    As further result of the above, the Plaintiff suffered substantial bills for surgeries, hospitalizations, and medical attention as a result of the injuries he suffered, and he will incur substantial additional expenses for an indefinite time in the future, all to his great detriment and loss.

30.    As a further result of said actions of the Defendant, the Plaintiff has suffered great physical pain and mental anguish and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNTS

Each count set forth below specifically incorporates by reference herein Paragraphs 1 through 30 above, previously set forth against the Defendants.

### COUNT I
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.    This is an action for breach of the implied warranty of merchantability against the

Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the

Defendant an obligation to have impliedly warranted with respect to its crane, that it was

merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied

warranty of merchantability because said product was unsafe, not of merchantable quality, and

unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and

damages as the direct and proximate result of the Plaintiff's breach of said implied warranties

imposed by law.

### COUNT II
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32.    This is an action for breach of implied warranty of fitness for a particular purpose

against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes

upon the Defendant an obligation to have impliedly warranted, with respect to the crane, that it

was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant

breached this implied warranty of fitness for a particular purpose because the crane was unsafe,

not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to

suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's

breach of said implied warranties imposed by law.

### COUNT III
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF EXPRESS WARRANTY

33.    This is an action for breach of express warranty of fitness for a particular purpose,

resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale Vaughan.

Defendant expressly warranted to the plaintiff and to the general public that its product was safe,

merchantable and fit for its intended purposes and uses.

34.    Defendant breached its warranties because said product was unsafe, not of

merchantable quality and unfit for its intended uses and purposes.

35.    Plaintiff was caused to suffer the aforesaid injury and damages as the direct and
proximate result of the Defendant's breach of said express warranties.

## COUNT IV
## DALE T. VAUGHAN V. LIEBHERR
## NEGLIGENCE

36.    This is an action in tort for negligence, resulting in personal injuries, against the
Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The injuries sustained by the Plaintiff
were the direct and proximate cause of the carelessness and negligence of the Defendant,
including but not limited to the following;

    a.    Defendant was negligent with respect to its research and development, design,
testing, manufacture, assembly, inspection, drafting and communication of
product literature (including labeling, warnings, and instructions for use),
marketing, promotion, advertising, sale, and/or distribution of said crane.

    b.    Defendant negligently failed to take reasonable and necessary action to
adequately communicate to the ultimate user(s) of its product, including the
Plaintiff, adequate warnings and instructions for use through labeling, product
literature, and other communications which reasonable care required under the
circumstances.

    c.    Defendant negligently disposed of said product and placed it in the channels of
trade, when it knew or with reasonable care should have known said product to be
dangerous and defective in nature, design and materials and in a dangerous and
defective condition, and negligently placed said product in the channels of trade
when in the exercise of reasonable care it ought to have foreseen said product
would come into contact with persons such as the plaintiff who were ignorant of
its dangerous and defective nature and condition, and negligently failed to use
reasonable care to prevent injury to such persons, including the plaintiff.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## DALE T. VAUGHAN V. GARBOSE

37.    This is an action for breach of the implied warranty of merchantability against the
Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the
Defendant an obligation to have impliedly warranted with respect to the crane, that it was

merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**DALE T. VAUGHAN V. GARBOSE**

38.     This is an action for breach of the implied warranty of fitness against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

**COUNT VII**
**NEGLIGENCE**
**DALE T. VAUGHAN V. GARBOSE**

39.     This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Garbose, by the Plaintiff, Dale Vaughan. The injuries sustained by the Plaintiff were the direct and proximate cause of the carelessness and negligence of the Defendant, including but not limited to the following;

a.     Defendant was negligent with respect to its sale of said crane;

b.     Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through provision of the appropriate documents including the safety and use manual and printed warnings that accompanied the crane upon its sale to Grabhose by the manufacturer.

## COUNT VIII
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. LIEBHERR

40.     As a direct and proximate result of the Defendant, Liebherr's negligence and breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate her, plus interest and costs of this suit.

## COUNT IX
## LOSS OF CONSORTIUM
## DEREK T. VAUGHAN V. LIEBHERR

41.     Due to the negligence and breaches of warranties of the Defendant, Liebherr, Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father, Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend, Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

## COUNT X
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. GARBOSE

42.     As a direct and proximate result of the Defendant, Garbose's negligence and breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and assistance of her husband, Plaintiff, Dale T. Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of consortium against the Defendant, Garbose, in an amount fair and reasonable to compensate her, plus interest and costs of this suit.

## COUNT XI
## LOSS OF CONSORTIUM
### DEREK T. VAUGHAN V. GARBOSE

43.    Due to the negligence and breaches of warranties of the Defendant, Garbose,

Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father,

Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his parent and next friend,

Barbara J. Vaughan , demands judgment for the loss of consortium against the Defendant,

Garbose, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

WHEREFORE, the Plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J.

Vaughan, ppa Derek T. Vaughan, request that this Court award judgment against the defendants,

Liebherr and Garbose; that damages be established and plaintiff be awarded same, along with

costs and interest as well as such other relief as the Court deems proper and just.

### JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

Respectfully Submitted,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys,

John J. Stobierski, Esq.
BBO#549212
Danielle J. Garshak, Esq.
BBO# 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA 01301
(413)774-2867
Dated: June 10, 2005

# Commonwealth of Massachusetts
## County of Franklin
## The Superior Court

CIVIL DOCKET # FRCV2005-00058-A

RE:   Vaughan et al v Liebherr-Inertnational AG et al

TO:   John J Stobierski, Esquire
      Stobierski & Stobierski
      377 Main Street
      Greenfield, MA 01301

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 09/08/2005 |
| Response to the complaint filed (also see MRCP 12) | 11/07/2005 |
| All motions under MRCP 12, 19, and 20 filed | 11/07/2005 |
| All motions under MRCP 15 filed | 11/07/2005 |
| All discovery requests and depositions completed | 04/06/2006 |
| All motions under MRCP 56 served and heard | 05/06/2006 |
| Final pre-trial conference held and/or firm trial date set | 06/05/2006 |
| Case disposed | 08/04/2006 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "A" sitting in CtRm 1 (3rd Fl) Franklin Superior Court.

Dated: 06/10/2005

BY:                           Doris G. Doyle
                              Clerk of the Court

Location: CtRm 1 (3rd Fl)
Telephone: (413) 774-5535





# Metals



- ● Business
  - ■ wTe Corporation
  - ■ wTe Corporation2
  - ■ Plastics
  - ■ Metals
- ● Financials
- ● Management
- ● Values
- ● Careers

**Our Metals Businesses**

wTe's Recycling, Inc. was formed in 1990. This facility has been in existence at the current site since the early 1950's and is located in Greenfield, Massachusetts. Our metals business has two components, one which is a traditional ferrous and nonferrous metal scrap yard including an automobile shredder, and the other which is aimed at modernizing the way nonferrous metals are sorted using automated sortation methods.

- **wTe Recycling, Inc.,** a 100% owned Massachusetts corporation, formerly operated under the name Kramer Industries is the traditional scrap yard. Visit the wTe Recycling website
- **Spectramet® LLC,** a Delaware corporation is 50% owned by wTe Corporation and 50% owned by National Recovery Technologies, Inc. (NRT). Spectramet® is a company in formation and is not expected to be operational until 2005. Visit the Spectramet website

wTe's Metals Division operates a regional ferrous and nonferrous metals processing facility under our wholly owned wTe Recycling, Inc. subsidiary. In addition to shredding automobiles, the Metals Division is a leader in processing ferrous and nonferrous metals recovered from waste-to-energy facilities in the Northeast region of the United States. Finished products serve both domestic and international markets. Piles of finished product are shown below ready for further processing or shipment




● Locations     ● Site Map     ● Contact Us





# Business

- ● Business
  - ■ wTe Corporation
  - ■ wTe Corporation2
  - ■ Plastics
  - ■ Metals
- ● Financials
- ● Management
- ● Values
- ● Careers

**Welcome to wTe Corporation.** wTe is a recycling company. Company headquarters have been located in Bedford, Massachusetts for over 20-years. wTe has two operating divisions, one that recycles plastics and another that recycles metals.

The plastics division is the 3rd largest PET plastics recycler in the United States doing business under the name **UltrePET ® LLC.** UltrePET is best known for closed-loop recycling of used beverage containers which it converts back into high-grade resins. These near-virgin quality resins are used to make new soda bottles, high-value thermoformed packaging, and engineered resins for automotive applications.

Our metals division is one of only three automobile shredder operators in New England doing business as **wTe Recycling, Inc.** In addition to shredding junk automobiles, this operation is best known for recycling iron and steel from numerous waste-to-energy plants throughout New England.

wTe Corporation also provides both technical consulting services and research and development services to private and public entities. wTe's latest development programs are aimed at creating a completely new method for optoelectronically sorting metals at ultra-high speeds into pure metals and alloys. This technology, called the Spectramet Technology will be the basis of a new company called **Spectramet® LLC.**

    

● Locations    ● Site Map    ● Contact Us



# wTe Corporation

- ● Business
  - ■ wTe Corporation
  - ■ wTe Corporation2
  - ■ Plastics
  - ■ Metals
- ● Financials
- ● Management
- ● Values
- ● Careers

**The Company and Its History:**

wTe was formed in 1981 by its founder, Dr. David B. Spencer, under the name Waste Energy Technology Corporation. Our logo ("wTe") dates back to our company formation, and was originally derived from our focus on the Waste-To-Energy ("WTE") business. As the Company transitioned from the WTE Business to the Recycling Business, we still retained our original logo, but dropped the rest of the name, resulting in wTe Corporation.

**Early Years (1981-1990):** In its very early years, the Company focused on design, construction, operation and ownership of small-scale waste to energy facilities. While this was our business goal, the early work we actually won was associated mostly with consulting and technical services. We consulted on the development of new projects, and developed new processing equipment usually working for other consultants and government agencies.

**Mid-Years (1990-2000):** During our midyears wTe came to be known as the "consultant's-consultant" in the waste to energy and recycling field helping much larger and more established consulting firms turn-around broken plants, or develop new facilities. wTe's people had a strong operational background and focused on providing operational knowledge and support. Later, as the company's reputation and staffing grew, our WTE business expanded into actually operating large-scale waste to energy and recycling plants owned by others. In these middle years, the Company grew rapidly and was named to the prestigious *Inc 500* three times and to the *New England 100* twice. We worked on the turn-around and operation of large WTE plants such as the Akron Recycle Energy System (ARES) that processed 1000 tons per day of municipal solid waste generating electricity, steam, chilled water, and recovered ferrous metals from waste. In the recycling arena, wTe built and operated novel plastics recycling facilities for some of America's largest corporations such as Dow Chemical, and Amoco Foam Products.

Anticipating the ultimate closure of many WTE facilities due to new more stringent environmental regulations passed in 1990, and in response to the new recycling emphasis at about the same time, wTe turned its attention to recycling. We purchased two "broken" metals and plastics recycling facilities in 1990 that were suffering large losses. One was a large plastics facility located in Albany, New York, called Star Plastics. The other was a ferrous and nonferrous metal scrap yard located in Greenfield, Massachusetts, called Kramer Industries.

**Recent Years (2000 Forward):** Owning and operating these two facilities has been the mainstay of our business for the past decade. wTe has worked hard to build customer loyalty and profitability into these "turnaround" operations. We are proud of the work our employees have done to make these facilities into reliable well-managed, profitable facilities that have been leading the way to successfully recycling metals and plastics for the United States, particularly New England.

Our plastics recycling business is now the 3rd largest soda bottle recycling company in the country and our metals recycling business is now one of the most successful metals recycling operations in New England.

- ● Locations    ● Site Map    ● Contact Us

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

FRANKLIN, SS                                    CIVIL ACTION NO. 05-058

| | |
|---|---|
| DALE T. VAUGHAN, ET AL., <br>     Plaintiffs <br><br>     v. <br><br> LIEBHERR-INTERNATIONAL AG, <br> ET AL., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF S. BERNARD GARBOSE

I, S. Bernard Garbose, state the following is true and correct:

1.  I am the president of Garbose Metal Company, a corporation organized under the laws of Massachusetts which had its principal place of business in Gardner, Massachusetts. I am competent to testify, if called upon, and I have personal knowledge of the facts herein except as to those matters stated herein on information and belief, which I believe to be true.

2.  Garbose Metal Co. was in the business of buying and selling scrap metal.

3.  In 1989, Garbose Metal Co. purchased a Liebherr material handler, model no. R932 EW, PIN 334-4498, from Republic Alloy, Inc. of Charlotte, North Carolina.

4.  Garbose Metal Co. regularly used the subject material handler in conducting its business, namely, for the purpose of picking and loading scrap metal.

5.  Garbose Metal Co. has never been in the business of designing, manufacturing or selling material handlers or cranes.

6.  In 1998, Garbose Metal Co. was winding down its business. Prior to selling the subject material handler to wTE Recycling, Inc., Garbose Metal Co. and wTE Recycling agreed the subject material handler would be stored at wTE

Recycling and wTE Recycling would sell it on behalf of Garbose Metal Co. if wTE Recycling did not want to buy it.

7.     wTE Recycling had the opportunity to inspect the subject material handler and to try it before purchasing it. On information and belief, wTE Recyling did in fact inspect and try the subject material handler before purchasing it.

8.     The sale was an isolated sale: Garbose Metal Co. had never previously sold to anyone else a material handler manufactured by Liebherr.

9.     There was a purchase order that memorialized the sale of the subject material handler by Garbose Metal Co. to wTe Recyling, a copy of which is attached hereto. In connection with the sale, Garbose Metal Co. provided wTE Recycling with the operator's manual for the subject material handler.

10.     Because Garbose Metal Co. has never been a designer, manufacturer, or dealer of material handlers or cranes, it did not have the expertise to determine whether the subject material handler had a defect in its design or manufacture at the time it sold the same to wTe Recycling; nor was it aware of any such design or manufacturing defect at that time.

11.     At the time of the sale of the material handler, Garbose Metal Co. understood that wTe Recycling was also in the business of buying and selling scrap metals and that wTe Recycling had regularly used material handlers in conducting its business. Garbose Metal Co. was not aware that wTe Recycling was relying on it to select an appropriate material handler, if indeed wTe Recycling did so. The subject never came up during any conversation surrounding the sale.

12.     Upon information and belief, wTe Recycling has been in the business of buying and selling scrap metal since 1990, at which time it purchased Kramer Industries, a metal scrap yard that had been located in Greenfield,

Massachusetts since 1950. Upon information and belief, wTe Recycling and Kramer Industries have always used material handlers to conduct their business.

Signed under the pains and penalties of perjury this 19th day of August, 2005.

S. Bernard Garbose

08/19/2005 FRI 14:20 FAX 617 566 3808 Law Firm of Rita D. Lu   ☒006/006



**PURCHASE ORDER**

*No* 001011

75 SOUTHERN AVENUE
GREENFIELD, MA 01301
TELEPHONE: 413-772-2200
413-774-3103
FAX: 413-774-7369

| | |
|---|---|
| DATE | 3/30/98 |
| DATE REQUIRED | 4-1-98 |
| VIA | |
| FREIGHT BILLINGS | |
| TERMS | 5 Equal Payments, 15th of month starting April. |
| FOR | |

To: Garbose Metal Co.
155 Mill St.
Gardner MA 01440

#55 Equip.Div.
Shredder C98·1

CONFIRMING: Bernie Garbose

| QUANTITY | | DATE RECD | CONTROL NUMBER | DESCRIPTION | PRICE | UNIT |
|---|---|---|---|---|---|---|
| DERED | RECEIVED | | | | | |
| 1 | | | | 1989 Liebherr Model R932EW | $60,000.00 | |
| | | | | Serial No. 334-4498, with 1 cu.yd. | | |
| | | | | Liebherr Hydraulic Grapple and | | |
| | | | | D.C. generator. | | |
| 1 | | | | 63" Square D electromagnet to be | | |
| | | | | sold by wTe for advertising cost and | | |
| | | | | 10% of sale price ($4000-6300). | | |
| | | | | | | |
| | | | | **CONFIRMATION ONLY** | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

wTe RECYCLING

# LIEBHERR-INTERNATIONAL AG

LIEBHERR-INTERNATIONAL AG - POSTFACH 272 - CH-1630 BULLE/FR

**CH-1630 Bulle/FR**

Rue de l'Industrie 45
Telefon: ++41-26-913 31 11
Telefax: ++41-26-913 31 31
E-Mail: info@lin.liebherr.com

Morris & Stella
attn. Mr. Joseph N. Stella
Suite 1200
200 West Adams Street

Chicago/Illinois 60606

Ihr Zeichen
Ihre Nachricht vom

Unser Zeichen  fr-zw
Dir. Durchwahl:026/913 31 37

CH-1630 Bulle,  18.08.2005

Bearbeitet von : Herrn Frasch

**Re : Dale Vaughan, et al. v. Liebherr-International AG, et al.**

Dear Mr. Stella,

please accept this letter in behalf of Liebherr-International AG, of which I am fully authorized to speak as its managing director.

Liebherr-International AG has recently been informed of the existence of the above-referenced lawsuit, although it has not been served with summons and complaint. It has also been informed that the other defendants in the case desire to remove the suit from state to federal court.

In the event that Liebherr-International AG is ever served with process, it would also be its desire to remove the suit to federal court. It therefore authorizes you to inform the federal court that Liebherr-International AG consents to the notice of removal to federal court field by the other defendants.

In so authorizing, Liebherr-International AG does not mean to authorize you to act in its behalf for any other purpose. It does not, for instance, thereby waive its right to proper service of process in this case and does not intend hereby to submit itself to the personal jurisdiction of this or any court.

Sincerely,

LIEBHERR-INTERNATIONAL AG

Dieter Frasch
(managing director)

A TRUE COPY ATTEST

Doris G. Doyle
CLERK