UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:05-cv-30190

| | |
|---|---|
| DALE T. VAUGHAN,<br>BARBARA J. VAUGHAN,<br>and BARBARA J. VAUGHAN PPA<br>DEREK T. VAUGHAN<br>    Plaintiffs<br><br>v.<br><br>LIEBHERR-INTERNATIONAL AG,<br>LIEBHERR-AMERICA, INC., LIEBHERR<br>MINING AND CONSTRUCTION EQUIPMENT, INC.,<br>LIEBHERR CRANE CORP., LIEBHERRR CRAWLER<br>CRANE COMPANY, LIEBHERR CONSTRUCTION<br>EQUIPMENT COMPANY, LIEBHERR MINING<br>EQUIPMENT COMPANY, LIEBHERR CRANES, INC.<br>AND GARBOSE METAL CO.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  MOTION TO REMAND<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan, ppa Derek T. Vaughan, through undersigned counsel, file this Motion for Remand. For the reasons set forth in this motion and as further elaborated in the accompanying memorandum in support, plaintiffs request that this Court remand this action to the Franklin County Superior Court in the Commonwealth of Massachusetts.

1.    A Complaint was filed in the Franklin Superior Court on June 10, 2005. The plaintiffs claim that the defendants, (collectively, "Liebherr") negligently, and in breach of express and implied warranties, manufactured, distributed and sold a crane (also called a "materials handler") which was unsafe. The plaintiffs claim that plaintiff Dale Vaughan was seriously injured as a result of the defendants' negligence and breaches of warranty. The plaintiffs also alleged several counts against defendant Garbose Metal Company. Plaintiff Dale Vaughan alleges that Garbose was negligent and breached the implied warranties of merchantability and fitness. The

       other plaintiffs state claims for loss of consortium. All the claims against the defendants are based solely on state law.

2. Plaintiffs are citizens of the Commonwealth of Massachusetts. All the defendant Liebherr entities are non-citizens of the Commonwealth of Massachusetts. Defendant Garbose is a citizen of the Commonwealth of Massachusetts.

3. On August 22, 2005, defendants Liebherr filed a Notice of Removal with this Court, alleging that defendant Garbose, the non-diverse defendant, was fraudulently joined in this action.

4. For the reasons discussed in the accompanying memorandum, the citizenship of defendant Garbose Metal Co. may not be disregarded because plaintiffs have stated valid causes of actions against this defendant under Massachusetts law.

5. Because this Court lacks subject-matter jurisdiction, this case must be remanded under 28 U.S.C. sec. 1447(c). In addition, plaintiffs request that the Court require the removing defendants to pay plaintiffs' costs and expenses, including attorney's fees, incurred as a result of the removal, pursuant to 28 U.S.C. sec. 1447(c)

WHEREFORE, plaintiffs respectfully request that the Court: (1) grant this motion and remand this case to Franklin Superior Court; and (2) order the removing defendants to pay all plaintiffs' costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action.

                                    Respectfully Submitted,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys,

John J. Stobierski, Esq.
BBO# 549822
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA 01301
(413)774-2867
Dated: September 19, 2005

## CERTIFICATE OF SERVICE

    I, John J. Stobierski, Attorney for the Plaintiffs hereby certify that I have mailed by first class mail, postage prepaid a copy of the foregoing to the attorney for the defendant Liebherr International, John F. Dalsey, Dalsey, Ferrara & Albano, 73 State Street, Suite 101, Springfield, MA 01103-2094 and the attorney for defendant, Garbose, Rita D. Lu, 327 Saint Paul Street, Suite 3, Brookline, MA 02446 on this 19th day of September, 2005.

_____
John J. Stobierski