IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J.
VAUGHAN, and BARBARA J. VAUGHAN
PPA DEREK T. VAUGHAN

      Plaintiffs,

v.                               Case No. 3:05-cv-30190:MAP

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION EQUIPMENT,
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, LIEBHERR CRANES,
INC., and GARBOSE METAL CO.,

      Defendants.

---

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS

---

The defendants Liebherr-America, Inc., et al., by and through their undersigned attorneys, object to certain paragraphs of the affidavits of Mr. Curtiss M. Lund and Ms. Danielle J. Barshak, submitted by plaintiffs in support of their motion to remand, and therefore moves to strike the same.

Defendants' undersigned attorney certifies by his signature below that a conference was held in good faith with opposing counsel, as required by LR 7.1, but that the conference did not result in a resolution of the issues raised in this motion.

In support of this motion, defendants state as follows:

1. In par. 3 of his affidavit, Mr. Lund states – either "conclusively" or as an "opinion" – that the manufacturer of the subject "scrap grabber" did not

install a chain and hook at the cab door opening. (See copy of Mr. Lund's affidavit, attached.) There is insufficient foundation for either position, however. Mr. Lund has not testified that he has reviewed the manufacturing drawings, specifications, packing lists and/or spare parts list for the subject machine, a necessary foundational requirement to any "conclusive" finding of fact. Nor does he testify that he has examined similar model machines and noted the absence of such a feature. Mr. Lund lacks personal knowledge on the subject, therefore, contrary to requirements under Fed.R.Evid. 602. To the extent Mr. Lund's testimony is offered as an "opinion," then, for the same reasons, he lacks sufficient facts or data on which to base his opinion, contrary to the requirements of Fed.R.Evid. 702. The lack of necessary foundation to Mr. Lund's testimony is highlighted by the recently submitted declaration of Wilfried Wotke, Liebherr-America's Product Manager, wherein he states – based on personal knowledge and supported by reference to the spare parts list – that the machine was indeed sold with a chain and hook installed near the cab door opening.

2. In par. 4 of his affidavit, Mr. Lund relates a conversation he had with a Mr. Swift in which Mr. Swift related a conversation he had with unnamed Liebherr representatives. (See copy of Mr. Lund's affidavit, attached.) This constitutes "double hearsay," for which there is no exception. *See* Fed.R.Evid. 801-805. It is anticipated that plaintiffs will argue that Mr. Swift's conversation with unnamed Liebherr representatives is being offered against Liebherr here as an admission, and thus does not come within the

VAUGHAN, et al. v. LIEBHERR-AMERICA, INC., et al.  
DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS

2

hearsay proscription. But while Mr. Swift's conversation with the representatives may be admissible, Mr. Lund's conversation with Mr. Swift is not. Under Fed.R.Evid. 805, each part of a combined out-of-court statement must be admissible, or no part is. Moreover, given plaintiffs' theory of liability, as expressed in Mr. Lund's affidavit, pars. 7-10, the representatives' alleged statement that the chain and hook were not original equipment supplied with the machine would tend to exonerate the manufacturer (because a third-party would have improperly altered the design) and thus may be considered self-serving statement, not an admission. In light of plaintiff's theory, the admission against interest would be to state – as Liebherr-America does through the declaration of its products manager, Mr. Wotke – that the machine was in fact sold with the chain and hook.[1]

3. In pars. 3 and 4 of her affidavit, Ms. Barshak relates a conversation she had with an attorney of the injured plaintiff's employer, who presumably relates a conversation she had with her client. (See copy of Ms. Barshak's affidavit, attached.) This constitutes "double hearsay," for which there is no exception. See Fed.R.Evid. 801-805.

Therefore, on these grounds and for these reasons, defendants request this Court to sustain their objections to pars. 3 and 4 of Mr. Lund's affidavit and pars. 3 and 4 of Ms. Barshak's affidavit, and to strike the same from consideration.

---

[1] Naturally, defendants do not share Mr. Lund's views. It is their position that the installation of a chain and hook and the machine's capability of operating with the cab door open do not create unreasonably dangerous conditions or unreasonable risks of harm.

VAUGHAN, et al. v. LIEBHERR-AMERICA, INC., et al.
DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS

3

Respectfully submitted by

*[signature]*

Joseph N. Stella, Esq.
Jeffrey W. Gunn, Esq.
MORRIS & STELLA
200 W. Adams, Suite 1200
Chicago, IL 60606
(312) 782-2345

and

John F. Dalsey, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
(413) 736-6971

Attorneys for Defendants,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION
EQUIPMENT, INC., LIEBHERR CRANE
CORP., LIEBHERR CRAWLER CRANE
COMPANY, LIEBHERR
CONSTRUCTION EQUIPMENT
COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, and
LIEBHERR CRANES, INC.

DATED: October 6, 2005

UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

CIVIL ACTION NO. 3:05-CV-30190

DALE T. VAUGHAN,                                              )
BARBARA J. VAUGHAN,                                           )
and BARBARA J. VAUGHAN PPA                                    )
DEREK T. VAUGHAN                                              )
    Plaintiffs                                              )
                                                              )
v.                                                            )
                                                              )
LIEBHERR-INTERNATIONAL AG,                                    )
LIEBHERR-AMERICA, INC., LIEBHERR                              )
MINING AND CONSTRUCTION EQUIPMENT, INC.,                      )
LIEBHERR CRANE CORP., LIEBHERRR CRAWLER                       )
CRANE COMPANY, LIEBHERR CONSTRUCTION                          )
EQUIPMENT COMPANY, LIEBHERR MINING                            )
EQUIPMENT COMPANY, LIEBHERR CRANES, INC.                      )
AND GARBOSE METAL CO.                                         )
    Defendants                                              )

### AFFIDAVIT OF CURTISS M. LUND

I, Curtiss M. Lund, of 79 Quartermaster Row, South Yarmouth MA 02664 hereby affirm as follows:

1. I am a consultant in cranes and crane safety, and have worked as a crane safety consultant since 1982. A copy of my curriculum vitae is attached hereto as Exhibit "A."

2. On June 3, 2005, I went to the facility of wTe Recycling, located in Greenfield, Massachusetts where I conducted an inspection of the Liebherr scrap grabber in which Mr. Dale Vaughan was injured.

3. In the course of my inspection, I noticed a chain and hook that had been installed in the cab of the scrap grabber. Based upon my knowledge of cranes, as well as my review of Liebherr manuals and other materials, I can conclusively state that the chain and hook were not installed at the Liebherr manufacturing facility.

4. I questioned Mr. Swift, a representative of wTe, about the chain. He informed me that wTe had not installed the chain and hook, and that those pieces were already on the scrap grabber when wTe purchased the scrap grabber from Garbose Metal Co. He also told me that an attorney and a representative from Liebherr inspected the scrap

grabber shortly after Mr. Vaughan's accident, and told him that the chain was not original equipment. The Liebherr representative who inspected the scrap grabber had many questions about and was quite interested in the chain.

5. The chain and hook apparently served the purpose of restraining the operator of the scrap grabber when it is in operation, and help prevent the operator from falling from the cab.

6. It appeared to me that the purpose of the chain was to provide a safety measure for the operator of the scrap grabber at times when the scrap grabber was being operated with the cab door open.

7. The chain and hook implied that operation of the scrap grabber with the cab door open was a permitted use.

8. In my opinion, it would be unsafe for the scrap grabber to be operated with the cab door open at a recycling facility.

9. While there is no specific OSHA regulation that governs scrap grabbers, in my opinion, operation of the scrap grabber with the cab door open would be unsafe.

10. I understand that wTe was cited by OSHA, in connection with Mr. Vaughan's accident, for failing to provide machine guards such as protective shields and/or barriers in an area where the hazard of being struck by projectiles or other debris existed. That hazard existed only when the door to cab of the scrap grabber was open during its operation.

Signed under the pains and penalties of perjury this 12th day of September, 2005.

_____
Curtiss M. Lund

# CURRICULUM VITAE

### CURTISS M. LUND – CRANE CONSULTANT
79 Quartermaster Row, So. Yarmouth, MA 02664
PHONE (508) 394-6627
CELL (508) 878-5564
Fax (508) 398-1716

| | |
|---|---|
| 2002 to Present | Curtiss M. Lund, Crane Consultant. So. Yarmouth, MA. Services provided: Crane & Rigging Accident Investigations, Expert Witness Testimony, and Special Projects involving Cranes And Lifting. |
| 1994 to 2002 – | President of Curt Lund, Inc. So. Yarmouth, MA. Services provided: Crane Inspections and Certifications, Accident Investigations, Expert Witness Testimony, Crane Safety Training Programs and Special Projects involving Cranes and Lifting. |
| 1986 to 1994 – | Crane Safety Consultant and associated with Bob DeBenedictis. Inc., New Smyrna Beach, Florida. Services provided: Crane Inspections and Certifications, Accident Investigations, Expert Witness Testimony and Crane Safety Training Programs. |
| 1982 to 1986 – | Crane Safety Consultant and associated with Bob DeBenedictis, Inc., and Sales-Manager for Julian Crane and Equipment Corp., Watertown, MA. Duties involved Sales and Rentals of Cranes. (Conventional Lattice Boom Truck and Crawler Cranes, Tower Cranes, Hydraulic Telescopic Boom Rough Terrain Cranes, Hydraulic Telescopic Boom Truck Cranes), Concrete Pumps and Personnel/Material Hoists in the New England Area. |
| 1979 to 1982 – | Operations Manager for the Boston area office of B.T. Equipment Company, Smithfield, Rhode Island. Duties involved Rental Sales and all related areas for Cranes, Concrete Pumps, and Personnel/Material Hoists to the Construction Industry in New England. |
| 1979 – 1979 – | Sales-Engineer for Crane Service and Equipment Corp., Somerville, MA. Duties involved Sales and Rentals of Cranes (Manitowoc Crane Distributor), and Concrete Pumps in the New England Area. |
| 1977 – 1979 – | Regional Manager for Crane Inspection and Certification Bureau, Orlando, Florida. Duties involved Crane Inspection and Certifcations, Accident Investigations and Crane Safety Training |

|  |  |
|---|---|
| | Programs. |
| 1962 – 1977 – | Operations Manager for Julian Crane and Equipment Corporation, Watertown, MA. Duties involved Dispatching Rental Cranes, Over-seeing Maintenance, Parts Requirements, New Machine Acquisitions, (in 1972 Fleet consisted of 28 Truck, Crawler and Hydraulic Cranes). Safety Programs, Sales and Rentals of Cranes, Concrete Pumps, Concrete Conveyors, Tower Cranes and Personnel/Material Hoists. |
| 1961 – 1962 – | Inside Sales-Co-coordinator for Genalco, Inc, Needham Heights, MA. Duties involved telephone and inside sales for Contractors and Municipal Supplies in the New England Area. |
| 1960 – 1961 – | Parts Counterman for Perkins Machinery Co., Needham Heights, MA. Duties involved inside sales of parts for Caterpillar Tractor Dealership in MA and RI. |
| 1959 – 1960 – | Inside Sales Co-coordinator for Genalco, Inc, Needham Heights, MA. Duties Involved telephone and inside sales for Contractors and Municipal Supplies in the New England Area. |
| 1958 – 1959 (Part Time) | Rowan Motor Sales, Natick, MA. Duties involved New and Used Car preparation for customer delivery and customer service relations. |
| 1957 – Summer – | Town of Natick, MA. Laborer with Water and Sewer Department. Duties included Manual Labor, Driving Trucks and Operating Heavy Equipment. |
| 1953 – 1957 – | Fairway Sports World, Natick, MA. Maintaining and Operating Mowing Machines Farm Tractor, Golf Driving Equipment, Bowling Alley Machines, Building Maintenance, and Counter Sales and Service to customers. |

### EDUCATION

| | |
|---|---|
| Elementary | Ansonia and Seymour, CT – Graduated 1953 |
| High School | Natick High School, Natick, MA. – Graduated 1957 |
| College | University of Rhode Island – 1 Semester 1958 |
| Business School | Burdett College, Boston, MA – Sales Management Associate Degree – 1959 |

UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

CIVIL ACTION NO. 3:05-CV-30190

DALE T. VAUGHAN, )
BARBARA J. VAUGHAN, )
and BARBARA J. VAUGHAN PPA )
DEREK T. VAUGHAN )
    Plaintiffs )
)
v. )
)
LIEBHERR-INTERNATIONAL AG, )
LIEBHERR-AMERICA, INC., LIEBHERR )
MINING AND CONSTRUCTION EQUIPMENT, INC., )
LIEBHERR CRANE CORP., LIEBHERRR CRAWLER )
CRANE COMPANY, LIEBHERR CONSTRUCTION )
EQUIPMENT COMPANY, LIEBHERR MINING )
EQUIPMENT COMPANY, LIEBHERR CRANES, INC. )
AND GARBOSE METAL CO. )
    Defendants )

## AFFIDAVIT OF DANIELLE J. BARSHAK

I, Danielle J. Barshak, hereby affirm as follows:

1. I am an attorney with the law firm Stobierski & Stobierski. This firm represents the plaintiffs in the above captioned matter. I submit this Affidavit in connection with the plaintiff's Motion to Remand.

2. On September 8, 2005, in an effort to conduct informal discovery, I conveyed certain questions to Dorothy Varon, Esq., of the law firm Robinson Donovan, located in Springfield, Massachusetts. That firm represents the insurer for wTe. Those questions were presented by Attorney Varon to wTe. The answers provided by wTe were reported orally to me by Attorney Varon.

3. To my question whether Garbose offered any pieces of machinery or equipment for sale to wTe other than the Liebherr crane, I was informed by Attorney Varon that wTe's response was "yes." I was also informed by Attorney Varon that to wTe's knowledge, Garbose offered for sale machines or equipment to entities other than wTe.

EXHIBIT A

4.  Attorney Varon reported to me that a representative of wTe told her that prior to the sale of the Liebherr machine, Garbose had sent out a general notice announcing that it was going out of business and that its equipment was for sale.

Signed under the pains and penalties of perjury this 19th day of September, 2005.

_____
Danielle J. Barshak, Esq.