UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

CIVIL ACTION NO. 3:05-CV-30190

| | |
|---|---|
| DALE T. VAUGHAN,<br>BARBARA J. VAUGHAN,<br>and BARBARA J. VAUGHAN PPA<br>DEREK T. VAUGHAN<br>    Plaintiffs<br><br>v.<br><br>LIEBHERR-INTERNATIONAL AG,<br>LIEBHERR-AMERICA, INC., LIEBHERR<br>MINING AND CONSTRUCTION EQUIPMENT, INC.,<br>LIEBHERR CRANE CORP., LIEBHERRR CRAWLER<br>CRANE COMPANY, LIEBHERR CONSTRUCTION<br>EQUIPMENT COMPANY, LIEBHERR MINING<br>EQUIPMENT COMPANY, LIEBHERR CRANES, INC.<br>AND GARBOSE METAL CO.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>PLAINTIFFS' OPPOSITION TO: DEFENDANTS' MOTION TO DROP A MISJOINED
PARTY and MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS</u>

The plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan ppa Derek T. Vaughan, by and through their attorneys, submit this opposition to the defendants' Motion to Drop a Misjoined Party and Motion to Strike Affidavits. The memorandum of law submitted by the plaintiffs in support of their Motion to Remand addresses many of the issues argued by the defendants in the Motion to Drop a Misjoined Party. In particular, much of the disagreement between plaintiffs and defendants focuses on the parties' differing interpretations of two important cases, *Ferragamo v. Massachusetts Bay Transportation Authority*, 395 Mass. 581 (1985) and *Fernandes v. Union Bookbinding Co; Ionics, Inc.*, 400 Mass. 27 (1987), and on how the facts of the present case compare to the circumstance of those two cases. As the plaintiffs

have already offered their interpretation and argument concerning those two cases in their memorandum in support of their Motion to Remand, the plaintiffs will attempt to refrain from repeating those arguments and instead refer the court to that memorandum which plaintiffs incorporate by reference herein.

The defendants suggest that "the plaintiffs fail to state a claim under these three theories of recovery, either in their pleadings or given the undisputed facts of this case." The defendants cannot succeed in their removal effort unless they can show by "clear and convincing evidence, either that outright fraud has been committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant," *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 5 (D. Mass. 2001), citing *Whitaker v. Am Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). Thus, in order to remand this case, and defeat defendants' Motion to Drop a Misjoined Party, the plaintiffs need only establish that one claim is colorable against Garbose Metal, Inc. This is a level of scrutiny even less searching than when a party seeks to dismiss a claim under Fed. R. Civ. P. 12(b)(6)[1]. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848. 852 (3rd Cir. 1992). As long as any of the plaintiffs' claims are not insubstantial or frivolous, this case must be remanded. *Id.* At 853.

The Plaintiffs' Affidavits:

The defendants have moved to strike two affidavits filed by the plaintiffs in connection with their Motion to Remand. If the affidavits stand, the defendants cannot credibly claim that the facts they present are undisputed. The defendants contend, essentially, that the two affidavits contain hearsay and opinion evidence which would not be admissible pursuant to the Federal Rules of Evidence, and ask that the court strike certain paragraphs from consideration. The plaintiffs do not disagree that the affidavits themselves would not be admissible at trial of

this matter. The plaintiffs suggest, however, that in the present context of a consideration of the propriety of removal, which decision will be made before any discovery has been taken, the contents of the plaintiffs' affidavits should be considered and the defendants' objections should be disregarded.

A federal court considering the propriety of removal or remand reviews the parties' pleadings and may also consider summary judgment type evidence such as affidavits, transcripts and exhibits. *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 5-6 (D. Mass. 2001). Therefore, certain documents are reviewed, despite their inclusion of hearsay or otherwise inadmissible evidence. Certainly, a plaintiff's complaint constitutes the most obvious example of such a document. Even the defendants' own declaration of Mr. Wilfried Wotke (which they chose to submit in place of an affidavit in support of their Motion to Drop a Misjoined Party) is also hearsay in that it contains the statements of a declarant, not made "by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 801(c). (Also inadmissible as hearsay would be the affidavit of S. Bernard Garbose, provided by the defendants in support of their Notice of Removal.)

The plaintiffs have had no opportunity to depose or cross-examine Mr. Wotke (or Mr. Garbose) and test their statements. Nor have the plaintiffs yet had the opportunity to obtain documents from the defendants, nor, importantly, to discover the identities of and obtain discovery from the Liebherr representatives who appeared to question the existence, (or perhaps condition) of the chain on the cab of the machine. (Interestingly, the defendants do not produce an affidavit or declaration from those particular Liebherr representatives who would have direct, first-hand knowledge about the chain and its condition at the time of their inspection.) As noted by the court in *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 6 (D. Mass. 2001) "an

---

[1] Garbose itself has not filed a motion to dismiss pursuant to Rule 12(b)(6).

3

examination of evidence extrinsic to the allegations of the complaint, to determine whether there is any reasonable likelihood of recovery, can be problematic in fact-laden disputes, particularly where the opportunity for discovery has been lopsided." (Citing to *Mill-Bern Assoc., Inc., v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240, 245 (D. Mass.1999) (rejecting claim by a defendant based on one deposition transcript that plaintiff cannot prove claims against non-diverse party where complaint's allegations were sufficient and discovery had just begun).

If the issues presented in the Notice of Removal and Motion to Drop a Misjoined party had been presented in the context of a Motion for Summary Judgment and the state of discovery was as it presently stands, (to wit, non-existent,) the court would have good cause to refuse the defendants' application for summary judgment and either continue the matter for discovery or deny the motion for summary judgment outright. Fed. R. Civ. P. 56(f) states, "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.")

However, the issue presented through the Notice of Removal, that is, whether the defendants have met their burden of proving by "clear and convincing evidence, either that outright fraud has been committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant," is here not presented in the context of a summary judgment. Accordingly, the level of scrutiny is not that applied in a summary judgment proceeding, but rather the considerably lesser level of scrutiny applied in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

4

If the court were to credit the defendants' objections to the affidavits supplied by the plaintiffs, (which were, in the absence of discovery and a mechanism to get information from the defendants Garbose and Liebherr and non-party wTe[2], the best evidence available,) the plaintiffs would request that the defendants' affidavit of Mr. Garbose and declaration of Mr. Wotke also be stricken from the record in this matter. Alternatively, the plaintiffs would request that this court defer decision upon whether the defendants have met their heavy burden of proving that the plaintiffs have no reasonable basis in law and fact for even one cause of action against Garbose until the plaintiffs have had the opportunity to conduct discovery, while ensuring that said discovery was not construed as a submission by the plaintiffs to federal court jurisdiction. However, the plaintiffs maintain that even as the matter stands now, the defendants have not met their heavy burden and the court should remand this action and permit the plaintiffs to pursue their causes of action against Liebherr and Garbose in the forum of their choice. The removal and diversity jurisdiction statutes should be strictly construed against federal jurisdiction to avoid infringing upon the rights of state courts to determine matters of state law. See, *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1,4 (1st Cir. 1990).

The Warranty Causes of Action:

The defendants first suggest that "the plaintiffs fail to allege necessary elements of an action for breach of the implied warranty of merchantability" and that the "undisputed facts preclude the possibility for stating such an action." (Deft.s Mem. of Law, p.7) Defendants assert

---

[2] After some discussion, the attorneys for wTe have agreed to allow Mr. Swift, an executive of wTe to sign an affidavit that will substantiate the facts reported in the affidavit of Attorney Danielle Barshak. As of this writing, said affidavit has not yet been provided to the plaintiffs. The plaintiffs request that they be permitted to supplement this memorandum of opposition with Mr. Swift's affidavit when it is produced.

that the plaintiffs did not allege in their complaint that Garbose was a "merchant dealing in goods of this kind." However, the plaintiffs did allege that Garbose sold the scrap handler, (Complaint, par. 20); that Garbose had operated a waste handling facility and used the Liebherr machine in the conduct of its business, (Complaint, par. 21); and that Garbose was experienced and knowledgeable with respect to the machine, (Complaint, par. 22). Those paragraphs, coupled with the allegations that Garbose sold other goods and solicited sales provide sufficient basis for finding that the plaintiffs adequately allege that Garbose should be held to the standards of a merchant.

"Professionalism, special knowledge and commercial experience are to be used in determining whether a person in a particular situation is to be held to the standards of a merchant." *Ferragamo v. Massachusetts Bay Transportation Authority*, 395 Mass. 581,587 (1985) quoting *Decatur Coop. Ass'n v. Urban*, 219 Kan. 171, 176-177 (1976). "The test is whether a person is so experienced and knowledgeable under the circumstances that he should be charged with the more substantial burden imposed upon a merchant." *Ferragamo*, 395 Mass at 587, quoting *Sea Harvest, Inc. v. Rig & Crane Equip. Corp.*, 181 N.J. Super. 41, 48 (1981). Whether Garbose can be held to the standards of a merchant <u>under the circumstances</u> is, as the plaintiffs noted in their memorandum in support of their Motion to Remand, a factual question about which there is significant dispute.

All disputed questions of fact and legal ambiguities must be resolved in the plaintiffs' favor. See, *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp. 1,6. The defendants contend that "it is undisputed, moreover, that Garbose sold the used subject material handler in connection with the winding down of its business, as an isolated sale." It is neither undisputed that the sale was an isolated one, nor does Mr. Garbose's affidavit truly support such a contention. (Mr.

6

Garbose's affidavit, paragraph 8, artfully states that Garbose sold no other material handler manufactured by Liebherr. The statement begs the question(s), however, whether Garbose sold material handlers manufactured by another company; whether it sold other types of equipment manufactured by Liebherr; and whether it sold other equipment that was neither a material handler nor made by Liebherr- a category which in itself is nearly limitless.)

The defendants do not conclusively establish that Garbose should not be held to the standard of a merchant. It could reasonably be found that by virtue of its long-term experience with the machine, that Garbose "has a professional status with regard to the goods involved such that it could be expected to have specialized knowledge or skill peculiar to those goods." *Ferragamo*, 395 Mass. at 586. Although the defendants urge this court to disregard the evidence that Garbose altered the chain, the plaintiffs do raise a significant issue of fact in that regard. Using and altering the machine could be construed to endow Garbose with a professional status, as was the MBTA in *Ferragamo*.

At best, the defendants show that whether Garbose is a merchant, or should be held to the standards of one, are contested issues of fact and law which must be resolved, at this juncture, in the plaintiffs' favor. The defendants' analysis *reductio ad absurdum* simply does not hold, since the defendants mischaracterize Garbose Metal's status. A more apt analogy than that suggested by the defendants would be, if that same used lawn-mower described by the defendants, were sold, not at a garage sale by some hapless individual, but rather by a professional landscaper who regularly used and repaired the mower to one of several buyers directly solicited by that landscaper. Under those circumstances, a finder of fact could find that the landscaper could be expected to have specialized knowledge and skill as to support a cause of action for breach of warranty. So too, could Garbose arguably be expected to have the specialized knowledge and

experience that support a cause of action by the plaintiffs for breach of the implied warranty of merchantability.

The Negligence Causes of Action:

The defendants contend that the plaintiffs cannot state a cause of action in negligence. As is the case with the warranty claims, there exist disputed questions of fact, which must be resolved, in the present context, in favor of the plaintiffs. The evidence which the defendants cite to support their contentions is currently available exclusively to the defendants. Although the defendants declare that the "facts" stated in their Notice of Removal and affidavit of Mr. Garbose are unrefuted, and therefore must be taken as true, a certain fairness issue is presented which would suggest that the "facts" be given limited effect. The plaintiffs cannot question Mr. Garbose, (a represented party who has not yet filed an Answer,) nor, have they yet been permitted by wTe's attorneys to seek evidence directly from wTe. It can be reasonably presumed that Liebherr will not voluntarily provide evidence which the plaintiffs can cite to refute their facts. Therefore, the plaintiffs suggest that the "facts" summonsed by the defendants are of limited and untested credibility and value.

For example, in support of their claim that the plaintiffs have no cause of action in negligence against Garbose as a seller of used equipment pursuant to the Restatement (Second) of Torts, §402, the defendants offer the declaration of Mr. Wotke that "all said model machines…were provided by the manufacturer with a hook and chain affixed to the front and rear posts of the cab door opening, as standard equipment." (Decl. W. Wotke, par. 4). As was the case with Mr. Garbose's affidavit, the defendants' "evidence" here omits more than it states. Was the chain, when examined shortly after Mr. Vaughan's accident in the same place and condition as when it was installed? Was there some other aspect of the chain that would imply

8

that Garbose had taken some action(s) with respect to it? Was it even the original chain? Given the unrefuted allegations contained within the affidavit of Mr. Curtiss Lund that certain representatives of Liebherr stated, <u>prior to the initiation of litigation</u> and shortly after the accident, that the chain was not original, and that those same Liebherr representatives had many questions about the chain, the defendants cannot credibly state that there is no plausible basis in law or fact for a negligence action against Garbose.[3] The plaintiffs' allegations that Liebherr representatives questioned the condition of the chain support their claim that Garbose took some actions which altered the condition of the machine. If that is so, then Garbose would, conceivably, know or have reason to know of a dangerous character or condition of the materials handler, and the plaintiffs would have a colorable claim pursuant to the Restatement (Second) of Torts § 402.

Some "facts" which the defendants claim the plaintiffs either fail to plead or dispute actually constitute contested issues that will need to be resolved by a fact-finder after full discovery. Those issues include, what did Garbose know or have reason to know about the potential dangerousness of the machine, did Garbose have reason to believe that wTe would not realize the machine's dangerous condition and did Garbose fail to exercise reasonable care to inform wTe of the machine's dangerous condition. The plaintiffs contend that as a professional user of the machine for nine years, Garbose had sufficient experience with the machine to provide it with reason to know of its dangerous condition. The evidence would also support a finding that Garbose had reason to believe that wTe would not (at least immediately) realize the machine's dangerous condition, (the fact that Garbose used the machine for nine years would

---

[3] The plaintiffs recognize that the defendants have challenged the admissibility of Mr. Lund's affidavit. However, as has been already argued, either that affidavit should stand, or the plaintiffs should have the opportunity to conduct the discovery that would lead to the same allegations contained within Mr. Lund's affidavit concerning statements made by Liebherr representatives. Either way, it can be anticipated that such evidence will materialize. Given that

9

reasonably support an assumption by wTe that the materials handler did not contain a dangerous condition). Finally, that Garbose failed to exercise reasonable care under the circumstances, a highly fact-specific determination, could be found, even under the present record. (Not to belabor the point, but such a fact-dependent determination should not be made to the detriment of the plaintiffs at least until the plaintiffs have had the opportunity to conduct full discovery.)

As already argued, given that no discovery has been conducted (nor can be until this matter is resolved and the parties know in which court they will be proceeding), the plaintiffs are presently restricted in their ability to discover facts which would tend to refute the defendants' "undisputed facts." Even so, the plaintiffs suggest that the record already contains facts and allegations sufficient to lead to the conclusion that Garbose may be held negligent. Certainly the fact that OSHA determined that its safety regulations were violated through the operation of the machine without protective shields or barriers would suggest that the machine was in an obviously dangerous condition. It could therefore reasonably be found that Garbose, which had utilized the machine for almost a decade, had reason to know of that dangerous condition. Furthermore, the OSHA violation may itself be evidence of negligence that can be asserted against Garbose. If, as defendants suggest, the chain was original equipment, but Garbose altered the chain, and that alteration can be causally linked to Mr. Vaughan's injuries, then an action in traditional negligence lies.

In their Notice of Removal and Motion to Drop a Misjoined Party, the defendants attempt to short-circuit the plaintiffs' right and ability to raise all valid claims against all appropriate defendants. The plaintiffs urge this court to decline the defendants' invitation to leap to a final determination of law and facts at this early stage of litigation. For all the above reasons, the

---

the defendants bear the burden in this matter, it would be reasonable to expect that they would have refuted Mr. Lund's statement if that were possible.

plaintiffs request that the defendants' Motion to Drop a Misjoined Party and Motion to Strike Plaintiffs' Affidavits be denied, and that this matter be remanded to the Superior Court where the plaintiffs can fully litigate their claims against both alleged tortfeasors.

                                              Respectfully Submitted,
                                              Plaintiffs
                                              Dale T. Vaughan, Barbara J. Vaughan
                                              Barbara J. Vaughan, ppa Derek T. Vaughan,
                                              By Their Attorneys,

                                              John J. Stobierski, Esq.
                                              BBO#549222
                                              Danielle J. Barshak, Esq.
                                              BBO #553347
                                              Stobierski & Stobierski
                                              377 Main Street
                                              Greenfield, MA  01301
                                              (413)774-2867

Dated:  October 25, 2005