AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF ─── MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J. VAUGHAN
and BARBARA J. VAUGHAN PPA DEREK T.
VAUGHAN, Plaintiffs

v.

LIEBHERR-INTERNATIONAL AG, LIEBHERR-AMERICA, INC.,
LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR
CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, LIEBHERR
CRANES, INC. and GARBOSE METAL CO., Defendants

### SUMMONS IN A CIVIL CASE

CASE NUMBER: 3:05-CV-30190

TO: (Name and address of defendant)    Liebherr-International AG
19 Rue de I'Industrie Postfach 272 CH-1630, Bulle/FR, Switzerland

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John J. Stobierski, Stobierski & Stobierski
377 Main Street, Greenfield, MA  01301

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

SARAH A. THORNTON

_____
CLERK

_____
(BY) DEPUTY CLERK

_____9/15/05_____
DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

_____

☐ Returned unexecuted: _____

_____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
              *Date*                        *Signature of Server*

                                         _____
                                              *Address of Server*

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

CERTIFICATE

*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *

*1. que la demande a été exécutée*

- the (date)
- *le (date)*    7 octobre 2005
- at (place, street, number)
- *à (localité, rue numéro)*    CH-1630 Bulle, rue de l'Industrie 45

- in one of the following methods authorised by article 5-
- *dans une des formes suivantes prévues à l'article 5:*

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
   *a) selon les formes légales (article 5, alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method*:
   *b) selon la forme particulière suivante :*

☐ (c) by delivery to the addressee, who accepted it voluntarily. *
   *c) par remise simple*

The documents referred to in the request have been delivered to:

*Les documents mentionnés dans la demande ont été remis à:*

-(identity and description of person)
-*(identité et qualité de la personne)*    Pythoud

-relationship to the addressee (family, business, or other):
-*liens de parenté, de subordination ou autres, avec le destinataire de l'acte:*    collaborateur

2) that the document has not been served, by reason of the following facts*:

*2. que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

Annexes

*Annexes*

Documents returned:

*Pièces renvoyées:*

1 ex. de votre dossier

Done at    CH-Fribourg    , the    12 octobre 2005
*Fait à*        *, le*

In appropriate cases, documents establishing the service:

*Le cas échéant, les documents justificatifs de l'exécution:*

acte judiciaire original

Signature and / or stamp.

*Signature et / ou cachet.*



RA 2005-154

# REQUEST

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### DEMANDE
### AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER
### D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciares en matière civile
ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Karina Shreefer, Esq.<br>LEGAL LANGUAGE SERVICES<br>8014 State Line Road, Suite 110<br>Leawood, Kansas 66208<br>UNITED STATES OF AMERICA<br>Tel. 1.913.341.3167 | HAGUE CENTRAL AUTHORITY FOR THE CANTON OF FRIBOURG<br>Tribunal Cantonal<br>Place de l'Hôtel de Ville 2a<br>1702 Fribourg<br>SWITZERLAND |

The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 of the
above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)

*Le requérant soussigné a l'honneur de faire parvenir-en double exemplaire-à l'autorité destinataire les documents ci-dessous énumérés,
en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identité et adresse)    LIEBHERR-INTERNATIONAL AG (No. CH-212-0430619-3)

45, Rue de l'Industrie, 1630 Bulle, SWITZERLAND

☐    (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*(a) selon les formes légales (article 5, alinéa premier, lettre a).*

☒    (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*(b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*    Personal service in accordance with your internal

law for service of documents upon persons or entities in your territory.

☐    (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*(c) le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes*--with a certificate
as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte-et de ses annexes-avec
l'attestation figurant au verso.*

**SERVICE IS REQUESTED PURSUANT TO PUBLIC LAW 97-462 OF FEB. 26, 1983 WHICH AMENDED RULE 4(c)2(a) OF
THE U.S. FEDERAL RULES OF CIVIL PROCEDURE.**

List of documents
*Enumération des pieces*

Executed "Request," in duplicate

"Certificate" (unexecuted), in duplicate

"Summary" with Attachment "A," in duplicate

"Notice," in duplicate

Summons in a Civil Case, in English and French, in duplicate

Summons, in English and French, in duplicate

Tracking Order – F Track, in English and French, in duplicate

Civil Action Cover Sheet, in English and French, in duplicate

Complaint – Jury Trial Demand, in English and French, in duplicate

*Delete if inappropriate
Rayer les mentions inutiles.

Done at  Leawood, Kansas, USA, the  3rd  Oct, 2005

*Fait à* _____ , *le* _____

Signature and/or stamp.
*Signature et/ou cachet.*

(Formerly OBD-116 which was formerly LAA-116,
both of which may still be used)

USM-94
(Est. 11/22/77)



LSt



05.10.05    01000

704278

ROG 2005-154

Accusé de réception
Empfangsbestätigung

(La réception doit aussi être attestée dans le carnet
de distribution)

(Der Empfang ist auch im Zustellbuch zu bescheini-
gen)

Le soussigné atteste la réception de l'envoi dont le
contenu est le suivant:

Der Unterzeichnete bescheinigt den Empfang der
Sendung mit folgendem Inhalt:

Summons in a Civil Case.
Summons. Tracking Order-FTrack.
Civil Action Cover Sheet.
Complaint.

Lieu   Bulle
Ort

Date 07.10.2005
Datum



ature
rschrift

568 15000

**Gerichtsurkunde** zuzustellen an

Liebherr International AG
45, rue de l'Industrie
1630 Bulle

| A renvoyer à | GREFFE DU TRIBUNAL CANTONAL |
| Zurückzusenden an | KANTONSGERICHTSSCHREIBEREI |
| | Case postale/ Postfach 56 |
| | 1702 Fribourg / Freiburg |



## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'éranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*
**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Karina Shreefer, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*    DALE T. VAUGHAN, BARBARA J. VAUGHAN, et al., *Plaintiffs*
    **LIEBHERR-INTERNATIONAL AG**, LIEBHERR-AMERICA, INC., et al., *Defendants*

### JUDICIAL DOCUMENT\*\*
#### *ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    To give notice to the Defendant of the commencement of a civil claim against it,
    and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    See Attachment "A."

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*    Defendant is summoned and required to serve upon Plaintiff's Attorney (Stobierski & Stobierski) an answer to
the Complaint within twenty (20) days after service of the Summons, exclusive of the day of service. Defendant must also file its answer
within a reasonable period of time after service with the Clerk of the United States District Court, District of Massachusetts located at:
Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, U.S.A.
**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*    N/A

**Date of judgment\*\*:**
*Date de la décision :*    N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    Defendant is summoned and required to serve upon Plaintiff's Attorney (Stobierski & Stobierski) an
answer to the Complaint within twenty (20) days after service of the Summons, exclusive of the day of service. If Defendant fails to do so,
judgment by default will be taken against it for the relief demanded in the Complaint. Defendant must also file its answer with the Clerk of
the Court within a reasonable period of time after service.
### EXTRAJUDICIAL DOCUMENT\*\*
#### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    N/A

\*  If appropriate, identity and address of the person interested in the transmission of the document.
  *S'il y a lieu, idmtité et adresse de la personne intéressée à la transmission de l'acte.*
\*\* Delete if inappropriate.
  *Rayer les mentions inutiles.*

\*U.S. Government Printing Office: 1990-262-211/153 2

3

**Attachment "A"**
**to "Summary of the Document to be Served"**

Plaintiffs allege that on June 13, 2002, Dale T. Vaughan was operating a crane that was designed, manufactured, sold, advertised, inspected and/or serviced by the Liebherr Defendants, and purchased from Defendant Garbose Metal Co. Dale T. Vaughan was severely injured when a wheel was propelled through the open door of the cab of the crane, penetrating through his hard hat into his skull. Plaintiffs allege that the injuries and other damages they have suffered are the direct and proximate result of Liebherr's defective and unreasonably dangerous product and also of the Defendants' acts and omissions in connection with this product.

Plaintiffs allege breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and negligence.

Plaintiffs demand judgment for the following relief: judgment against Defendants; damages; costs and interest; and such other relief as the Court may order.

**NOTICE**
*(recommended by the Fourteenth Session of
Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

> LIEBHERR-INTERNATIONAL AG
> (No. CH-212-0430619-3)
> 45, Rue de l'Industrie
> 1630 Bulle
> SWITZERLAND

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Volunteer Lawyer Project of the Boston Bar Association, Inc.
29 Temple Place
Boston, Massachusetts 02111
U.S.A.
Tel. 1.617.423.0648

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Volunteer Lawyer Project of the Boston Bar Association, Inc.
29 Temple Place
Boston, Massachusetts 02111
U.S.A.
Tel. 1.617.423.0648



**LEGAL LANGUAGE SERVICES**

*International Litigation Support*
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone   (913) 341-3767
Toll Free   (800) 755-5775
Telefax   (913) 341-3768
www.legallanguage.com

**October 3, 2005**
*3 octobre 2005*

**To whom it may concern:**
*A qui de droit:*

**This is to certify that the attached translation from English into French is an accurate representation of the document received by this office. This document is designated as:**
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau. Ce document est désigné sous le titre:*

**Summons in a Civil Case**
*Assignation dans une cause civile*

**Maria Victoria Portuguez, Manager of this company, certifies that Patricia Guittet, who translated this document, is fluent in French and standard North American English and qualified to translate. He/She attests to the following:**
*Maria Victoria Portuguez, directeur de cette compagnie certifie que Patricia Guittet, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire. Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

_____
**Signature of Maria Victoria Portuguez**
*Signature de Maria Victoria Portuguez*

**Subscribed and sworn to before me this October 3, 2005.**
*Déclaration faite sous serment devant moi, le 3 octobre 2005.*

_____
**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2008**

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2008*

**Sincerely,**
*Sincèrement,*

**Victor J. Hertz**
**President**/*Président*

AO 440 (Rev. 10/93) Assignation dans une Action Civile

# Tribunal Fédéral De Première Instance Des États-Unis

## DISTRICT DU

### MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J. VAUGHAN
et BARBARA J. VAUGHAN REPRÉSENTANT      **ASSIGNATION DANS UNE CAUSE CIVILE**
DEREK T. VAUGHAN, Demandeurs
              **Contre**                        NUMÉRO DE CAS  : 3:05-CV-30190
LIEBHERR-INTERNATIONAL AG, LIEBHERR-AMERICA, INC.,
LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR
CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, LIEBHERR
CRANES INC. et GARBOSE METAL CO., Défendeurs


        **À L'ATTENTION DE**  : (nom et adresse du défendeur)    Liebherr-International AG
19, Rue de l'Industrie, Postfach 272, CH-1630 Bulle/FR, SUISSE



        **VOUS ÊTES PAR LA PRÉSENTE CITÉ À COMPARAÎTRE** et   tenu de faire parvenir
à l'AVOCAT DU DEMANDEUR (nom et adresse)
John J Stobierski, Stobierski & Stobierski
377 Main Street, Greenfield, MA 01301


une réponse à la  plainte qui  vous est remise ci-après, dans un délai de _____20_____ jours suivant  la
notification de cette citation à comparaître, excluant la date de la notification. Tout manquement de votre part,
entraînera contre vous un jugement par défaut allant  dans le sens de la demande d'exonération  formulée
dans cette plainte. Vous devez également soumettre votre réponse au Greffier de ce tribunal dans un délai
raisonnable après réception de la notification.



____SARAH A. THORNTON_____              _____15/9/05____
GREFFIER                                DATE



_____[signature]_____
(PAR) ADJOINT AU GREFFIER

AO 440 (Rev. 10/93) Assignation dans une Action Civile

# RAPPORT DE NOTIFICATION

| | DATE : |
|---|---|
| J'ai effectué en personne la signification de l'Assignation et de la Plainte [1] | |
| NOM DU PRÉPOSÉ (*EN CARACTERES D'IMPRIMERIE*) : | TITRE : |

*Prière de cocher une case ci-après pour indiquer le mode approprié de signification.*

☐   J'ai signifié en mains propres au Défendeur. Lieu de la signification : _____
_____

☐   J'ai laissé des copies des documents au lieu de résidence ou à la demeure habituelle du
Défendeur, à une personne d'âge et de jugement adéquats qui y résidait alors.
Nom de la personne à qui l'assignation et la plainte ont été remis : _____
_____

☐   Après tentative, les documents n'ont pas été signifiés : _____
_____
_____
_____

☐   Autre (*veuillez préciser*) : _____
_____

## ÉTAT DES FRAIS DE NOTIFICATION

| DÉPLACEMENT : | SERVICES : | TOTAL : |
|---|---|---|

## DÉCLARATION DU PRÉPOSÉ À LA NOTIFICATION

Je déclare sous peine de parjure aux lois des États-Unis d'Amérique que les
informations précédentes contenues dans la Rapport de Notification et dans L'État des Frais
de Notification sont véridiques et exacts.

Fait le : _____
Date

_____
Signature du Préposé

_____
Adresse du Préposé

[1] Pour tous renseignements sur les personnes habilitées à remettre une notification se référer à la Règle 4 Des Règles Fédérales de
Procédure Civile

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF

## MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J. VAUGHAN
and BARBARA J. VAUGHAN PPA DEREK T.
VAUGHAN, Plaintiffs
v.

LIEBHERR-INTERNATIONAL AG, LIEBHERR-AMERICA, INC.,
LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR
CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, LIEBHERR
CRANES, INC. and GARBOSE METAL CO., Defendants

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 3:05-CV-30190

TO: (Name and address of defendant)     Liebherr-International AG
19 Rue de l'Industrie Postfach 272 CH-1630, Bulle/FR, Switzerland

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John J. Stobierski, Stobierski & Stobierski
377 Main Street, Greenfield, MA   01301

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

## SARAH A. THORNTON

_____
CLERK

9/15/05
_____
DATE

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                                     Signature of Server

                                                    _____
                                                    Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure



**LEGAL LANGUAGE SERVICES**

*International Litigation Support*
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone  (913) 341-3167
Toll Free   (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

**October 3, 2005**
*3 octobre 2005*

**To whom it may concern:**
*A qui de droit:*

**This is to certify that the attached translation from English into French is an accurate representation of the document received by this office. This document is designated as:**
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau. Ce document est désigné sous le titre:*

**Civil Action Cover Sheet**
*Page de couverture de l'action civile*

**Maria Victoria Portuguez, Manager of this company, certifies that Patricia Guittet, who translated this document, is fluent in French and standard North American English and qualified to translate. He/She attests to the following:**
*Maria Victoria Portuguez, directeur de cette compagnie certifie que Patricia Guittet, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire. Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

---

**Signature of Maria Victoria Portuguez**
*Signature de Maria Victoria Portuguez*

**Subscribed and sworn to before me this October 3, 2005.**
*Déclaration faite sous serment devant moi, le 3 octobre 2005.*

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2008**

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2008*

**Sincerely,**
*Sincèrement,*

**Victor J. Hertz**
**President**/*Président*

| **PAGE DE COUVERTURE DE L'ACTION CIVILE** | Tribunal de Première Instance du Massachusetts DEPARTEMENT DE LA COUR SUPERIEURE Comté : Franklin | Nº Registre : 05-058 |
|---|---|---|

| DEMANDEURS | DÉFENDEUR(S) |
|---|---|
| Dale T. Vaughan, Barbara J. Vaughan et Barbara J. Vaughan représentant Derek T. Vaughan | |

| AVOCAT, NOM DU CABINET, ADRESSE ET TELEPHONE | AVOCAT (si connu) |
|---|---|
| John J. Stobierski, Stobierski & Stobierski  (413) 774- 2867 377 Main Street, Greenfield, MA 01301<br><br>Nº Inscription au barreau : 549222 | |

Code d'origine et désignation des étapes de l'échéancier

Cocher une seule case :
- ☒ 1. F01 Plainte originale
- ☐ 2. F02 Retrait à la Cour Sup. C. 231, art. 104 (avant le procès)  (F)
- ☐ 3. F03 Renvoi à la Cour Sup. C. 231, art. 102 C  (X)

- ☐ 4. F04 Appel à la Cour de district C. 231, art. 97 & 104 (après le procès)
- ☐ 5. F05 Réactivé après réécriture ; redressement d'après ordre de jugement (art. 60 C.P.C. du Mass.)
- ☐ 6. E10 Appel de résumé d'assignation

**TYPE D'ACTION ET DESIGNATION DE L'ÉCHÉANCE (voir au recto)**

| Nº de CODE | TYPE D'ACTION (spécifier) | ÉCHÉANCIER | PRÉSENCE DU JURY ? |
|---|---|---|---|
| B04 | Préjudice – Autre Négligence Blessure corporelle | ( F ) | (X) Oui   ( ) Non |

Ce qui suit est une liste intégrale détaillée des faits sur lesquels le demandeur se fonde pour déterminer les dommages et intérêts. Sur ce formulaire, ne tenez pas compte des demandes en réparation en double ou triple ; indiquez les dommages simples uniquement.

**DEMANDES DE DOMMAGES ET INTERETS**
(Joindre des feuilles supplémentaires si nécessaire)

A. Dépenses médicales à ce jour, avec pièces justificatives : estimées en fonction des barèmes de la commission des accidents industriels (en dollars) :
1. Total des frais d'hospitalisation..............................................................$    76 888,74
2. Total des honoraires de médecin.............................................................$    33 897,37
3. Total des honoraires de chiropracteur......................................................$    0,00
4. Total des honoraires de kinésithérapeute..................................................$    1 160,77
5. Total des autres dépenses …radiologie, ambulance, soins à domicile ...................$    48 201,06
   **Sous-total**    $    **160 147,94**
B. Pertes de salaire et compensations documentées à ce jour …………..estimées à ...........................$    158 042,24
C. Dégâts matériels justifiés à cette date ...............................................................$    0,00
D. Frais anticipés et raisonnables médicaux et d'hospitalisation estimés à …… ....................................$    inconnus
E. Pertes de salaire et compensations anticipées raisonnables ....estimées à…... .................................$    1 124 822,40
F. Autres dommages documentés (décrire) : .......................................................................$    0,00
G. Description brève des blessures du demandeur, y compris leur nature et leur étendue (décrire) :
   Alors qu'il manipulait une grue sur son lieu de travail, une roue en métal traversa le
casque de sécurité de l'employé et se planta dans son crâne et son cerveau, causant des
contusions du lobe frontal cérébral, un hématome sous dural et une lésion cérébrale permanente.
   **TOTAL :**    $    **1 443 012,58**

**PLAINTES CONTRACTUELLES**
(Joindre des feuilles supplémentaires si nécessaire)

Fournir une description détaillée de plaintes :

   **TOTAL**    $

VEUILLEZ DÉSIGNER, PAR NUMÉRO D'AFFAIRE, NOM ET COMTÉ, TOUTE ACTION RELATIVE EN INSTANCE DANS LE SERVICE DE LA COUR SUPÉRIEURE : aucune

« Je certifie par la présente que j'ai répondu aux conditions de l'article 5 règles d'uniformisation de la Cour Judiciaire Suprême sur la résolution de conflit (« Supreme Judicial Court Uniform Rules ») (SJC Règle 1:18) exigeant que je fournisse à mes clients les informations relatives aux services de règlement du conflit et que je discute avec eux des avantages et inconvénients des diverses méthodes.»

| Signature de l'avocat :   [Signé illisible] | DATE :   le 10 juin 2005 |
|---|---|

A.O.S.C.2003    PSC(800)518-8726-c.p.f

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: <u>Franklin</u> | Docket Number:<br>05-058 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan ppa Derek T. Vaughan | |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| John J. Stobierski, Stobierski & Stobierski   (413) 774-2867<br>377 Main Street, Greenfield, MA  01301 | |
| Board of Bar Overseers Number     549222 | |

### Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment Order (Mass. R. Civ. P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

FRANKLIN SUPERIOR COURT
FILED
2005 JUN 10 PM 12:37

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | <u>Tort-Other Negligence Personal Injury</u> | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
### (Attach additional sheets as necessary)

| | | |
|---|---|---|
| A. | Documented medical expenses to date:  Estimated per Industrial Accident Board Rates | |
| | 1. Total hospital expenses............................................................................................................ | $   76,888.74 |
| | 2. Total Doctor expenses.............................................................................................................. | $   33,897.37 |
| | 3. Total chiropractic expenses...................................................................................................... | $        0.00 |
| | 4. Total physical therapy expenses.............................................................................................. | $   1,060.77 |
| | 5. Total other expenses......radiology, ambulance, Home Care.................................................. | $   48,201.06 |
| | **Subtotal** | $  160,047.94 |
| B. | Documented lost wages and compensation to date.........estimated.......................................... | $  158,042.24 |
| C. | Documented property damages to date.......................................................................................... | $        0.00 |
| D. | Reasonable anticipated future medical and hospital expenses.................................................... | $     unknown |
| E. | Reasonable anticipated lost wages.....................estimated......................................................... | $ 1,124,822.40 |
| F. | Other documented items of damages (describe): | $        0.00 |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe): | |

While operating a crane at place of employment, a metal wheel struck through employee's safety helmet into his skull and brain, causing frontal lobe brain contusions,  subdural hematoma and permanent brain damage.

|  | **TOTAL** | **$1,443,012.58** |
|---|---|---|

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

|  | **TOTAL  $** |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:
None

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

| Signature of Attorney of Record | DATE:   June 10, 2005 |
|---|---|

A.O.S.C. 2003

PSC (800) 518-8726 – c.g.f.



**LEGAL LANGUAGE SERVICES**

*International Litigation Support*
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

October 3, 2005
*3 octobre 2005*

**To whom it may concern:**
*A qui de droit:*

**This is to certify that the attached translation from English into French is an accurate representation of the document received by this office. This document is designated as:**
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau. Ce document est désigné sous le titre:*

**Complaint – Jury Trial Demand**
*Plainte – procès avec jury demandé*

**Maria Victoria Portuguez, Manager of this company, certifies that Patricia Guittet, who translated this document, is fluent in French and standard North American English and qualified to translate. He/She attests to the following:**
*Maria Victoria Portuguez, directeur de cette compagnie certifie que Patricia Guittet, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire. Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

Signature of Maria Victoria Portuguez
*Signature de Maria Victoria Portuguez*

**Subscribed and sworn to before me this October 3, 2005.**
*Déclaration faite sous serment devant moi, le 3 octobre 2005.*

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2008**

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2008*

**Sincerely,**
*Sincèrement,*

**Victor J. Hertz**
**President/***Président*

COMMONWEALTH DU MASSACHUSETTS
DÉPARTEMENT DE LA COUR SUPÉRIEURE

COMTE DE FRANKLIN                                    ACTION CIVILE N° 05-058

DALE T. VAUGHAN,                          )
BARBARA J. VAUGHAN,                       )
et BARBARA J. VAUGHAN représentant        )
DEREK T. VAUGHAN                          )
    demandeurs,                           )
                                          )
contre                                    )
                                          )
LIEBHERR-INTERNATIONAL AG,                )
LIEBHERR-AMERICA, INC., LIEBHERR          )
MINING AND CONSTRUCTION EQUIPMENT, INC.,  )
LIEBHERR CRANE CORP., LIEBHERR CRAWLER     )
CRANE COMPANY, LIEBHERR CONSTRUCTION      )
EQUIPMENT COMPANY, LIEBHERR MINING        )
EQUIPMENT COMPANY, LIEBHERR CRANES INC.   )
ET GARBOSE METAL CO.                      )
    défendeurs.                           )

## PLAINTE – PROCÈS AVEC JURY DEMANDÉ

### PARTIES :

1.     Le demandeur, Dale T. Vaughan, est un résident et un citoyen du Commonwealth du Massachusetts, domicilié au : 289 Ashfield Rd, Buckland, Comté de Franklin, Massachusetts.

2.     La demanderesse, Barbara J. Vaughan, est l'épouse du demandeur Dale T. Vaughan, et réside au : 289 Ashfield Rd, Buckland, Comté de Franklin, Massachusetts.

3.     Le demandeur, Derek T. Vaughan, est le fils mineur des demandeurs Dale T. Vaughan et Barbara J. Vaughan et est une personne physique résidant au : 289 Ashfield Rd, Buckland, Comté de Franklin, Massachusetts et sera représenté dans la présente action par sa mère Barbara J. Vaughan.

4.     La défenderesse Liebherr-International AG, à tout moment pertinent, était une entreprise de fabrication dont le siège se trouve au : 19 rue de l'Industrie, Postfach 272 CH-1630, Bulle / FR, Suisse et possède des bureaux dans le monde entier. La défenderesse

Liebherr-International AG, à tout moment pertinent a mené ses activités dans le Massachusetts

5.      La défenderesse Liebherr America, Inc. est une filiale américaine de Liebherr-International AG. Liebherr-America est constituée dans le Commonwealth de Virginie, et ses bureaux se trouvent au : 4100 Chesnut Ave, P.O.Box Drawer O., Newport News, Virginia et à tout moment pertinent, a mené ses activités dans le Massachusetts.

6.      La défenderesse Liebherr Mining & Construction Equipment, Inc. est une filiale américaine de Liebherr-International AG. Liebherr Mining & Construction Equipment, Inc. est constituée dans le Commonwealth de Virginie et ses bureaux se situent au : 4100 Chesnut Ave, P.O.Box Drawer O., Newport News, Virginia et, à tout moment pertinent, a mené ses activités dans le Massachusetts.

7.      La défenderesse Liebherr Crane Coporation est une filiale américaine de Liebherr-International AG. Liebherr Crane Corporation est constituée dans le Commonwealth de Virginie et ses bureaux se situent au : 4100 Chesnut Ave, P.O.Box Drawer O, Newport News, Virginia et, à tout moment pertinent, a mené ses activités dans le Massachusetts

8.      La défenderesse Liebherr Crawler Crane Company est une filiale américaine de Liebherr-International AG. Liebherr Crawler Crane Company se situe dans l'état du Texas et ses bureaux sont au : 8515 Market Street, P.O.Box 15355, Houston, Texas et, à tout moment pertinent, a mené ses activités dans le Massachusetts.

9.      La défenderesse Liebherr Construction Equipment Company est une filiale américaine de Liebherr-International AG. Liebherr Construction Equipment Company est constituée dans le Commonwealth de Virginie et ses bureaux se situent au : 4100 Chesnut Ave, P.O.Box Drawer O, Newport News, Virginia et, à tout moment pertinent, a mené ses activités dans le Massachusetts

10.     La défenderesse Liebherr Mining Equipment Company est une filiale américaine de Liebherr-International AG. Liebherr Mining Equipment Company est constituée dans le Commonwealth de Virginie et ses bureaux se situent au : 4100 Chesnut Ave, P.O.Box Drawer O, Newport News, Virginia et à tout moment pertinent, a mené ses activités dans le Massachusetts.

11.    La défenderesse Liebherr Cranes, Inc., est une filiale américaine de Liebherr-International AG. Liebherr Cranes, Inc. est constituée dans le Commonwealth de Virginie et ses bureaux se situent au : 4100 Chesnut Ave, P.O.Box Drawer O, Newport News, Virginia et, à tout moment pertinent, a mené ses activités dans le Massachusetts.

12.    Liebherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, Liebherr Cranes, Inc. sont toutes des sociétés qui sont, soit des holdings, soit des sociétés annexes ou filiales d'une corporation multinationale de compagnies aux activités diverses, qui conçoit, fabrique, vend, promeut, inspecte et/ou répare les grues Liebherr. Toutes les entités de la corporation identifiées dans les paragraphes quatre à six devront être collectivement et individuellement désignées et identifiées ci-après comme La défenderesse "Liebherr".

13.    La défenderesse Garbose Metal Company est ou était une société nationale du Massachusetts à but lucratif dont le bureau principal se trouve au : 155 Mill Street, Gardner, Massachusetts.

## COMPÉTENCE RATIONE PERSONAE

14.    Cette cour a une compétence *ratione personae* sur la défenderesse Liebherr, d'après le Massachusetts Long Arm Statute (Statut du bras de la justice du Massachusetts), chapitre 223A, paragraphe 3(a), (b), (c) et (d) du MGL car la défenderesse a :

a)    mené des activités commerciales dans le Commonwealth du Massachusetts ;
b)    eu des contrats de fourniture de services ou d'objets dans le Commonwealth du Massachusetts ;
c)    causé des blessures délictuelles par acte ou omission dans le Commonwealth et ;
d)    causé des blessures délictuelles dans le Commonwealth par un acte ou omission en dehors du Commonwealth à une période où elle percevait des revenus conséquents de biens utilisés dans le Commonwealth.

## ALLÉGATIONS FACTUELLES :

15.    Liebherr est un fabricant de grues qu'il vend dans le monde entier. Ces grues sont destinées à être utilisées par des industries de recyclage d'ordures telles que WTE, l'employeur du demandeur.

16.    A tout moment mentionné dans la présente, la défenderesse Liebherr était engagée dans la conception, la fabrication, l'assemblage, le marketing, la publicité, la vente, la promotion, la rédaction de la documentation sur le produit et de l'étiquetage ainsi que la distribution de la grue Liebherr dont le défaut a provoqué des blessures au demandeur Dale T. Vaughan.

17.    Le 13 juin 2002, le demandeur, Dale T. Vaughan manipulait une grue Liebherr, modèle R932EW 1989 au centre de recyclage WTE, son lieu de travail.

18.    La grue était équipée d'un grappin hydraulique Liebherr.

19.    La grue avait été fabriquée par la défenderesse Liebherr qui l'avait spécifiquement conçue pour être utilisée comme elle le fut.

20.    La grue Liebherr a été achetée en avril 1998 par l'employeur du demandeur, WTE, auprès de la défenderesse Garbose, pour la somme de 60 000,00 dollars.

21.    Garbose gérait une usine de manipulation d'ordures et a utilisé la grue Liebherr dans la conduite de son activité. Garbose savait ou avait des raisons de savoir que la grue qu'elle vendait à WTE devait être utilisée dans une usine de manipulation de débris.

22.    Garbose était expérimentée et connaissait la grue Liebherr et WTE s'est fiée à l'expérience et la compétence de Garbose concernant la grue.

23.    La grue Liebherr équipée d'un grappin était utilisée à l'usine de recyclage WTE pour ramasser des débris métalliques.

24.    Alors que le demandeur, Dale T. Vaughan manipulait la grue de la manière prévue par le fabricant, la défenderesse Liebherr, il fut blessé grièvement lorsqu'une roue fut propulsée et pénétra dans la cabine de la grue par la porte ouverte, perça son casque dur et se planta dans son crâne.

25.     Suite à l'incident, le demandeur souffrit d'un traumatisme cérébral.

26.     La grue que le demandeur utilisait était dans un état défectueux et dangereux, et sa conception était déraisonnablement défectueuse et dangereuse. Ledit état défectueux et dangereux causa conséquemment les blessures du demandeur alors qu'il utilisait aux fins ordinaires, prévues et prévisibles la grue Liebherr d'une manière ordinaire, prévue et prévisible. Les blessures que le demandeur a endurées étaient la cause directe et conséquente du produit défectueux et déraisonnablement dangereux, et des actes et omissions de la défenderesse Liebherr.

27.     Suite à ce qui précède, le demandeur, Dale T. Vaughan a souffert de blessures personnelles graves qui sont de nature permanente.

28.     Suite à ce qui précède, le demandeur a souffert d'un préjudice important, d'une dépréciation de ses gains et de sa capacité à être rémunéré, et continuera de subir de tels préjudices pour une durée indéterminée, à son grand détriment et à son grand préjudice.

29.     Suite à ce qui précède, le demandeur a du s'acquitter de factures d'opérations chirurgicales, d'hospitalisation et de soins médicaux occasionnées par ses blessures, et il devra encourir des dépenses supplémentaires importantes pour une durée indéterminée, à son grand détriment et à son grand préjudice.

30.     En conséquence desdites actions de la défenderesse, le demandeur a souffert de douleurs physiques graves et d'anxiété et continuera d'en souffrir pour une durée indéterminée, à son grand détriment et à son grand préjudice.

## CHEFS D'ACCUSATION

Chaque chef d'accusation présenté ci-dessous incorpore spécifiquement les griefs susmentionnés aux paragraphes 1 à 30, antérieurement exposés contre les défendeurs.

## CHEF D'ACCUSATION I
## DALE T. VAUGHAN contre LIEBHERR
## VIOLATION DE LA GARANTIE IMPLICITE DE QUALITÉ MARCHANDE

31.     Il s'agit d'une action pour violation de la garantie implicite de qualité marchande contre la défenderesse Liebherr par le demandeur Dale T. Vaughan. La loi en

vigueur impose à la défenderesse de prévoir une garantie implicite sur sa grue stipulant qu'elle était commercialisable, adaptée à ses finalités d'utilisation et raisonnablement sûre. La défenderesse a violé cette garantie implicite de qualité marchande parce que ledit produit s'est avéré dangereux, sa qualité n'était pas commercialisable et il n'était pas adapté à ses fins d'utilisation. Les blessures et les dommages susmentionnés subis par le demandeur sont le résultat direct et conséquent de la violation par la défenderesse desdites garanties implicites imposées par la loi.

### CHEF D'ACCUSATION II
### DALE T. VAUGHAN contre LIEBHERR
### VIOLATION DE LA GARANTIE IMPLICITE D'ADAPTATION À UN USAGE PARTICULIER

32.    Il s'agit d'une action pour violation de la garantie implicite d'adaptation à un usage particulier contre la défenderesse Liebherr, par le demandeur Dale T. Vaughan. La loi en vigueur impose à la défenderesse de prévoir une garantie implicite, relative à la grue stipulant qu'elle était adaptée et raisonnablement sûre pour la fonction pour laquelle elle a été vendue. La défenderesse a violé cette garantie implicite d'adaptation à un usage particulier, car la grue n'était pas sûre, sa qualité n'était pas commercialisable et elle n'était pas adaptée aux fins auxquelles elle était destinée. Les blessures et dommages subis par le demandeur sont le résultat direct et conséquent de la violation par la défenderesse desdites garanties implicites prévues par la loi.

### CHEF D'ACCUSATION III
### DALE T. VAUGHAN contre LIEBHERR
### VIOLATION DE LA GARANTIE EXPRESSE

33.    Il s'agit d'une action pour violation de garantie expresse d'adaptation à un usage particulier, ayant occasionné des blessures corporelles, contre la défenderesse Liebherr, par le demandeur Dale Vaughan. La défenderesse a expressément garanti au demandeur et au grand public que son produit était sûr, commercialisable et adapté aux fins d'utilisation prévues.

34.    La défenderesse a violé ses garanties parce que ledit produit n'était pas sûr, sa qualité non commercialisable et il n'était pas adapté aux fins d'utilisation pour lesquelles il était prévu.

35.    Les blessures et dommages susmentionnés subis par le demandeur sont le résultat direct et conséquent de la violation par la défenderesse desdites garanties expresses.

## CHEF D'ACCUSATION IV
## DALE T. VAUGHAN contre LIEBHERR
## NÉGLIGENCE

36.    Il s'agit d'une action en préjudice pour négligence, résultant en blessures corporelles contre la défenderesse Liebherr par le demandeur Dale T. Vaughan. Les blessures subies par le demandeur sont la cause directe et conséquente de l'insouciance et de la négligence de la défenderesse comprenant, mais sans s'y limiter, à ce qui suit :

a.    La défenderesse était négligente quant à la recherche, au développement, à la conception, aux essais, à la fabrication, au montage, à l'inspection, à l'élaboration et à la communication de la documentation sur le produit (y compris l'étiquetage, les avertissements et les modes d'emploi), au marketing, à la promotion, à la publicité, à la vente et/ou à la distribution de ladite grue.

b.    La défenderesse a négligemment omis de prendre les mesures raisonnables et nécessaires pour communiquer de manière adéquate aux utilisateurs finaux de son produit, y compris le demandeur, les avertissements et instructions d'utilisation appropriés au moyen de l'étiquetage, la documentation sur le produit et autres communications qu'une diligence raisonnable exigeait dans de telles circonstances.

c.    La défenderesse a négligemment disposé dudit produit et l'a placé sur les canaux du marché alors qu'elle savait ou aurait du savoir moyennant une diligence raisonnable, que l'état dudit produit était dangereux et défectueux quant à sa nature, sa conception et à ses matériaux ; elle a négligemment placé ledit produit sur le marché alors que si elle avait fait preuve d'une diligence raisonnable, elle aurait prévu que ledit produit aurait été manipulé par des personnes telles que le demandeur qui n'était pas averti de sa nature et de son état dangereux et défectueux, et a négligemment manqué de diligence pour éviter que des personnes telles que le demandeur ne se blessent.

## CHEF D'ACCUSATION V
## VIOLATION DE LA GARANTIE IMPLICITE DE QUALITÉ MARCHANDE
## DALE T. VAUGHAN contre GARBOSE

37.    Il s'agit d'une action pour violation de la garantie implicite de qualité marchande contre la défenderesse Garbose, par le demandeur, Dale T. Vaughan. La loi en vigueur impose à la défenderesse de prévoir une garantie implicite pour sa grue stipulant

qu'elle était commercialisable, adaptée à ses fins d'utilisation et raisonnablement sûre. La défenderesse a violé cette garantie implicite de qualité marchande parce que ledit produit n'était pas sûr, sa qualité n'était pas commercialisable et il n'était pas adapté à ses fins d'utilisation. Les blessures et les dommages susmentionnés subis par le demandeur sont le résultat direct et conséquent de la violation par la défenderesse desdites garanties implicites imposées par la loi.

**CHEF D'ACCUSATION VI**
**VIOLATION DE GARANTIE IMPLICITE D'ADAPTATION**
**DALE T. VAUGHAN CONTRE GARBOSE**

38.    Il s'agit d'une action pour violation de la garantie implicite d'adaptation [à un usage particulier] contre la défenderesse Garbose, par le demandeur, Dale T. Vaughan. La loi en vigueur impose à la défenderesse de prévoir une garantie implicite, relative à la grue stipulant qu'elle était adaptée à ses fins d'utilisation et raisonnablement sûre. La défenderesse a violé cette garantie implicite de qualité marchande parce que ledit produit n'était pas sûr et pas adapté à ses fins d'utilisation. Les blessures et dommages subis par le demandeur sont le résultat direct et conséquent de la violation par la défenderesse desdites garanties implicites imposées par la loi.

**CHEF D'ACCUSATION VII**
**NÉGLIGENCE**
**DALE T. VAUGHAN CONTRE GARBOSE**

39.    Il s'agit d'une action en préjudice pour négligence ayant occasionné des blessures corporelles contre la défenderesse Garbose, par le demandeur Dale T. Vaughan. Les blessures subies par le demandeur sont la cause directe et conséquente de l'insouciance et de la négligence de la défenderesse comprenant, mais s'y limiter, à ce qui suit :

a.    la défenderesse était négligente quant à la vente de ladite grue ;

b.    la défenderesse a négligemment manqué de prendre les mesures raisonnables et nécessaires pour communiquer de manière adéquate aux utilisateurs finaux de son produit, y compris le demandeur, les avertissements et instructions d'utilisation en fournissant les documents appropriés dont le manuel de sécurité et d'utilisation et les avertissements imprimés livrés avec la grue lors de sa vente à Garbose par le fabricant.

### CHEF D'ACCUSATION VIII
### PERTE DE LA COMPAGNIE CONJUGALE
### BARBARA J. VAUGHAN contre LIEBHERR

40.     Comme résultat direct et conséquent aux actions de la défenderesse, de la négligence et des violations des garanties de Liebherr, la demanderesse, Barbara J. Vaughan, a perdu la diligence, le confort, le secours, l'aide et l'assistance de son époux, le demandeur Dale Vaughan.

PAR CONSÉQUENT, la demanderesse, Barbara J. Vaughan, demande qu'un jugement soit prononcé à l'encontre de la défenderesse Liebherr pour l'indemnisation de la perte de la compagnie conjugale par une somme juste et raisonnable, y compris les intérêts et frais occasionnés par la présente action.

### CHEF D'ACCUSATION IX
### PERTE DE LA COMPAGNIE PATERNELLE
### DEREK T. VAUGHAN contre LIEBHERR

41.     Suite à la négligence et aux violations de garanties de la défenderesse Liebherr, le demandeur Derek T. Vaughan, a perdu la diligence, le confort, l'aide et l'assistance de son père, le demandeur Dale T. Vaughan.

PAR CONSÉQUENT, le demandeur, Derek T. Vaughan, représenté par sa mère et amie la plus proche, Barbara J. Vaughan, demande qu'un jugement soit prononcé à l'encontre de la défenderesse Liebherr en indemnisation de la perte de la compagnie paternelle par une somme juste et raisonnable, y compris les intérêts et les frais occasionnés par la présente action.

### CHEF D'ACCUSATION X
### PERTE DE LA COMPAGNIE CONJUGALE
### BARBARA J. VAUGHAN contre GARBOSE

42.     Suite, directe et conséquente, des actions de la défenderesse, de la négligence de Garbose et des violations de garanties, la demanderesse Barbara J. Vaughan, a perdu la diligence, le confort et le secours, l'aide et l'assistance de son époux, le demandeur Dale T. Vaughan.

PAR CONSÉQUENT, la demanderesse, Barbara J. Vaughan, demande qu'un jugement soit prononcé à l'encontre de la défenderesse Garbose, en indemnisation de la perte de la compagnie conjugale par une somme juste et raisonnable, y compris les intérêts

et les frais occasionnés par la présente action.

## CHEF D'ACCUSATION IX
## PERTE DE LA COMPAGNIE PATERNELLE
## DEREK T. VAUGHAN contre GARBOSE

43.    Suite à la négligence et aux violations de garanties de la défenderesse, Garbose, le demandeur Derek T. Vaughan a perdu la diligence, le confort, l'aide et l'assistance de son père, le demandeur Dale T. Vaughan.

PAR CONSÉQUENT, le demandeur Derek T. Vaughan, représenté par son parent et amie la plus proche Barbara J. Vaughan, demande qu'un jugement soit prononcé à l'encontre de la défenderesse Garbose en indemnisation de la perte de la compagnie paternelle par une somme juste et raisonnable, y compris les intérêts et les frais occasionnés par la présente action.

PAR CONSÉQUENT, les demandeurs, Dale T. Vaughan, Barbara J. Vaughan et Barbara J. Vaughan pour le compte de Derek T. Vaughan, demandent que cette Cour octroie un jugement contre les défenderesses Liebherr et Garbose ; que les préjudices soient définis et le demandeur en soit dédommagé, y compris les frais et intérêts, ainsi que toute autre réparation que la Cour juge juste et appropriée.

## DEMANDE DE JURY

Les demandeurs demandent par les présentes un procès par jury.

Le tout respectueusement soumis,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan p/ Derek T. Vaughan,
Par l'entremise de leurs avocats

[Signé illisible]
Me John J. Stobierski
BBO n° 549222
Me Danielle J. Barshak
BBO n° 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA 01301
(413) 774-2867
Date: 10 juin 2005

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

FRANKLIN, SS

CIVIL ACTION NO. $05-05\bar{\iota}$

|  |  |
|---|---|
| DALE T. VAUGHAN, | ) |
| BARBARA J. VAUGHAN, | ) |
| and BARBARA J. VAUGHAN PPA | ) |
| DEREK T. VAUGHAN | ) |
|     Plaintiffs | ) |
|  | ) |
| v. | ) |
|  | ) |
| LIEBHERR-INTERNATIONAL AG, | ) |
| LIEBHERR-AMERICA, INC., LIEBHERR | ) |
| MINING AND CONSTRUCTION EQUIPMENT, INC., | ) |
| LIEBHERR CRANE CORP., LIEBHERRR CRAWLER | ) |
| CRANE COMPANY, LIEBHERR CONSTRUCTION | ) |
| EQUIPMENT COMPANY, LIEBHERR MINING | ) |
| EQUIPMENT COMPANY, LIEBHERR CRANES, INC. | ) |
| AND GARBOSE METAL CO. | ) |
|     Defendants | ) |

## COMPLAINT - JURY TRIAL DEMANDED

### PARTIES:

1.     The Plaintiff, Dale T. Vaughan, is a resident and citizen of the Commonwealth of Massachusetts, residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

2.     The Plaintiff, Barbara J. Vaughan, is the wife of Plaintiff Dale T. Vaughan, and resides at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

3.     The Plaintiff, Derek T. Vaughan is the minor son of the plaintiffs Dale T. Vaughan and Barbara J. Vaughan and is a real person residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts and will be represented in this action by his mother Barbara J. Vaughan.

4.     The Defendant, Liebherr-International AG, at all material times was a manufacturing company with a headquarters at 19 Rue de I'Industrie Postfach 272 CH-1630,

Bulle/FR, Switzerland and offices worldwide. Defendant Leibherr-International AG has at all material times done business in Massachusetts.

5.    Defendant, Liebherr-America. Inc. is the American corporation affiliated with Leibherr-International AG. Liebherr-America is incorporated in the Commonwealth of Virginia, and has offices at 4100 Chestnut Ave., P.O. Box Drawer O., Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

6.    Defendant, Liebherr Mining & Construction Equipment, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Mining & Construction Equipment, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

7.    Defendant, Liebherr Crane Corporation., is an American corporation affiliated with Leibherr-International AG. Liebherr Crane Corporation is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News Virgina, and has, at all times relevant hereto, done business in Massachusetts.

8.    Defendant, Liebherr Crawler Crane Company is an American company affiliated with Leibherr-International AG. Liebherr Crawler Crane Company is situated in the State of Texas and has offices at 8515 Market Street, P.O. Box 15355, Houston, Texas, and has, at all times relevant hereto, done business in Massachusetts.

9.    Defendant, Liebherr Construction Equipment Company, is an American company affiliated with Leibherr-International AG. Liebherr Construction Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

10.    Defendant, Liebherr Mining Equipment Company is an American company

affiliated with Leibherr-International AG. Liebherr Mining Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer Q, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

11.    Defendant, Liebherr Cranes, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Cranes, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

12.    Leibherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, Liebherr Cranes, Inc. are all Corporations which are either holding companies, corporate subsidiaries or affiliates of a multinational conglomerate corporation that designs, manufactures, sells, advertises, inspects and/or services Liebherr cranes. All corporate entities identified in paragraphs four through six shall be collectively and individually hereinafter referred to and identified as defendant "Liebherr."

13.    The Defendant Garbose Metal Company is or was a Massachusetts Domestic Profit Corporation with a principal office at 155 Mill Street, Gardner, Massachusetts.

## PERSONAL JURISDICTION

14.    This Court has personal jurisdiction over the Defendant, Liebherr, pursuant to the Massachusetts Long Arm Statute, M.G.L. ch. 223A, §3(a), (b), (c), and (d), as the Defendant has:

    a)    Transacted business in the Commonwealth of Massachusetts;
    b)    Contracted to supply services or things in the Commonwealth of Massachusetts;
    c)    Caused tortious injury by an act or omission in the Commonwealth; and
    d)    Caused tortious injury in the Commonwealth by an act or omission outside the Commonwealth at a time when it derived substantial revenue from goods used in the Commonwealth.

## FACTUAL ALLEGATIONS:

15.     Liebherr is a manufacturer of cranes which it sells throughout the world. These cranes are intended for use by waste recycling industries such as WTE, the plaintiff's employer.

16.     At all times mentioned herein, the Defendant, Liebherr, was engaged in the design, manufacture, assembly, marketing, advertising, sale, promotion, drafting of product literature and labeling, and distribution of the Liebherr crane whose defect resulted in the injury to the Plaintiff Dale T. Vaughan.

17.     On June 13, 2002, the Plaintiff, Dale T. Vaughan, was operating a Liebherr crane, 1989 Model R932EW, at WTE Recycling, his place of employment.

18.     The crane was equipped with a Liebherr hydraulic grapple.

19.     The crane was manufactured by the Defendant Liebherr, and was specifically intended by the defendant for the purpose for which it was being used.

20.     The Liebherr crane had been purchased used in April of 1998 by plaintiff's employer, WTE, from defendant Garbose, for a price of $60,000.00.

21.     Garbose operated a waste handling facility and had used the Liebherr crane in the conduct of its business. Garbose knew or had reason to know that the crane that it was selling to WTE was to be used in a scrap handling facility.

22.     Garbose was experienced and knowledgeable with respect to the Liebherr crane, and WTE relied upon Garbose's experience and skill with the crane.

23.     The Liebherr crane equipped with a grappler was used at WTE Recycling to pick up scrap metals.

24.     While the Plaintiff, Dale T. Vaughan was operating the crane in the manner intended by the manufacturer, Defendant Liebherr, he was severely injured when a wheel was propelled through the open door of the cab of the crane, penetrating through his hard hat into his skull.

25.    The plaintiff suffered severe and traumatic brain injury as a result of the incident.

26.    The crane that the Plaintiff was using was in a defective and dangerous condition and was unreasonably dangerous and defective in design.    Said defective and dangerous condition proximately caused Plaintiff's injuries while the Liebherr crane was used for its ordinary, intended, and foreseeable purpose and in an ordinary, intended, and foreseeable manner. The injuries suffered by Plaintiff were the direct and proximate result of the defective and unreasonably dangerous product, and also of the defendant Liebherr's acts and omissions.

27.    As a result of the above, the Plaintiff, Dale T. Vaughan, was caused to sustain serious personal injuries which are permanent in nature.

28.    As a further result of the above, the Plaintiff has suffered a great loss and depreciation in his earnings and earning capacity, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29.    As further result of the above, the Plaintiff suffered substantial bills for surgeries, hospitalizations, and medical attention as a result of the injuries he suffered, and he will incur substantial additional expenses for an indefinite time in the future, all to his great detriment and loss.

30.    As a further result of said actions of the Defendant, the Plaintiff has suffered great physical pain and mental anguish and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNTS

Each count set forth below specifically incorporates by reference herein Paragraphs 1 through 30 above, previously set forth against the Defendants.

### COUNT I
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.    This is an action for breach of the implied warranty of merchantability against the

Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to its crane, that it was merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

### COUNT II
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32.    This is an action for breach of implied warranty of fitness for a particular purpose against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted, with respect to the crane, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant breached this implied warranty of fitness for a particular purpose because the crane was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said implied warranties imposed by law.

### COUNT III
### DALE T. VAUGHAN V. LIEBHERR
### BREACH OF EXPRESS WARRANTY

33.    This is an action for breach of express warranty of fitness for a particular purpose, resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale Vaughan. Defendant expressly warranted to the plaintiff and to the general public that its product was safe, merchantable and fit for its intended purposes and uses.

34.    Defendant breached its warranties because said product was unsafe, not of

merchantable quality and unfit for its intended uses and purposes.

35.    Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said express warranties.

## COUNT IV
## DALE T. VAUGHAN V. LIEBHERR
## NEGLIGENCE

36.    This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The injuries sustained by the Plaintiff were the direct and proximate cause of the carelessness and negligence of the Defendant, including but not limited to the following;

    a.    Defendant was negligent with respect to its research and development, design, testing, manufacture, assembly, inspection, drafting and communication of product literature (including labeling, warnings, and instructions for use), marketing, promotion, advertising, sale, and/or distribution of said crane.

    b.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through labeling, product literature, and other communications which reasonable care required under the circumstances.

    c.    Defendant negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade when in the exercise of reasonable care it ought to have foreseen said product would come into contact with persons such as the plaintiff who were ignorant of its dangerous and defective nature and condition, and negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## DALE T. VAUGHAN V. GARBOSE

37.    This is an action for breach of the implied warranty of merchantability against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was

merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS
## DALE T. VAUGHAN V. GARBOSE

38.    This is an action for breach of the implied warranty of fitness against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VII
## NEGLIGENCE
## DALE T. VAUGHAN V. GARBOSE

39.    This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Garbose, by the Plaintiff, Dale Vaughan. The injuries sustained by the Plaintiff were the direct and proximate cause of the carelessness and negligence of the Defendant, including but not limited to the following;

a.    Defendant was negligent with respect to its sale of said crane;

b.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through provision of the appropriate documents including the safety and use manual and printed warnings that accompanied the crane upon its sale to Grabhose by the manufacturer.

## COUNT VIII
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. LIEBHERR

40.    As a direct and proximate result of the Defendant, Liebherr's negligence and

breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and

society, aid and assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate her,

plus interest and costs of this suit.

## COUNT IX
## LOSS OF CONSORTIUM
## DEREK T. VAUGHAN V. LIEBHERR

41.    Due to the negligence and breaches of warranties of the Defendant, Liebherr,

Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father,

Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend,

Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant,

Liebherr, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

## COUNT X
## LOSS OF CONSORTIUM
## BARBARA J. VAUGHAN V. GARBOSE

42.    As a direct and proximate result of the Defendant, Garbose's negligence and

breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and

society, aid and assistance of her husband, Plaintiff, Dale T. Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, Garbose, in an amount fair and reasonable to compensate her,

plus interest and costs of this suit.

## COUNT XI
## LOSS OF CONSORTIUM
## DEREK T. VAUGHAN V. GARBOSE

43.    Due to the negligence and breaches of warranties of the Defendant, Garbose,

Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father,

Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his parent and next friend,

Barbara J. Vaughan , demands judgment for the loss of consortium against the Defendant,

Garbose, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

WHEREFORE, the Plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J.

Vaughan, ppa Derek T. Vaughan, request that this Court award judgment against the defendants,

Liebherr and Garbose; that damages be established and plaintiff be awarded same, along with

costs  and interest as well as such other relief as the Court deems proper and just.


## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.


Respectfully Submitted,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys;


John J. Stobierski, Esq.
BBO#549222
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA  01301
(413)774-2867
Dated: June 10, 2005