IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J.
VAUGHAN, and BARBARA J. VAUGHAN
PPA DEREK T. VAUGHAN

    Plaintiffs,

v.                          Case No. 3:05-cv-30190-MAP/KJP

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION EQUIPMENT,
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, LIEBHERR CRANES,
INC., and GARBOSE METAL CO.,

    Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTIONS TO DROP A MISJOINED PARTY AND TO STRIKE THE AFFIDAVITS OF PLAINTIFFS' WITNESSES

---

The defendants LIEBHERR-AMERICA, INC., et al., by and through their undersigned attorneys, submit the following in reply to plaintiffs' opposition to the pending motions to drop a misjoined party and to strike the affidavits of plaintiffs' witnesses.

Plaintiffs concede that the affidavits they have submitted with their motion to remand are defective and, thus, inadmissible. (See Plaintiffs' Opposition, pp. 2-3.) Plaintiffs argue, however, that within the context of ascertaining a fraudulent joinder, they may rely on defective, inadmissible evidence in opposition to the claim, while the

defendants have the burden of presenting in its support "clear and convincing evidence," presumably of the admissible variety. (See Plaintiffs' Response, pp. 3, 4.)

That the court may consider evidence of such varying, unequal quality when determining this issue is not borne out by any case the undersigning counsel is aware of; nor do counsel for plaintiffs cite legal authority in support of their position. Moreover, procedures for determining whether a party has been fraudulently joined, detailed in *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921), seem strongly to indicate that *admissible* evidence must be presented to the court, not hearsay and conjecture. ("If a removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, *the issues so arising must be heard and determined by the District Court* [cite omitted] and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding.") (*Id.* at 97-98) (Emphasis added).

Plaintiffs effectively admit that they have at present insufficient evidence in which to allege that Garbose Metal is at fault for their injuries and damages. (See Plaintiffs' Opposition, pp. 8, 9.) But they complain that they have also been afforded insufficient opportunity to discover evidence in support of their hopeful expectations in this regard. (See Plaintiffs' Opposition, pp. 5, 10.)

Although the rules of modern pleading are generous in their scope and are to be liberally construed (*see* Rule 1 of the Fed. R. Civ. Pro.), one is nonetheless prohibited from filing a baseless claim against a putative defendant in hopes that discovery will later fill in a sufficient basis, after the fact. This is at least one of the express purposes of Rule 11 of the Fed. R. Civ. Pro., which requires counsel, on the pain of sanctions, to undertake

VAUGHAN, et al. v. LIEBHERR-AMERICA, INC., et al.
DEFENDANTS' REPLY

2

adequate inquiry before the filing of a lawsuit, such that counsel may certify when signing and filing a pleading that "the allegations or other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation and discovery."

This is not to say plaintiffs violated Rule 11 when they filed their complaint[1] (at least to the extent a question remains as to whether they knew that the facts alleged do not state a claim against Garbose Metal). Their complaint makes no mention of their present claims that Garbose Metal is a merchant of material handlers, or that Garbose Metal altered the subject machine in some material way, or that Garbose Metal knew of some materially dangerous latent defect in the machine and that it knew the subsequent purchaser would not likely have discovered it for itself. And, of course, it is the absence of such allegations (with additional support from affidavits negating such possibilities – the "clear and convincing evidence") that is the basis for defendants' motion to drop Garbose Metal from the lawsuit.

It is only after the defendants' Notice of Removal was filed that plaintiffs raised for the first time in their motion for remand what can only be called "factual hypotheticals," with concomitant demands that they be given leave to test the same in depositions. Plaintiffs have no right, however, to sue a defendant for the purpose of going on a discovery-related "fishing expedition," particularly where the "fish" sought constitutes a sufficient legal basis on which to bring the lawsuit. *See* Rule 11 of the Fed. R. Civ. Pro.

---

[1] Plaintiffs filed their complaint in the state court for the Commonwealth of Massachusetts, not in the federal court; but Massachusetts imposes similar requirements on counsel when filing a pleading, under Rule 11 (a) of the Mass. R. Civ. Pro.

VAUGHAN, et al. v. LIEBHERR-AMERICA, INC., et al.                          3
DEFENDANTS' REPLY

The "factual hypotheticals" raised for the first time by plaintiffs after the filing of the Notice for Removal have no evidentiary support, by plaintiffs' own admission, and are not even certified by counsel, as required by Rule 11 of the Fed. R. Civ. Pro. They should be given no consideration in deciding plaintiff's motion to remand the case to state court. This Court should therefore drop Garbose Metal from the lawsuit and deny plaintiffs' motion to remand.

Respectfully submitted by

Joseph N. Stella, Esq.
Jeffrey W. Gunn, Esq.
MORRIS & STELLA
200 W. Adams, Suite 1200
Chicago, IL 60606
(312) 782-2345

and

John F. Dalsey, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
(413) 736-6971

Attorneys for Defendants,
LIEBHERR-AMERICA, INC., LIEBHERR MININING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR CRANE CORP., LIEBHERR CRAWLER CRANE COMPANY, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, and LIEBHERR CRANES, INC.

DATED: November 2, 2005

VAUGHAN, et al. v. LIEBHERR-AMERICA, INC., et al.
DEFENDANTS' REPLY

4