IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
3:05-cv-30190-MAP

_____X
DALE T. VAUGHN, BARBARA J.
VAUGHN, and BARBARA J. VAUGHN
PPA DEREK T. VAUGHAN,
      Plaintiffs,
v.

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION EQUIPMENT
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, LIEBHERR CRANES,
INC. AND GARBOSE METAL CO.,
      Defendants.
_____X

## ANSWER, JURY CLAIM, and CROSSCLAIM OF GARBOSE METAL COMPANY

1. The defendant can neither admit nor deny the allegations contained in this paragraph.

2. The defendant can neither admit nor deny the allegations contained in this paragraph.

3. The defendant can neither admit nor deny the allegations contained in this paragraph.

4. -12. The defendant can neither admit nor deny the allegations contained in these paragraphs.

13. The defendant admits these allegations.

## PERSONAL JURISDICTION

14. The defendant can neither admit nor deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

15. The defendant admits these allegations.

16. The defendant admits these allegations.

17. The defendant can neither admit nor deny the allegations contained in this paragraph.

18. The defendant can neither admit nor deny the allegations contained in this paragraph.

19. This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

20. The defendant admits it sold the subject machinery to WTE.

21. The defendant admits it used the subject machinery. The defendant denies the remaining allegations contained in this paragraph.

22. The defendant denies the allegations contained in this paragraph.

23. The defendant can neither admit nor deny the allegations contained in this paragraph.

24. The defendant can neither admit nor deny the allegations contained in this paragraph.

25. The defendant can neither admit nor deny the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

27. The defendant denies the allegations contained in this paragraph.

28. The defendant denies the allegations contained in this paragraph.

29. The defendant denies the allegations contained in this paragraph.

30. The defendant denies the allegations contained in this paragraph.

## COUNT I

31. This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

## COUNT II

32. This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

## COUNT III

33.–35. These paragraphs are not directed to this defendant. In the event these paragraphs are read to apply to this defendant, they are denied.

## COUNT IV

36 (a)–(c). This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

## COUNT V

37. The defendant denies the allegations contained in this paragraph.

## COUNT VI

38. The defendant denies the allegations contained in this paragraph.

## COUNT VII

39 (a)–(b). The defendant denies the allegations contained in this paragraph.

## COUNT VIII

40. This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

### COUNT IX

41. This paragraph is not directed to this defendant. In the event this paragraph is read to apply to this defendant, it is denied.

### COUNT X

42. The defendant denies the allegations contained in this paragraph.

### COUNT XI

43. The defendant denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

And further answering, the defendant says that the acts complained of were committed by an entity or person over whom the defendant had no control.

#### Second Affirmative Defense

And further answering, the defendant says that the plaintiff was himself negligent, and his negligence bars or reduces his recovery in accordance with the comparative negligence law of the Commonwealth of Massachusetts.

#### Third Affirmative Defense

And further answering, the defendant says that the plaintiff (and/or other persons) used the product in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the product was not intended, manufactured, or designed; 0laintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiff's recovery herein, if any, is barred.

#### Fourth Affirmative Defense

And further answering, the defendant says that the plaintiff knowingly misused a product known to be defective and unreasonably dangerous, wherefore his recovery is barred.

## CROSSCLAIM

### COUNT I - INDEMNIFICATION

1. The defendant/plaintiff in crossclaim is Garbose Metal Company

2. The defendants in crossclaim are Liebherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, and Liebherr Cranes, Inc.

3. The plaintiff has asserted claims for negligence and breach of warranty against the defendant/plaintiff in crossclaim, all of which the defendant/plaintiff in crossclaim denies.

4. If the defendant/plaintiff in crossclaim is held liable to the plaintiff, it is solely due to the negligence and/breach of warranty of the defendants in crossclaim.

5. If the defendant/plaintiff in crossclaim is held liable to the plaintiff, it is entitled to indemnification from one or more of the defendants in crossclaim.

WHEREFORE, the defendant/plaintiff in crossclaim demands judgment against the defendants in crossclaim in an amount equal to all sums adjudged against the defendant/plaintiff in crossclaim in favor of the plaintiff.

### COUNT II - CONTRIBUTION

6. The defendant/plaintiff in crossclaim repeats and realleges paragrapsh 1-5 of its crossclaim.

7. If the defendant/plaintiff in crossclaim is held liable to the plaintiff, it is entitled to contribution from one or more of the defendants in cross-claim in an amount equal to the defendants in crossclaims' pro rata share of liability to the plaintiff.

WHEREFORE, the defendant/plaintiff in crossclaim demands judgement against the defendants in crossclaim for contribution.

## JURY CLAIM

The defendant claims trial by jury on all counts of the complaint and crossclaim.

>Garbose Metal Company,
>By its attorneys,
>
>_____
>Scott J. Tucker
>Paul Saltzman
>Tucker, Heifetz & Saltzman, LLP
>Three School Street
>Boston, MA 02108
>617-557-9696
>Fax 617-227-9191

## CERTIFICATE OF SERVICE

I certify that on December 22, 2005 I caused a copy of the foregoing to be served on all counsel of record by mailing same, postage prepaid, to Danielle J. Barshak, Esq., Stobierski & Stobierski, 377 Main Street, Greenfield, MA 01301 and Jeffrey W. Gunn, Esq., Morris & Stella, 200 W. Adams Street, Suite 1200, Chicago, IL 60606 and John F. Dalsey, Esq., Dalsey, Ferrara & Albano, 73 State Street, Suite 101, Springfield, MA 01103.

_____
Paul Saltzman