IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DALE T. VAUGHAN, BARBARA J.
VAUGHAN, and BARBARA J. VAUGHAN
PPA DEREK T. VAUGHAN

      Plaintiffs,

      v.                                      Case No. 3:05-cv-30190:MAP

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC., LIEBHERR
MININING AND CONSTRUCTION EQUIPMENT,
INC., LIEBHERR CRANE CORP., LIEBHERR
CRAWLER CRANE, LIEBHERR CONSTRUCTION
EQUIPMENT COMPANY, LIEBHERR MINING
EQUIPMENT COMPANY, LIEBHERR CRANES,
INC., and GARBOSE METAL CO.,

      Defendants.

---

ANSWER OF LIEBHERR-AMERICA, et al. TO CROSS-CLAIMS OF GARBOSE
METAL, AND CROSS-CLAIMS OF LIEBHERR-AMERICA, et al. AGAINST
GARBOSE METAL

---

Defendants LIEBHERR-AMERICA, INC., LIEBHERR MININING AND CONSTRUCTION EQUIPMENT, INC., LIEBHERR CRANE CORP., LIEBHERR CRAWLER CRANE, LIEBHERR CONSTRUCTION EQUIPMENT COMPANY, LIEBHERR MINING EQUIPMENT COMPANY, LIEBHERR CRANES, INC., by and through their undersigned attorneys, submits the following as their answer to the cross-claims of co-defendant Garbose Metal Co., and as their own cross-claims against Garbose Metal Co.

## ANSWER TO CROSS-CLAIMS

As to the enumerated paragraphs of the cross-claim of Garbose Metal Co, the above-referenced Liebherr defendants answer and allege as follows:

1. Admit.

2. Admit only as to the Liebherr defendants answering herein. Otherwise denied.

3. Admit

4. Deny.

5. Deny.

WHEREFORE, the Liebherr defendants answering herein assert that judgment should enter for them on Count I of the cross-claim of Garbose Metal Co., with costs against Garbose Metal Co.

6. In response to paragraph 6 of the Garbose Metal Co. cross claim, the Liebherr defendants answering herein re-state and re-allege as set forth above in response to paragraphs 1 through 5 of the cross claim.

7. Deny.

WHEREFORE, the Liebherr defendants answering herein assert that judgment should enter for them on Count II of the cross-claim of Garbose Metal Co., with costs against Garbose Metal Co.

## DEMAND FOR JURY TRIAL

The Liebherr defendants demand trial by jury on all issues herein raised, under Fed.R.Civ.P. 38.

## SPECIAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

These Liebherr defendants categorically deny any and all factual recitations or un-recited facts that support a claim that these defendants are liable to Garbose Metal for either indemnification or contribution in this case.

### SECOND DEFENSE

Garbose Metal Co. has failed to state a claim against these Liebherr defendants in either indemnification or contribution in this case.

### THIRD DEFENSE

These Liebherr defendants are not joint tortfeasors and therefore, Garbose Metal Co. may not recover.

### FOURTH DEFENSE

These Liebherr Defendants are not subject to the in personam jurisdiction of this Court.

### FIFTH DEFENSE

Garbose Metal may not recover for indemnity in the absence of an agreement with these Liebherr defendants, and therefore cannot recover.

## CROSS-CLAIM of THESE LIEBHERR DEFENDANTS AGAINST GARBOSE METAL CO.

These Liebherr defendants state the following with respect to their cross-claims against co-defendant Garbose Metal Co.:

1. Plaintiffs have filed an action for product liability sounding in negligence and breach of warranty against both these defendants and Garbose Metal.

Vaughan, et al. v. Liebherr-America, et al.
Liebherr's Answer to and Assertion of Cross-claims

3

2. These defendants and Garbose Metal have denied that they are liable to plaintiffs and have denied that plaintiffs have stated a claim against them (among other defenses).

3. Alternatively (as permitted under Fed.R.Civ.P. 8(e)(2)), in the event that any or all of these defendants are found liable to plaintiffs, and in the event Garbose Metal is found liable to plaintiffs, then these defendants are entitled contribution from Garbose Metal in an amount equal to its pro rata share of liability to plaintiffs, all as provided under Mass. Gen. Laws Ann. ch. 231B, §§ 1-2.

4. These Liebherr defendants are free of negligence, breach of warranty and wrongdoing, and should they be held to answer for the negligence, breach of warranty or wrongdoing of Garbose Metal Co., these Liebherr defendants are entitled to full indemnity from Garbose Metal Co. plus costs and attorneys fees.

WHEREFORE, these defendants demand judgment in their favor on their cross-claims for contribution and indemnity against Garbose Metal Co., plus costs and attorneys fees.

## DEMAND FOR JURY TRIAL

The Liebherr defendants demand trial by jury on all issues herein raised, under Fed.R.Civ.P. 38.

John F. Dalsey, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
(413) 736-6971