UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

CIVIL ACTION NO. 3:05-CV-30190

| | |
|---|---|
| DALE T. VAUGHAN, | ) |
| BARBARA J. VAUGHAN, | ) |
| and BARBARA J. VAUGHAN PPA | ) |
| DEREK T. VAUGHAN | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| LIEBHERR-INTERNATIONAL AG, | ) |
| LIEBHERR-AMERICA, INC., LIEBHERR | ) |
| MINING AND CONSTRUCTION EQUIPMENT, INC., | ) |
| LIEBHERR CRANE CORP., LIEBHERRR CRAWLER | ) |
| CRANE COMPANY, LIEBHERR CONSTRUCTION | ) |
| EQUIPMENT COMPANY, LIEBHERR MINING | ) |
| EQUIPMENT COMPANY, LIEBHERR CRANES, INC. | ) |
| AND GARBOSE METAL CO. | ) |
|     Defendants | ) |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO AMEND THE COMPLAINT TO ADD NEW PARTY DEFENDANTS

I.     INTRODUCTION:

On June 13, 2002, plaintiff Dale T. Vaughan suffered a traumatic brain injury when a piece of scrap metal was projected through the open cab door of the Liebherr materials handler in which he was working and struck his head. Mr. Vaughan is permanently and totally disabled with significantly diminished cognitive function as a result of the accident. Suit was commenced against Liebherr, the manufacturer and distributor of the machine, and against Garbose Metal Company, the seller of the used machine to plaintiff's employer, wTe Recycling, Inc. No claim was made against wTe Recycling, Inc. as suit against it is barred by M.G.L. c. 152, the Workers Compensation statute.

Plaintiffs Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan, ppa Derek T. Vaughan now seek to amend the Complaint to add three new parties. Because the plaintiffs timely seek an amendment, and because the proposed new defendants will not suffer any undue prejudice from the allowance of an amendment, plaintiffs' Motion to Amend the Complaint should be granted under the liberal amendment rules of Fed. R. Civ. P. 15(a).

II.    PROCEDURAL BACKGROUND:

Plaintiffs filed a Complaint in the Franklin Superior Court on June 10, 2005. They alleged that the Liebherr defendants negligently and in breach of express and implied warranties, manufactured, distributed and sold a materials handler which was unsafe. The plaintiffs also alleged that defendant Garbose Metal Company, a merchant of used equipment, was negligent and breached the implied warranties of merchantability and fitness for a particular purpose.

On August 22, 2005, defendants Liebherr filed a Notice of Removal with this Court, alleging that defendant Garbose, the non-diverse defendant, was fraudulently joined. On September 19, 2005, the plaintiffs filed a Motion to Remand. A hearing on the plaintiffs' Motion to Remand (and related Defendants' Motion to Strike and Motion to Drop Misjoined Party) was held on December 2, 2005, before Federal District Court Magistrate Neiman. Upon agreement of the parties, decision on the Motion to Remand was to be held in abeyance until the parties had conducted discovery with the purpose of clarifying the existence or non-existence of a factual basis for plaintiffs' claims against the non-diverse party. Pursuant to an agreement of the parties, Judge Neiman entered a Scheduling Order which provided that non-expert discovery concerning the non-diverse party would be completed by June 30, 2006, and a case management conference would be convened on July 11, 2006. Pursuant to that scheduling order, the parties have been engaged in discovery. In the course of discovery, the plaintiffs discovered the

existence of three entities against whom they now seek to proceed.  The Scheduling Order made

no provisions for the amendment of pleadings.  In fact, due to the Motion for Remand, a Rule

26(f) scheduling conference was not held, and so the parties have had no schedule for filing of

motions.

III.    ARGUMENT:

A.    Leave to amend should be liberally allowed.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so

requires."  See *Subaru Distribs. Corp. v. General Ship Corp.,* 167 F.R.D. 342, 343 (D. Mass.

1996).  In fact, "a liberal, pro-amendment ethos dominates the intent and judicial construction of

Rule 15(a)."  Moores's Federal Practice 3d §15.14.  "During the pre-trial phase, a court should

allow amendments to ensure that all the issues are before the court."  Id.

Absent undue delay and undue prejudice, Rule 15(a) generally requires allowance of

amendments. See, *Vargas v. McNamara*, 608 F. 2d 15, 18 (1st Cir. 1979); *Johnson v. Holiday

Inns, Inc.*, 595 F. 2d 890, 896 (1st Cir. 1979).  This principle has been reiterated by the United

States Supreme Court which has stated: "If the underlying facts or circumstances relied upon by

a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his

claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be

'freely given.'" *Foman v. Davis,* 371  U.S. 178, 182 (1962).

None of the reasons for denying an amendment are present here. The plaintiffs' proposed amendments are not the product of undue delay, bad faith or dilatory motive. They are legally and factually supportable claims, raised upon timely discovery of the basis for such claims.

B.    The plaintiffs should be allowed to amend their complaint to add parties responsible for their injuries, as there has been no undue delay, bad faith or dilatory motive.

Plaintiffs did not learn of the activities of wTe Corporation that plaintiffs contend constitute actionable negligence until the April and May 2006 depositions of Mr. Scott Mellen, president of both wTe Corporation and wTe Recycling, Inc. and Mr. Edward Wrisley, general manager of wTe Recycling and Mr. Eric Green, wTe recling Inc.'s safety officer. The information provided by the three deponents is both recently discovered and sufficient basis to support new causes of action against wTe Corporation. The three men testified that engineers from wTe Corporation undertook to draft a comprehensive safety manual for wTe Recycling, Inc. prior to Dale Vaughan's accident. Plaintiffs allege that the evidence produced at the depositions suggest that wTe Corporation assumed the responsibility of assuring safety at wTe Recycling, Inc. and that wTe Recycling Inc. relied upon wTe Corporation to provide safety guidelines.

The plaintiffs have a cause of action against wTe Corporation sounding in negligence. See, *Mendez v. Abbott Labs,* 424 F.3d 35 (1st Cir. 2005), *Muniz v. National Can Corp.,* 737 F.2d 145 (1st Cir. 1984), *Batchelder v. Borden,* 2 Mass. L. Rptr. 637 (Mass. Super. 1994). The plaintiffs have a cause of action against wTe Corporation (as well as against Occusafe, Inc.) based upon the principle enunciated in The Restatement (Second) of Torts, section 324A which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if
>
> a)  his failure to exercise reasonable care increases the risk of such harm, or
>
> b)  he has undertaken to perform a duty owed by the other to the third person, or
>
> c)  the harm is suffered because of reliance of the other or the third person upon the undertaking.

The plaintiffs have not unduly delayed bringing the proposed new claims against wTe Corporation. To the contrary, the basis for the claims against wTe Corporation was not apparent until recent discovery. The deposition of Mr. Mellen was begun on April 5, 2006 and concluded on April 6, 2006. The transcript of that deposition was delivered to plaintiffs' counsel on April 26, 2006. Technically, the transcript is not yet complete as Mr. Mellen has yet to sign the certification. The deposition of Mr. Wrisley was commenced on May 12, 2006 and has not yet been concluded. The deposition of Mr. Green was taken on May 18, 2006, a mere fours days before the service of this motion.   Transcripts of Mr. Wrisley's and Mr. Green's depositions have not yet been produced. "The fact that the moving party learned of the basis for its new allegations during discovery is a valid basis for delay in filing a motion to amend." *Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95 (D. Mass. 2001). See also, *Picker International, Inc. v. Leavitt*, 128 F.R.D. 3 (D. Mass. 1989) (Wolf, J.) (allowing amendment two months after close of discovery where the basis for the amendment was first learned during the course of discovery.)

Additionally, no undue prejudice will inure to wTe Corporation for a number of reasons. First, counsel for wTe Corporation has been present at all the depositions conducted thus far. All of the depositions have been of employees of either wTe Corporation or wTe Recycling, Inc.

Second, discovery is still in its initial stages. Paper discovery is ongoing, and other than the depositions of wTe Recycling Inc's and wTeCorporation's employees, no other witnesses or parties have been deposed. Finally, if the plaintiffs' complaint is remanded to state court, (which is more likely to occur in the event of the addition of the two Massachusetts proposed additional defendants,) discovery, limited as it has been thus far, will commence anew pursuant to a state court scheduling order, and all new defendants will have a full opportunity to participate in discovery.

The plaintiffs' argument presented above applies also to their proposed amendments adding Occusafe, Inc. as a defendant. Paper discovery, received by plaintiffs on April 25, 2006, revealed that wTe Recycling had contracted with Occusafe, Inc. for that company to prepare a schedule of and present monthly safety trainings for wTe Recycling, Inc.'s employees. The plaintiffs allege that Occusafe, Inc. was negligent in the manner in which it performed the duty it had assumed of assuring safety at wTe Recycling. The factual basis for a claim against Occusafe, Inc. was only very recently discovered by the plaintiffs. There is no undue delay, bad faith or dilatory motive in plaintiffs' motion to add Occusafe, Inc. as a party defendant.

Finally, the plaintiff urges this court to allow its motion to amend the complaint to add Republic Crane and Equipment as a party defendant. In the case of Republic Crane and Equipment, the plaintiffs have had knowledge of the basis for claims against it (based on breach of warranty arising out of Republic Crane's status as seller of the crane) for longer than they have against the other two proposed new defendants. Republic Crane and Equipment, however, has had knowledge of Dale Vaughan's accident since a few days after its occurrence. Within days of the accident wTe Recycling, Inc. notified Republic Crane of the accident, who in turn notified defendant Liebherr who came to inspect the subject crane a few days after the accident.

Plaintiffs first learned sometime after filing their complaint that Republic Crane was the distributor for Liebherr that sold the materials handler to Garbose, the original owner of the machine. Shortly thereafter, counsel for the plaintiffs informed counsel for Liebherr of their possible intention to move to amend the complaint to add Republic Crane. Counsel for Liebherr acknowledged that given the relationship between Liebherr and Republic Crane, that Liebherr would ultimately bear responsibility for Republic. Counsel for Liebherr also represented to counsel for plaintiffs that he intended to move to dismiss the Liebherr entities other than Liebherr-America. Counsel for plaintiffs suggested that plaintiffs would wait for that motion so the two motions could be heard at the same time for the convenience of the court and the parties. Liebherr has not yet served its motion to dismiss. Plaintiffs are cognizant of the provisions of Local Rule 15.1(A). Under the circumstances, plaintiffs suggest that the relatively short period of time between when they first learned the identity of Republic Crane and Equipment and the filing of their Motion to Amend the Complaint should not be fatal to their motion to add Republican Crane and Equipment.

C.    The Law of Massachusetts, Which Controls In This Case, Permits the Relation Back of the Plaintiff's Proposed Amendment.

Massachusetts Rule of Civil Procedure 15, although similar to the Federal Rule in some respects, differs markedly in the matter of relation back of amendments. Mass. R. Civ. P. 15 (c), Relation Back of Amendments, states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

The Reporters Notes to the Massachusetts Rule note that "Massachusetts practice is more liberal than Federal Rule 15(c) in allowing amendments adding or substituting party defendants after expiration of the period of limitations."

Massachusetts law would permit the relation back of the plaintiffs' amendment. It is of no consequence that the proposed additional defendants are not being added in substitution of existing parties. "There is ample authority for the proposition that where an action has been commenced before the statute of limitations has run, a plaintiff may be allowed to substitute one defendant for another after the statute of limitations has run against the proposed substitute defendant... We discern no difference in principle between permitting a plaintiff to substitute a defendant and permitting a plaintiff to add a defendant. See *Cohen v. Levy*, 221 Mass. 336, 337; *MacPherson v. Boston Edison Co.* 336 Mass. 94, 97." *Wadsworth v. Boston Gas Company*, 352 Mass. 86, 88-89 (1967).

The United States Courts of Appeals, First Circuit, held in a federal diversity action that "section 51 [G.L. c. 231, sec. 51, Amendments as to Parties, was replaced by Massachusetts Rule of Civil Procedure 15] permits the amendment adding appellees [new parties] as defendants to relate back for the purpose of the Massachusetts statute of limitations in spite of the contrary provisions of [federal] Rule 15." *Marshall v. Mulrenin*, 508 F.2d 39, 45 (1st Cir. 1974) Noting that the Supreme Court in *Hanna v. Plumer,* stated "a principle for resolving a direct conflict between *two strictly procedural rules*," (emphasis added,) the First Circuit Court of Appeals held that where a state law, "although cast in procedural terms, has a direct substantive effect," the federal rule should not be applied "to the extent, if any, that it would defeat rights arising from state substantive law as distinguished from state procedure." *Marshall v. Mulrenin*, 508 F.2d 39 at 44. See also *Pagan Velez v. Laboy Alvarado*, 145 F. Supp.2d 146,159 (D. Puerto Rico 2001)

in which the federal district court, acknowledging the recognition of the First Circuit Court of Appeals in *Pessotti v. Eagle Mfg. Co.*, 946 F.2d 974, 980 n.6, that "*Mulrenin* remains good law after the 1991 amendments to Rule 15(c)" applied the substantive law of limitation of actions of Puerto Rico. The Court held that "despite the opposite consequences of (federal) Rule 15(c)(3), Plaintiff may rely on Puerto Rico's tolling provisions, operating through Rule 15(c)(1) to add the remaining Moving Defendants."

In *Covel v. Safetech*, 90 F.R.D. 427 (D. Mass. 1981), a diversity action, the Court concluded that "Federal R. Civ. P. 15(c) properly construed, does not govern the issue presented here, was not meant to override a state law of limitation allowing more liberal relation back, and should not be applied when to do so would give it the practical effect of preempting a state relation back rule that is an integral part of the state's law of limitation of actions and is more liberal than the federal rule. Therefore, I conclude that *Erie* applies and that, in accordance with *Marshall v. Mulrenin*, Mass R. Civ. P. 15(c) governs the question of relation back in this case."

Massachusetts Rule of Civil Procedure 15, though cast as a procedural rule, operates as substantive law. Where the federal procedural rule would act to terminate a right provided under the Massachusetts substantive law, the federal rule must yield to the state substantive law. The Plaintiffs should be permitted to amend their Complaint to add the proposed defendants, and that amendment should relate back to the date of the original filing of the Complaint.

Furthermore, the Federal Rules of Civil Procedure specifically permit the relation back of the proposed amendments where Massachusetts law would permit relation back. Fed. R. Civ. P. 15(c)(1) provides: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides that statute of limitations applicable to the action.."

In a federal diversity action, the federal district court held that "as a general matter, if New Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment." *Bryan v. Associated Container Transp.*, 837 F. Supp. 633, 643 (D.N.J. 1993) (citations omitted). The court cited to the Advisory Committee notes to Rule 15 (c)(1) which state: "This provision is new. It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law... Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Bryan v. Associated Container Transp.*, supra, at 643. See also, *Pagan Velez v. Laboy Alvarado*, supra. As Massachusetts law would permit the relation back of the amendment, Massachusetts substantive law should be applied by the federal district court in this case.

IV.    CONCLUSION:

For the foregoing reasons, the plaintiffs respectfully request this Honorable Court grant their Motion to Amend the Complaint.

Respectfully Submitted,

Dale T. Vaughan, Barbara J. Vaughan, and Barbara J. Vaughan ppa Derek T. Vaughan, Plaintiffs
By their Attorney,

John J. Stobierski, Esq.
BBO# 549222
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA  01301
(413)774-2867

Dated: May 22, 2006

<u>CERTIFICATE OF SERVICE</u>

       The undersigned, an attorney, certifies that the foregoing was mailed by first class mail, postage prepaid to the following:

       For the defendant, Liebherr-International AG:

       Joseph N. Stella, Esq.
       Jeffrey W. Gunn, Esq.
       Morris & Stella
       200 West Adams, Suite 1200,
       Chicago, IL  60606

       and

       John F. Dalsey, Esq.
       Dalsey, Ferrara & Albano
       73 State Street, Suite 101
       Springfield, MA  01103

       For the defendant, Garbose Metal Company

       Paul Saltzman, Esq.
       Tucker, Heifetz & Saltzman, LLP
       Three School Street
       Boston, MA  02108

       For wTe Corporation,

       Erik Winton, Esq.
       Jackson Lewis LLP
       75 Park Plaza
       Boston, MA  02116

       For Occusafe, Inc.

       John J. Ferriter, Esq.
       Ferriter & Ferriter
       150 Lower Road, Suite 100
       Holyoke, MA  01040

       Republic Crane and Equipment Company
       333 Baxter Harris Street
       Charlotte, NC  28206-1944

on this 22ⁿᵈ day of May, 2006.

Respectfully Submitted,
Plaintiffs
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys,


John L. Stobierski, Esq.
BBO#549222
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA  01301
(413)774-2867

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

FRANKLIN, SS

CIVIL ACTION NO.

DALE T. VAUGHAN,                          )    05CV30190-MAP
BARBARA J. VAUGHAN,                       )
and BARBARA J. VAUGHAN PPA                )
DEREK T. VAUGHAN                          )
    Plaintiffs                           )
                                          )
v.                                        )
                                          )
LIEBHERR-INTERNATIONAL AG,                )
LIEBHERR-AMERICA, INC., LIEBHERR          )
MINING AND CONSTRUCTION EQUIPMENT, INC.,  )
LIEBHERR CRANE CORP., LIEBHERRR CRAWLER    )
CRANE COMPANY, LIEBHERR CONSTRUCTION      )
EQUIPMENT COMPANY, LIEBHERR MINING        )
EQUIPMENT COMPANY, LIEBHERR CRANES, INC., )
GARBOSE METAL CO., OCCUSAFE, INC.         )
wTe CORPORATION and                       )
REPUBLICAN CRANE AND EQUIPMENT            )
    Defendants                           )

## AMENDED COMPLAINT - JURY TRIAL DEMANDED

### PARTIES:

1.    The Plaintiff, Dale T. Vaughan, is a resident and citizen of the Commonwealth of

Massachusetts, residing at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

2.    The Plaintiff, Barbara J. Vaughan, is the wife of Plaintiff Dale T. Vaughan, and

resides at 289 Ashfield Rd., Buckland, Franklin County, Massachusetts.

3.    The Plaintiff, Derek T. Vaughan is the minor son of the plaintiffs Dale T.

Vaughan and Barbara J. Vaughan and is a real person residing at 289 Ashfield Rd., Buckland,

Franklin County, Massachusetts and will be represented in this action by his mother Barbara J.

Vaughan.

4.    The Defendant, Liebherr-International AG, at all material times was a manufacturing company with a headquarters at 19 Rue de l'Industrie Postfach 272 CH-1630, Bulle/FR, Switzerland and offices worldwide. Defendant Leibherr-International AG has at all material times done business in Massachusetts.

5.    Defendant, Liebherr-America. Inc. is the American corporation affiliated with Leibherr-International AG. Liebherr-America is incorporated in the Commonwealth of Virginia, and has offices at 4100 Chestnut Ave., P.O. Box Drawer O., Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

6.    Defendant, Liebherr Mining & Construction Equipment, Inc., is an American corporation affiliated with Leibherr-International AG.    Liebherr Mining & Construction Equipment, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

7.    Defendant, Liebherr Crane Corporation., is an American corporation affiliated with Leibherr-International AG.    Liebherr Crane Corporation is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News Virgina, and has, at all times relevant hereto, done business in Massachusetts.

8.    Defendant, Liebherr Crawler Crane Company is an American company affiliated with Leibherr-International AG. Liebherr Crawler Crane Company is situated in the State of Texas and has offices at 8515 Market Street, P.O. Box 15355, Houston, Texas, and has, at all times relevant hereto, done business in Massachusetts.

9.    Defendant, Liebherr Construction Equipment Company, is an American company affiliated with Leibherr-International AG.    Liebherr Construction Equipment Company is

situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

10. Defendant, Liebherr Mining Equipment Company is an American company affiliated with Leibherr-International AG. Liebherr Mining Equipment Company is situated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, P.O. Box Drawer O, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

11. Defendant, Liebherr Cranes, Inc., is an American corporation affiliated with Leibherr-International AG. Liebherr Cranes, Inc. is incorporated in the Commonwealth of Virginia and has offices at 4100 Chestnut Avenue, Newport News, Virginia, and has, at all times relevant hereto, done business in Massachusetts.

12. Leibherr-International AG, Liebherr-America, Inc., Liebherr Mining and Construction Equipment, Inc., Liebherr Crane Corp., Liebherrr Crawler Crane Company, Liebherr Construction Equipment Company, Liebherr Mining Equipment Company, Liebherr Cranes, Inc. are all Corporations which are either holding companies, corporate subsidiaries or affiliates of a multinational conglomerate corporation that designs, manufactures, sells, advertises, inspects and/or services Liebherr cranes. All corporate entities identified in paragraphs four through six shall be collectively and individually hereinafter referred to and identified as defendant "Liebherr."

13. The Defendant Garbose Metal Company is or was a Massachusetts Domestic Profit Corporation with a principal office at 155 Mill Street, Gardner, Massachusetts.

13A. The Defendant wTe Corporation is a Massachusetts business corporation with a principal address of 7 Alfred Circle, Bedford, Massachusetts.

13B.    The Defendant Occusafe, Inc. is a Massachusetts business corporation with a principal business address of 135 Mountain View Drive, Belchertown, Massachusetts.

13C.    The Defendant, Republic Crane and Equipment Company is a North Carolina business corporation with a principal address of 333 Baxter Harris Street, Charlotte, North Carolina. Republic Crane and Equipment Company has, at all times relevant hereto, done business in the Commonwealth of Massachusetts.

## PERSONAL JURISDICTION

14.    This Court has personal jurisdiction over the Defendant, Liebherr, pursuant to the Massachusetts Long Arm Statute, M.G.L. ch. 223A, §3(a), (b), (c), and (d), as the Defendant has:

a)    Transacted business in the Commonwealth of Massachusetts;
b)    Contracted to supply services or things in the Commonwealth of Massachusetts;
c)    Caused tortious injury by an act or omission in the Commonwealth; and
d)    Caused tortious injury in the Commonwealth by an act or omission outside the Commonwealth at a time when it derived substantial revenue from goods used in the Commonwealth.

14A.    This Court has personal jurisdiction over the Defendant, Republic Crane and Equipment Company, pursuant to the Massachusetts Long Arm Statute, M.G.L. ch. 223A, §3(a), (b), (c), and (d), as the Defendant has:

a)    Transacted business in the Commonwealth of Massachusetts;
b)    Contracted to supply services or things in the Commonwealth of Massachusetts;
c)    Caused tortious injury by an act or omission in the Commonwealth; and
d)    Caused tortious injury in the Commonwealth by an act or omission outside the Commonwealth at a time when it derived substantial revenue from goods used in the Commonwealth.

## FACTUAL ALLEGATIONS:

15.    Liebherr is a manufacturer of cranes which it sells throughout the world. These cranes are intended for use by waste recycling industries such as WTE, the plaintiff's employer.

16.    At all times mentioned herein, the Defendant, Liebherr, was engaged in the design, manufacture, assembly, marketing, advertising, sale, promotion, drafting of product literature and labeling, and distribution of the Liebherr crane whose defect resulted in the injury to the Plaintiff Dale T. Vaughan.

17.    On June 13, 2002, the Plaintiff, Dale T. Vaughan, was operating a Liebherr crane, 1989 Model R932EW, at WTE Recycling, his place of employment.

18.    The crane was equipped with a Liebherr hydraulic grapple.

19.    The crane was manufactured by the Defendant Liebherr, and was specifically intended by the defendant for the purpose for which it was being used.

20.    The Liebherr crane had been purchased used in April of 1998 by plaintiff's employer, WTE, from defendant Garbose, for a price of $60,000.00.

21.    Garbose operated a waste handling facility and had used the Liebherr crane in the conduct of its business.  Garbose knew or had reason to know that the crane that it was selling to WTE was to be used in a scrap handling facility.

22.    Garbose was experienced and knowledgeable with respect to the Liebherr crane, and WTE relied upon Garbose's experience and skill with the crane.

23.    The Liebherr crane equipped with a grappler was used at WTE Recycling to pick up scrap metals.

24.    While the Plaintiff, Dale T. Vaughan was operating the crane in the manner intended by the manufacturer, Defendant Liebherr, he was severely injured when a wheel was propelled through the open door of the cab of the crane, penetrating through his hard hat into his skull.

25.    The plaintiff suffered severe and traumatic brain injury as a result of the incident.

26.    The crane that the Plaintiff was using was in a defective and dangerous condition and was unreasonably dangerous and defective in design.   Said defective and dangerous condition proximately caused Plaintiff's injuries while the Liebherr crane was used for its ordinary, intended, and foreseeable purpose and in an ordinary, intended, and foreseeable manner. The injuries suffered by Plaintiff were the direct and proximate result of the defective and unreasonably dangerous product, and also of the defendant Liebherr's acts and omissions.

26A.    Defendant wTe Corporation is the parent company of plaintiff Dale T. Vaughan's employer, wTe Recycling, Inc.   wTe Recycling, Inc. is a wholly owned subsidiary of wTe Corporation.

26B.    wTe Corporation employed engineers who drafted a safety manual for wTe Recycling in 1998.   That manual provided safety guidelines for wTe Recycling and its employees.

26C.    The manual contained mandatory provisions and specified safe operating procedures for wTe Recycling, Inc.

26D.    wTe Corporation exercised affirmative steps with regard to safety at wTe Recycling.

26E.    wTe Corporation actively undertook responsibility for ensuring safety at wTe Recycling.

26F.    wTe Corporation assumed a duty to act by affirmatively undertaking to provide a safe working environment at wTe Recycling.

26G.    wTe Corporation failed to exercise reasonable care in the drafting and imposition of safety guidelines at wTe Recycling. The safety instructions provided by wTe Corporation were deficient and contributed to the occurrence of Dale Vaughan's accident.

26H.    wTe Corporation negligently provided safety assistance which was relied upon by wTe Recycling.

26I.    wTe Corporation breached its duty of care to plaintiff Dale T. Vaughan.

26J.    wTe Corporation's breach of its duty of care resulted in an increased risk of harm to plaintiff Dale T. Vaughan, and caused him to be injured and sustain severe personal injuries.

26K.    Defendant Occusafe, Inc. is in the business of providing occupational safety training and services to employers.

26L.    For several years prior to the occurrence of Dale T. Vaughan's accident, Occusafe Inc. was paid by wTe Recycling, Inc. to provide safety training services to wTe Recycling's employees.  Occusafe, Inc. developed the list of monthly safety training topics and presented monthly safety trainings.

26M.    wTe Recycling, Inc. relied upon Occusafe, Inc. to ensure, in whole or in part, the safety of wTe Recycling, Inc.'s employees.

26N.    Occusafe, Inc. failed to exercise reasonable care in its provision of safety services to wTe Recycling, Inc.

26O.    Occusafe, Inc.'s breach of its duty of care resulted in an increased risk of harm to plaintiff Dale T. Vaughan, and caused him to be injured and sustain severe personal injuries.

26P.    Defendant Republic Crane and Equipment Company is a merchant of goods of the type in which the plaintiff Dale Vaughan was injured.

26Q.    In 1989, Republic Crane and Equipment (then called Republic Alloy) purchased the Liebherr Material Handler in which Dale Vaughan was injured from defendant Liebherr-America.  Republic Crane and Equipment then sold the Material Handler to defendant Garbose Metal Company in the same year.

27.    As a result of the above, the Plaintiff, Dale T. Vaughan, was caused to sustain serious personal injuries which are permanent in nature.

28.    As a further result of the above, the Plaintiff has suffered a great loss and depreciation in his earnings and earning capacity, and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29.    As further result of the above, the Plaintiff suffered substantial bills for surgeries, hospitalizations, and medical attention as a result of the injuries he suffered, and he will incur substantial additional expenses for an indefinite time in the future, all to his great detriment and loss.

30.    As a further result of said actions of the Defendant, the Plaintiff has suffered great physical pain and mental anguish and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNTS

Each count set forth below specifically incorporates by reference herein Paragraphs 1 through 30 above, previously set forth against the Defendants.

## COUNT I
## DALE T. VAUGHAN V. LIEBHERR
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.    This is an action for breach of the implied warranty of merchantability against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to its crane, that it was merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and

damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT II
## DALE T. VAUGHAN V. LIEBHERR
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32.     This is an action for breach of implied warranty of fitness for a particular purpose against the Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted, with respect to the crane, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant breached this implied warranty of fitness for a particular purpose because the crane was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said implied warranties imposed by law.

## COUNT III
## DALE T. VAUGHAN V. LIEBHERR
## BREACH OF EXPRESS WARRANTY

33.     This is an action for breach of express warranty of fitness for a particular purpose, resulting in personal injuries, against the Defendant, Liebherr, by the Plaintiff, Dale Vaughan. Defendant expressly warranted to the plaintiff and to the general public that its product was safe, merchantable and fit for its intended purposes and uses.

34.     Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes.

35.     Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said express warranties.

## COUNT IV
## DALE T. VAUGHAN V. LIEBHERR
## NEGLIGENCE

36.    This is an action in tort for negligence, resulting in personal injuries, against the

Defendant, Liebherr, by the Plaintiff, Dale T. Vaughan. The injuries sustained by the Plaintiff

were the direct and proximate result of the carelessness and negligence of the Defendant,

including but not limited to the following;

    a.    Defendant was negligent with respect to its research and development, design, testing, manufacture, assembly, inspection, drafting and communication of product literature (including labeling, warnings, and instructions for use), marketing, promotion, advertising, sale, and/or distribution of said crane.

    b.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through labeling, product literature, and other communications which reasonable care required under the circumstances.

    c.    Defendant negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade when in the exercise of reasonable care it ought to have foreseen said product would come into contact with persons such as the plaintiff who were ignorant of its dangerous and defective nature and condition, and negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.

## COUNT V
## DALE T. VAUGHAN V. GARBOSE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37.    This is an action for breach of the implied warranty of merchantability against the

Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the

Defendant an obligation to have impliedly warranted with respect to the crane, that it was

merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied

warranty of merchantability because said product was unsafe, not of merchantable quality, and

unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VI
## DALE T. VAUGHAN V. GARBOSE
## BREACH OF IMPLIED WARRANTY OF FITNESS

38.    This is an action for breach of the implied warranty of fitness against the Defendant, Garbose, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to the crane, that it was fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT VII
## DALE T. VAUGHAN V. GARBOSE
## NEGLIGENCE

39.    This is an action in tort for negligence, resulting in personal injuries, against the Defendant, Garbose, by the Plaintiff, Dale Vaughan. The injuries sustained by the Plaintiff were the direct and proximate result of the carelessness and negligence of the Defendant, including but not limited to the following;

    a.    Defendant was negligent with respect to its sale of said crane;

    b.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through provision of the appropriate documents including the safety and use manual and printed warnings that accompanied the crane upon its sale to Garbose by the manufacturer.

## COUNT VIII
## BARBARA J. VAUGHAN V. LIEBHERR
## LOSS OF CONSORTIUM

40.    As a direct and proximate result of the Defendant, Liebherr's negligence and breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate her, plus interest and costs of this suit.

## COUNT IX
## DEREK T. VAUGHAN V. LIEBHERR
## LOSS OF CONSORTIUM

41.    Due to the negligence and breaches of warranties of the Defendant, Liebherr, Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father, Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend, Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant, Liebherr, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

## COUNT X
## BARBARA J. VAUGHAN V. GARBOSE
## LOSS OF CONSORTIUM

42.    As a direct and proximate result of the Defendant, Garbose's negligence and breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and assistance of her husband, Plaintiff, Dale T. Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of consortium against the Defendant, Garbose, in an amount fair and reasonable to compensate her, plus interest and costs of this suit.

**COUNT XI**
**DEREK T. VAUGHAN V. GARBOSE**
**LOSS OF CONSORTIUM**

43.     Due to the negligence and breaches of warranties of the Defendant, Garbose, Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father, Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his parent and next friend, Barbara J. Vaughan , demands judgment for the loss of consortium against the Defendant, Garbose, in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

WHEREFORE, the Plaintiffs, Dale T. Vaughan, Barbara J. Vaughan and Barbara J. Vaughan,  ppa Derek T. Vaughan, request that this Court award judgment against the defendants, Liebherr and Garbose; that damages be established and plaintiff be awarded same, along with costs  and interest as well as such other relief as the Court deems proper and just.

**COUNT XII**
**DALE T. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

44.     This is an action for breach of the implied warranty of merchantability against the Defendant, Republic Crane and Equipment Company, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted with respect to its crane, that it was merchantable, fit for its intended uses, and reasonably safe. The Defendant breached this implied warranty of merchantability because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to

suffer the aforesaid injury and damages as the direct and proximate result of the Plaintiff's breach of said implied warranties imposed by law.

## COUNT XIII
## DALE T. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

45.    This is an action for breach of implied warranty of fitness for a particular purpose against the Defendant, Republic Crane and Equipment Company, by the Plaintiff, Dale T. Vaughan. The applicable law imposes upon the Defendant an obligation to have impliedly warranted, with respect to the crane, that it was fit and reasonably safe for the particular purpose that it was sold to accomplish. Defendant breached this implied warranty of fitness for a particular purpose because the crane was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said implied warranties imposed by law.

## COUNT XIV
## DALE T. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY
## BREACH OF EXPRESS WARRANTY

46.    This is an action for breach of express warranty of fitness for a particular purpose, resulting in personal injuries, against the Defendant, Republic Crane and Equipment Company, by the Plaintiff, Dale Vaughan. Defendant expressly warranted to the plaintiff and to the general public that its product was safe, merchantable and fit for its intended purposes and uses.

47.    Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes.

48.    Plaintiff was caused to suffer the aforesaid injury and damages as the direct and proximate result of the Defendant's breach of said express warranties.

## COUNT XV
## DALE T. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY
## NEGLIGENCE

49.    This is an action in tort for negligence, resulting in personal injuries, against the

Defendant, Republic Crane and Equipment Company, by the Plaintiff, Dale T. Vaughan. The

injuries sustained by the Plaintiff were the direct and proximate result of the carelessness and

negligence of the Defendant, including but not limited to the following;

   a.    Defendant was negligent with respect to its marketing, promotion, advertising, sale, and/or distribution of said crane;

   c.    Defendant negligently failed to take reasonable and necessary action to adequately communicate to the ultimate user(s) of its product, including the Plaintiff, adequate warnings and instructions for use through labeling, product literature, and other communications which reasonable care required under the circumstances.

   c.    Defendant negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade when in the exercise of reasonable care it ought to have foreseen said product would come into contact with persons such as the plaintiff who were ignorant of its dangerous and defective nature and condition, and negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.


## COUNT XVI
## BARBARA J. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY
## LOSS OF CONSORTIUM

50.    As a direct and proximate result of the Defendant, Republic Crane and Equipment

Company's negligence and breaches of warranties, Plaintiff, Barbara J. Vaughan, was caused to

lose the care, comfort and society, aid and assistance of her husband, Plaintiff, Dale Vaughan.

   WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, Republic Crane and Equipment Company, in an amount fair

and reasonable to compensate her, plus interest and costs of this suit.

## COUNT XVII
## DEREK T. VAUGHAN V. REPUBLIC CRANE AND EQUIPMENT COMPANY
## LOSS OF CONSORTIUM

51.    Due to the negligence and breaches of warranties of the Defendant, Republic

Crane and Equipment Company, Plaintiff Derek T. Vaughan, was caused to lose the care,

comfort, aid and assistance of his father, Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend,

Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant,

Republic Crane and Equipment Company, in an amount fair and reasonable to compensate him,

plus interest and costs of this suit.

## COUNT XVIII
## DALE T. VAUGHAN V. wTe CORPORATION
## NEGLIGENCE

52.    This is an action in tort for negligence, resulting in personal injuries, against the

Defendant, wTe Corporation, by the Plaintiff, Dale Vaughan. The injuries sustained by the

Plaintiff were the direct and proximate result of the carelessness and negligence of the Defendant

in the performance of the duties it undertook of providing for safety at wTe Recycling, Inc.

## COUNT XIX
## BARBARA J. VAUGHAN V. wTe CORPORATION
## LOSS OF CONSORTIUM

53.    As a direct and proximate result of the Defendant, wTe Corporation's negligence,

Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and

assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of

consortium against the Defendant, wTe Corporation, in an amount fair and reasonable to

compensate her, plus interest and costs of this suit.

## COUNT XX
## DEREK T. VAUGHAN V. wTe CORPORATION
## LOSS OF CONSORTIUM

54.    Due to the negligence of the Defendant, wTe Corporation, Plaintiff Derek T.

Vaughan, was caused to lose the care, comfort, aid and assistance of his father, Plaintiff Dale T.

Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend,

Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant, wTe

Corporation, in an amount fair and reasonable to compensate him, plus interest and costs of this

suit.


## COUNT XXI
## DALE T. VAUGHAN V. OCCUSAFE, INC.
## NEGLIGENCE

55.    This is an action in tort for negligence, resulting in personal injuries, against the

Defendant, Occusafe, Inc. by the Plaintiff, Dale Vaughan. The injuries sustained by the Plaintiff

were the direct and proximate result of the carelessness and negligence of the Defendant in the

safety training and provision of safety consulting that Occusafe, Inc. provided to wTe Recycling,

Inc., for the benefit and protection of employees of wTe Recycling, Inc, including the plaintiff.

## COUNT XXII
## BARBARA J. VAUGHAN V. OCCCUSAFE, INC.
## LOSS OF CONSORTIUM

56.    As a direct and proximate result of the Defendant, Occusafe, Inc.'s negligence,

Plaintiff, Barbara J. Vaughan, was caused to lose the care, comfort and society, aid and

assistance of her husband, Plaintiff, Dale Vaughan.

WHEREFORE, Plaintiff, Barbara J. Vaughan demands judgment for the loss of consortium against the Defendant, Occusafe, Inc., in an amount fair and reasonable to compensate her, plus interest and costs of this suit.

## COUNT XXIII
## DEREK T. VAUGHAN V. OCCUSAFE, INC.
## LOSS OF CONSORTIUM

57.    Due to the negligence and breaches of warranties of the Defendant, Occusafe, Inc., Plaintiff Derek T. Vaughan, was caused to lose the care, comfort, aid and assistance of his father, Plaintiff Dale T. Vaughan.

WHEREFORE, Plaintiff, Derek T. Vaughan, by and through his mother and next friend, Barbara J. Vaughan, demands judgment for the loss of consortium against the Defendant, Occusafe, Inc., in an amount fair and reasonable to compensate him, plus interest and costs of this suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

Respectfully Submitted,
Dale T. Vaughan, Barbara J. Vaughan
Barbara J. Vaughan, ppa Derek T. Vaughan,
By Their Attorneys,

John J. Stobierski, Esq.
BBO#549222
Danielle J. Barshak, Esq.
BBO # 553347
Stobierski & Stobierski
377 Main Street
Greenfield, MA  01301
(413)774-2867
Dated:  May 22, 2006