UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER 3:05-CV-30190


FILED
2006 JUN 28  P 4: 17
U.S. DISTRICT COURT

DALE T. VAUGHAN,
BARBARA VAUGHAN, and
BARBARA J. VAUGHAN PPA
DERRICK T. VAUGHAN,

      Plaintiffs,

v.

LIEBHERR-INTERNATIONAL AG,
LIEBHERR-AMERICA, INC.,
LIEBHERR MINING AND CONSTRUCTION EQUIPMENT, INC.,
LIEBHERR CRANE CORPORATION,
LIEBHERR CRAWLER CRANE COMPANY,
LIEBHERR CONSTRUCTION EQUIPMENT COMPANY,
LIEBHERR MINING EQUIPMENT COMPANY,
LIEBHERR CRANES, INC., and
GARBOSE METAL COMPANY,

      Defendants.

---

## VERIFIED OPPOSITION AND MEMORANDUM OF PROPOSED ADDITIONAL DEFENDANT, OCCUSAFE, INC., IN OPPOSITION TO PLAINTIFFS' MOTION TO ADD NEW PARTY DEFENDANTS

---

      COMES NOW OCCUSAFE, Inc. (Occusafe), a proposed additional defendant in the above-titled action, through counsel, and in opposition to the Plaintiffs' Motion to Amend Complaint to Add New Party Defendants heretofore filed in this case, respectfully presents unto the Court as follows:

1

## **FACTUAL BACKGROUND**

As outlined in the Plaintiffs' Memorandum of Law in Support of Their Motion to Amend the Complaint to Add New Party Defendants, this is a personal injury action filed on June 10, 2005 in which the Plaintiffs seek to recover for personal injuries sustained by Plaintiff Dale T. Vaughan in an industrial accident that took place on June 13, 2002.

Plaintiffs' Memorandum of Law in Support of Their Motion to Amend the Complaint to Add New Party Defendants acknowledges that the statute of limitations governing this action expired over one year ago, but nevertheless seeks to add three additional party defendants, including Occusafe, on the ground that the Plaintiffs just recently discovered that Occusafe, and two other entities might have some potential liability to the Plaintiffs in this action.

For the reasons set forth hereinbelow, the proposed additional defendant, Occusafe, respectfully submits that the Plaintiffs failed to exercise due diligence in their investigation of the underlying incident so as to learn of the potential liability of defendant Occusafe prior to the expiration of the three-year statute of limitations, thereby precluding the addition of Occusafe as a defendant at this late date. Occusafe also submits that it would be prejudiced in its ability to obtain critical evidence at this late date, if the Court were to allow it to be added as a defendant, thereby precluding the proposed addition of Occusafe as a new party defendant. Accordingly, the Plaintiffs' Motion to add new party defendants should be denied.

## ARGUMENT

### UNDER CONTROLLING FIRST CIRCUIT AUTHORITY, THE PLAINTIFFS' MOTION TO ADD NEW DEFENDANTS ONE YEAR AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS, WITHOUT ADEQUATE EXPLANATION FOR THE DELAY, REQUIRES DENIAL OF THE MOTION.

As the Plaintiffs themselves explain it in their Memorandum of Law in Support of Their Motion to Amend the Complaint to Add New Party Defendants, the injury suffered by Mr. Vaughan on June 13, 2002 was not a hidden, festering injury which took an extended period of time to manifest after the injury date. On the contrary, according to the Plaintiffs' Memorandum, on June 13, 2002, Plaintiff Dale Vaughan suffered severe dramatic brain injury when a piece of scrap metal was projected through the open cab door of a materials handler CRANE —a piece of <u>heavy equipment</u> that Mr. Vaughan was operating—and struck Mr. Vaughan in the head with great force, causing severe injury. This material handler has a cab that is approximately 70 feet above the ground and a boom that reaches approximately 100 feet from the cab. This is a big rig. Plaintiffs' description of the incident makes it perfectly clear that the tragic injuries suffered by Mr. Vaughan on that date were immediately and unmistakably apparent. Notwithstanding the immediate manifestation of serious injury, the Plaintiffs did not commence this action until three years after the incident complained of—i.e., the action was not commenced until June 10, 2005—three days prior to the expiration of the applicable statute of limitations.

3

Now, four years after the date of the incident in question, and one year after the expiration of the applicable statute of limitations, the Plaintiffs seek to add additional parties as defendants, notwithstanding the bar of the statute of limitations, and to have this Court simply ignore the statute of limitations, on the ground that the Plaintiffs just recently discovered the potential liability of the proposed additional defendants, including Occusafe.

The Plaintiffs' Memorandum does not offer any explanation as to why it took the Plaintiffs four years to discover that the proposed additional defendants might have some liability in this matter. Indeed, the Plaintiffs' original Complaint in this action indicates that in the three years that elapsed between the date of the incident at issue and the date of filing of the Plaintiffs' original Complaint, the Plaintiffs conducted a broad investigation into the incident in question, with a view toward determining the identities of potentially liable defendants; the Plaintiffs' <u>original Complaint names no fewer than nine separate entities as Defendants</u>. Nevertheless, the Plaintiffs' Memorandum offers no reasonable explanation as to why their initial investigation—obviously conducted within three years of the incident in question—failed to discover the potential liability of the proposed additional defendant, Occusafe.

In addition, the Plaintiffs' Memorandum neglects to mention certain additional critical facts. First of all, at the time of the incident in question, Plaintiff, Dale Vaughan, was working for wTe Recycling, Inc. (wTe). Following the incident, Mr. Vaughan began receiving workers' compensation from wTe Recycling, so that even after the incident at issue he maintained a relationship with his employer, wTe Recycling. Because of the employer-

employee relationship, Massachusetts workers' compensation law precluded Mr. Vaughan from bringing a civil action against his employer, wTe Recycling. M.G.L. c. 152. However, in conducting their broad investigation of this matter with a view toward commencing the instant lawsuit, the Plaintiffs obtained information from wTe Recycling, with respect to who might be potentially liable parties in a personal injury action. It was from Mr. Vaughan's employer, wTe Recycling, that the Plaintiffs obtained the identities of the nine originally named Defendants, who were named in the original complaint which was filed just prior to the expiration of the statute of limitations.

In conducting the accident investigation, it is inconceivable how the Plaintiffs could have failed to identify the proposed additional defendant, Occusafe, an occupational safety training contractor, as another potentially liable defendant. At all relevant times, including the three years following the incident and prior to the expiration of the limitations period, wTe Recycling had, in its possession, full documentation of the occupational safety instruction that Occusafe provided to wTe Recycling's employees, pursuant to wTe Recycling's contract for the same with Occusafe—including documentation recording which wTe Recycling employees had received which types of basic safety instruction from Occusafe, and when. None of Occusafe's basic training involved complicated cranes, heavy equipment or big rigs. This is the information upon which the Plaintiffs now seek to hold Occusafe liable in the instant action, and this information could have or should have been discovered by the Plaintiffs prior to the expiration of the three-year statute of limitations, just as the Plaintiffs—

through their investigation with wTe Recycling—learned, within three years of the incident in question, of the identities and potential liability of the nine originally named and timely sued Defendants. In fact, Mr. Vaughan himself attended many safety related seminars lasting about one hour conducted by Occusafe on basic topics such as fire prevention, hazardous chemical communication, personal hygiene issues, hand and portable power tools, slips/trips/falls and ladder safety. Safety related training offered by Occusafe were based on general applications and accepted OSHA safety related subjects. wTe Recycling was responsible for performing on-site job specific hazard assessment, drafting site specific procedures and conducting job-specific training as appropriate to the job classifications or employee(s) as well as continually monitoring the effectiveness of training offered by Occusafe, wTe trainer(s) and other outside contractors. Occusafe was never asked by wTe to provide training on any subject related to crane or heavy equipment operation nor related site safety issues germane to crane operation/heavy equipment and associated workplace hazards. See Affidavit of Occusafe President Diane Malachowski attached hereto and incorporated herein. In fact, crane operators require special training and licensing that wTe provided itself or through contractors other than Occusafe. Occusafe was not, and is not, qualified to train regarding job specific advanced topics like cranes or heavy equipment or related workplace hazards.

In addition to the foregoing, the Plaintiffs' Memorandum neglects to mention that at least two key trainers for Occusafe, Inc., who would have critical evidence with respect to the alleged liability of Occusafe and the incident in question, have, in the long intervening period

between the incident in question in June 2002 and the present time, severed their relationship with Occusafe, and one also left the area. Accordingly, if Occusafe were named as an additional defendant at this late date, Occusafe would be unable to obtain critical evidence from these former trainers. In addition, at least one of the former trainers has not only left Occusafe and left Massachusetts in the intervening period, but this trainer left Occusafe under less than amicable circumstances. Thus, even if this trainer could be located, it is likely that any testimony that he might now offer, at this late date, pertinent to the instant cause of action, would be colored and affected by the unpleasant circumstances of his departure from Occusafe, and would therefore be tainted, even if obtainable.

The proposed additional defendant, Occusafe, Inc., respectfully submits that the foregoing facts manifestly establish that (1) the Plaintiff failed to exercise reasonable diligence to discover the identity and potential liability of Occusafe, Inc., within the three-year statute of limitations, and (2) if this Court were to add Occusafe, Inc., as an additional party defendant at this late date—more than four years after the incident in question, and more than one year after the expiration of the applicable statute of limitations—Occusafe, Inc., would be unable to obtain evidence critical to its defense due to the long intervening delay, and would accordingly be prejudiced in its ability to mount a defense to the Plaintiffs' claims. Occusafe, Inc., respectfully submits that, under First Circuit authority, either of these two factors alone would be sufficient to warrant denial of the Plaintiffs' Motion to add Occusafe as a defendant at this late date. Occusafe further submits that the cumulative effect of both of these two

factors removes any doubt as to the impropriety of adding Occusafe as an additional defendant, and that the Plaintiffs' Motion to add Occusafe as an additional defendant should be denied.

In *Pessotti v. Eagle Mfg. Co.*, 946 F.2d 974 (1st Cir. 1991), the United States Court of Appeals for the First Circuit—applying Massachusetts "relation-back" law—held that where a plaintiff sought to add an additional party defendant to his personal injury suit after the expiration of the governing statute of limitations, Massachusetts law does not permit the addition of the proposed new defendant after such an extended period of time, where the facts indicated (1) that the plaintiff could have discovered the potential liability of the proposed additional defendant prior to the expiration of the governing statute of limitations, in the exercise of reasonable diligence, and (2) that, due to the long intervening lapse of time, evidence which might have been available to the proposed additional defendant in defense of the action, had the defendant been notified sooner of the claims against it, was no longer available to the defendant due to intervening circumstances, thereby prejudicing the proposed additional defendant.

In *Pessotti v. Eagle Mfg. Co.*, the plaintiff was injured in a household accident in 1979, and thereafter brought a personal injury/products liability suit to recover for his injuries in 1980. The statute of limitations expired in 1982 as to some of the plaintiff's claims and in 1983 as to others. In 1985, more than a year after the expiration of the longest statute of limitations, and more than five years after the date of the accident, the plaintiff sought to amend his complaint to add an additional party defendant. The district court denied "relation

back" of the amendment and dismissed the plaintiff's claims against the proposed additional defendant as time-barred, and the United States Court of Appeals for the First Circuit affirmed. In affirming, the First Circuit found that the plaintiff had not exercised <u>reasonable diligence</u> in learning of the identity of the proposed additional defendant prior to the expiration of the governing limitations periods, and found that the proposed additional defendant would be <u>prejudiced</u> if added as a defendant at such a late date, because intervening circumstances had hampered the ability of the proposed additional defendant to mount a defense to the action.

In *Pessotti*, the First Circuit applied Massachusetts relation-back law in reaching this determination. In this regard, the First Circuit held that, although the point was not absolutely free from doubt, it appeared that, under Massachusetts law, either undue delay in discovering the proposed additional defendant, alone, or prejudice to the proposed additional defendant, alone, was a sufficient ground to deny the motion to add an additional defendant after expiration of the governing limitations period. The court went on to find that, under Massachusetts law, the presence of both undue delay and prejudice unquestionably required denial of a motion to add a proposed additional defendant. In this regard, the appellate court in *Pessotti* reasoned, in pertinent part, as follows:

> Massachusetts cases appear to provide that "undue delay" alone is a sufficient reason to deny the amendment of a complaint, and that an explicit showing of some other factor such as prejudice is not required. The Supreme Judicial Court recently held that "unexcused delay in seeking to amend is a valid basis for denial of a motion to amend." *Mathis v. Massachusetts Electric Co.*, 409 Mass. 256, 265, 565 N.E.2d 1180, 1185 (1991). Furthermore, the Massachusetts Appeals Court has held that "[t]he policies which support the extinguishment of claims after limitations periods speak against allowing such amendments against new defendants." *Christopher v. Duffy*, 28 Mass. App. 780, 785, 556 N.E.2d 121, 124 (1990). One of the policies of a statute of

9

> limitations is that a bright line cutoff is needed because one can never be sure whether or not the passage of time has prejudiced a defendant. This policy would, of course, counsel against requiring an explicit showing of prejudice. Nevertheless, because Massachusetts law on this question is not completely settled, we shall assume for present purposes that prejudice as well as undue delay is required before a court may deny an amendment under these circumstances....
>
> The district court expressly found that Eagle "was prejudiced by undue delay." ... [A] combination of prejudice and undue delay is sufficient reason under Massachusetts law for a court to refuse to allow an amendment.

*Id.* at 980-81.

Applying the foregoing authority to the facts of the instant case, the proposed additional defendant, Occusafe, Inc., respectfully submits that the Plaintiffs could have discovered the identity and potential liability of Occusafe long before the expiration of the governing statute of limitations, if they had exercised <u>reasonable diligence</u> in this regard, and that the Plaintiffs' failure to do so warrants a denial of the Plaintiffs' Motion to add Occusafe as an additional defendant in this action. In addition, Occusafe respectfully submits that, because the long intervening delay between the incident in question and the Plaintiffs' request to add Occusafe as a defendant has *prejudiced* Occusafe's ability to gather critical evidence, the Plaintiffs' Motion to add Occusafe as an additional defendant should be denied. Finally, Occusafe submits that the cumulative effect of the presence of both undue delay and prejudice removes any doubt, and requires denial of the Plaintiffs' Motion to add Occusafe as an additional defendant in this action.

The Plaintiff argues that Massachusetts law, in the form of G.L. c. 231, § 51, and Mass. R. Civ. P. 15(c), is more "liberal" in allowing amendment to the complaint that relates

back for limitations purposes than is the federal counterpart, Fed. R. Civ. P. 15, a proposition with which Occusafe has no quarrel, at least in the abstract. That Massachusetts, not federal, law should apply to determine the "relation-back issue" for amended pleadings was resolved by the First Circuit in *Pessotti*. Absent relation back, the claim against Occusafe clearly would be time-barred by virtue of G.L. c. 260, § 2A if newly filed.

The authorities agree that the First Circuit applies state law where the state law would permit relation back, even though Fed. R. Civ. P. 15(c) would appear to bar relation back. 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1503 at 174-75 (1990). As always, the devil is in the details, and here, the detail involves how the general rule of relation back applies in this case when a party (Occusafe) is added despite the bar of limitations. Although Massachusetts law was not clear at the time, the First Circuit assumed that, under Massachusetts law, both undue delay and prejudice must be demonstrated before a new defendant could resist being added to the claim on the ground of the bar of limitations. *See Pessotti v. Eagle Mfg. Co.*, 946 F.2d at 980 ("[B]ecause Massachusetts law on this question is not completely settled, we shall assume for present purposes that prejudice as well as undue delay is required before a court may deny an amendment under these circumstances"). Subsequent authority has borne out the First Circuit's prediction of Massachusetts law.

To argue, as Plaintiffs do here, that the Massachusetts relation-back rule is liberal simply begs the question. *See Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrimination*, 431 Mass. 655, 673, 729 N.E.2d 1068, 1082 (2000) ("While the rules of 'relation back' are liberal . . . they are not so broad as to encompass any claim that was known

11

to the complainant that could have been brought in a timely fashion"), *overruled on other grounds by Stonehill College v. Massachusetts Comm'n Against Discrimination*, 441 Mass. 549, 562, 808 N.E.2d 205, 216 (2004). There are cases where the amendment adding a party relates back, and there are cases were it does not. This case falls within the latter category as one where the claim against Occusafe "could have been brought in a timely fashion."

The courts following *Pessotti* have struggled to identify factors that are aimed at informing the decision whether to allow the amendment. The authorities recognize that adding a party against whom the claim could not otherwise be asserted because of the bar of limitations exposes that added defendant to possible liability without having had the benefit of an earlier opportunity to prepare its defense to the claim on the merits. This disability arises in a variety of contexts, but the courts are always alert to the potential prejudice inherent in relating back otherwise time-barred claims.

> Various factors inform a decision to permit amendment and joinder under [Massachusetts] rules 15 and 17(a). Such factors include (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party. See 6A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure § 1555, at 413-414 (2d ed.1990 & Supp. 2000).

*Conneely v. Butterworth Jetting Systems, Inc.*, 219 F.R.D. 25, 27 (D. Mass. 2003) (quoting *Berman v. Linnane*, 434 Mass. 301, 304, 748 N.E.2d 466, 470 (2001)) (footnote omitted).

In *Conneely v. Butterworth Jetting Systems, Inc.*, the identity of the party to be added was not even identified until discovery was well under way. Various deponents, for example,

12

were able only to speculate about the identity of the manufacturer of the component of the product that caused the injury about which plaintiff complained. 219 F.R.D. at 27 ("It was not until August 29, 2002, over one year after this action was instituted, that a deponent 'guessed' in his testimony that the lance/gun used with the hydroblaster was manufactured by NLB Corp. . . . Similarly, by letter dated October 11, 2002, the plaintiffs were advised by counsel for defendant Technical Services, Inc. that her client's 'best guess' was that the lance/gun was an NLB product"). Here, of course, the fact that Occusafe had conducted general applications safety seminars was known at or around the time suit was originally filed in this case or could easily have been discovered through document production and/or depositions. In the context of this case, the training that Vaughan received or did not receive should have alerted counsel to a possible claim against Occusafe.

That there has been undue delay by Plaintiffs in adding Occusafe as a defendant cannot plausibly be disputed. Occusafe's involvement in providing training to wTe Recycling was commonly and widely known. The self-evident purpose for Plaintiffs' conducting discovery of Vaughan's employer was to identify potential defendants, inasmuch as workers' compensation barred suit against his employer. Occusafe, wTe Recycling's occupational safety training contractor, could easily have been identified, since its name and logo appeared prominently in the training materials and documentation used by wTe Recycling's employees, including Vaughan. Now, years later, witnesses who would otherwise have been available to Occusafe are gone and no longer available. Occusafe has been placed at a severe disadvantage in defending the claims asserted against it, when this misfortune could have been so easily avoided by timely adding Occusafe as a defendant months or years ago.

13

The main emphasis is that Occusafe had no involvement in safety issues or training related to the crane, its' function specific operations, crane operators' job specific training or related workplace hazards at wTe. Occusafe and wTe were in agreement that brief annual toolbox safety meetings on general applications topics, delivered to a general employee audience, did not constitute, or substitute for, a comprehensive site safety management system for wTe employees or the facility operations, and Occusafe was never contracted to assist wTe with such. wTe assumed full responsibility for on-site safety programs, job and site hazard assessment, job specific training and compliance with accepted occupational safety standards, both State and Federal. Crane operators in Massachusetts have specific criteria for job specific training, experience, competency and licensing, and Occusafe never conducted this highly specialized training at wTe or for any other client. Any crane and related workplace safety issues and training, by the understanding of Occusafe, was conducted and documented by wTe employees.

This is not a case where the manufacturer of an allegedly defective product, and who ultimately may be liable, is only recently identified. The claim against Occusafe is tangential to the claims of the main demand against those who are asserted to be the source of Vaughan's injury. Accordingly, the amendment adding Occusafe as a defendant should not be allowed.

## REQUEST FOR ORAL ARGUMENT

The proposed additional defendant, Occusafe, respectfully requests oral argument regarding this Motion to Amend, because it believes oral argument and the ability to ask questions will aid the Court in its delegation of the issues raises.

## CONCLUSION

For the foregoing reasons, the proposed additional defendant, Occusafe, submits that the court should deny the Plaintiffs' motion to add Occusafe as an additional party defendant in this action after a hearing on the matter.

## VERIFICATION AND ATTESTATION

I, Diane C. Malachowski, President of Occusafe, Inc., hereby swear and affirm that I have read the foregoing document, that I have personal knowledge of the matters alleged herein, and that I believe the allegations to be true.

Signed under the pains and penalties of perjury this 28 day of June, 2006.

Diane C. Malachowski, President
Occusafe, Inc.

Date: June 28, 2006

Respectfully submitted,

John J. Ferriter, Esquire, BBO# 547474
Ferriter & Ferriter LLC
150 Lower Westfield Road
Holyoke, MA  01040
Telephone: (413) 535-4200
Counsel for proposed additional defendant,
Occusafe, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above document on all parties of record on this day.

P:\JJF\O\OCCUSAFE\Pleadings\Opposition and Memo-Motion to Amend 6-13-06.doc